IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Donald Palmer, | : | |
|    Petitioner, | : | Case No. 00-CV-882 |
| vs. | : | Judge Rose |
| Margaret Bagley, Respondent | : | Magistrate Judge Merz |
|    Warden. | : | |

**RESPONDENT'S MOTION TO DENY ADMISSION OF PETITIONER'S
EXHIBITS PROFFERED AT EVIDENTIARY HEARING**

Respondent moves this Court to deny the admission of Petitioner's exhibits B, C, D and E proffered at the September 15, 2003 evidentiary hearing. These exhibits were also attached to Petitioner's Post-Evidentiary Hearing Brief (Doc. 74). The reasons for these motions are explained in the attached memorandum.

                                                   Respectfully submitted,

                                                   JIM PETRO
                                                   Ohio Attorney General

                                                   <u>s/ Jonathan R. Fulkerson</u>
                                                   JONATHAN R. FULKERSON (0068360)
                                                   Assistant Attorney General
                                                   30 East Broad Street
                                                   23rd Floor, Capital Crimes Section
                                                   Columbus, Ohio 43215
                                                   (614) 728-7055, Fax (614) 728-8600
                                                   JFulkerson@ag.state.oh.us

**MEMORANDUM**

I.   **Introduction & Procedural Posture**

On February 26, 2001, Petitioner filed a motion for an evidentiary hearing. (Doc. 26). The evidentiary hearing was held and consisted of partial live testimony and agreed-upon deposition testimony in lieu of live testimony. (Docs. 67, 68, 70) Following the evidentiary hearing, Petitioner filed a post-hearing brief which included the declaration of Psychologist Dr. Robert L. Smith. (Doc. 74). This Court granted Respondent's motion to continue the hearing in order to produce Dr. Smith for cross-examination. (Doc. 88). The hearing was continued and Dr. Smith testified before the Court on September 15, 2003.

Petitioner called Dr. Smith in support of his claim that trial counsel was ineffective for failing to argue an alternative theory of mitigation. Dr. Smith, who admitted that he conducted no independent testing of Palmer, reviewed Palmer's old medical records and concluded that Palmer had a personality disorder at the time of trial.

Attached to Petitioner's post-hearing brief (Doc. 74) were certain exhibits not introduced at trial including medical records and pages of transcript testimony from the case of State of Ohio v. Edward Allan Hill, Belmont County Court of Common Pleas Case No. 89-CR-039. (Doc. 74, Exhibit E). In addition to being filed with the post-hearing brief, Petitioner moved these exhibits into evidence at the September 2003 hearing. The exhibits, which were reviewed by Dr. Smith, are the subject of this objection and purport to be Palmer's 1987 medical records from the Ohio Valley Medical Center (Exhibit B), 1987 medical records from Riverside Hospital (Exhibit C), 1989

medical records from Belmont Community Mental Health Services (Exhibit D) and a small portion of a transcript of co-adventurer Hill's suppression hearing (Exhibit E).

Petitioner's claim of ineffective assistance of trial counsel, and about two dozen sub-claims, were raised in the Petition as claim fifteen and were addressed in the Return of Writ (Doc. 21) which is incorporated by reference. As of the filing of this motion, the transcript of the September 2003 hearing has not been filed.

Respondent objects to the admission of the exhibits attached to Petitioner's post-hearing brief for the reasons that follow.

## II.    Argument

### A.    Standard of Review

The admission of evidence on defaulted claims that Petitioner failed to develop in state court is governed by 28 U.S.C. 2254(e) and <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992). The statute provides as follows:

> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>   (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, **the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--**
>     (A) the claim relies on--
>       (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>       **(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and**
>       **(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.**

28 U.S.C. 2254(e) (emphasis added).

In <u>Michael Williams v. Taylor</u>, 529 U.S. 420 (2000), the Supreme Court construed Section 2254(e)(2)(A)(ii) to codify in part the "due diligence" standard of <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992), noting specifically its determination in <u>Keeney</u> that "there was no reason 'to distinguish between failing to properly assert a federal claim in state court and failing in state court to properly develop such a claim.'" See <u>Michael Williams v. Taylor</u>, 529 U.S. at 533, <u>quoting Keeney</u>, 504 U.S. at 8.

The test for "failed to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in the state court. <u>Williams</u>, 529 U.S. at 432; <u>Thompson v. Bell</u>, 315 F.3d 566, 594 (6th Cir. 2003). Diligence for purposes of § 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court." <u>Williams</u>, 529 U.S. at 435; <u>Thompson</u>, 315 F.3d at 594. If the petitioner did not fail to develop the facts in the state court, then the district court may hold an evidentiary hearing. <u>Williams</u>, 529 U.S. at 433; <u>Thompson</u>, 315 F.3d at 594.

The United States Court of Appeals for the Sixth Circuit has also held that "a finding of diligence would 'depend[] upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court.'" <u>Sawyer v. Hofbauer</u>, 299 F.3d 605, 610 (6th Cir. 2002) (<u>citing Williams</u>, 529 U.S. at 435).

B.     **Palmer's failure to introduce records in state court.**

Petitioner has not asserted, let alone shown, that this Court should consider the evidence which he failed to present in some form to the state courts. Petitioner is thus not entitled to present this evidence to this Court. Valdez v. Ward, 219 F.3d 1222, 1230 (10th Cir. 2000), cert. denied, 121 S. Ct. 1618 (2001). No "live" hearing was required in state court to present this paper evidence that was clearly available before Palmer's trial; the evidence could have been authenticated with an affidavit and attached to Palmer's post-conviction petition. A habeas court may only consider evidence that was "not available at trial and could not have been discovered earlier through the exercise of due diligence." Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc). Of course, none of the evidence which Palmer seeks to add to the record shows that he would not have been found guilty of the underlying offense. 28 U.S.C. 2254(e)(2)(B).

Petitioner has not shown why these fifteen year-old records and transcripts were not submitted to the state courts in the first instance. The transcript of Mr. Hill's suppression hearing predates Palmer's direct appeal and post-conviction action and could have been added to the record. Palmer's medical records utilized by Dr. Smith predate Palmer's trial. Petitioner has not exercised due diligence with respect to presenting these materials to a court for review as evidence.

Review of these exhibits by this Court after failing to present them to state court violates the spirit of the 28 U.S.C. 2254(d). This Court must determine whether the state court's application of the law was "unreasonable." By reviewing materials not submitted or not properly submitted to the state courts, this Court is in effect passing judgment on a evidence that the state courts did not have the opportunity to review. This evasive review

rewards withholding evidence and is not what the Supreme Court intended when it required habeas petitions to be diligent in raising claims.

C.     **The incompleteness of Exhibit E**

Additionally, the "Rule of Completeness" as set forth in Federal Rule of Evidence 106, the Hill transcript is incomplete on its face. It contains numerous missing pages and only selectively cites to facts that Petitioner deems favorable. At the least, the *entire* transcript of the suppression hearing must be produced by Petitioner. Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171 n. 14 (1988). If the complete transcript is not produced, it should be summarily excluded. Additionally, there is an admittedly unauthenticated summary appended to the first page of the transcript which should not be admitted into the record. Petitioner's counsel at the September 2003 hearing was unable to state how the summary was produced.

**III.   Conclusion**

This Court should deny Petitioner's request to admit Exhibits B, C, D and E to his post-hearing brief into the record.

                                        Respectfully submitted,

                                        JIM PETRO
                                        Ohio Attorney General

                                        <u>s/ Jonathan R. Fulkerson</u>
                                        JONATHAN R. FULKERSON (0068360)
                                        Assistant Attorney General
                                        30 East Broad Street
                                        23rd Floor, Capital Crimes Section
                                        Columbus, Ohio 43215
                                        (614) 728-7055
                                        Fax (614) 728-8600
                                        JFulkerson@ag.state.oh.us

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent by the electronic filing system on this 7th day of October, 2003 to:

Keith A. Yeazel
65 South Fifth Street
Columbus, Ohio 43215
yeazel@netwalk.com

Michael J. O'Hara
O'Hara, Ruberg, Taylor, Sloan & Sergent
P.O. Box 17411
25 Crestview Hills Mall Road, Suite 201
Crestview Hills, KY 41017
mohara@ortlaw.com

Counsel for Petitioner

                                              s/ Jonathan R. Fulkerson
                                              Jonathan R. Fulkerson     (0068360)
                                              Assistant Attorney General