UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD L. PALMER,
         Petitioner,

-V-                                            Case No.  C-1-00-882
                                                 Judge Rose
                                                 Magistrate-Judge Merz

MARGARET A. BAGLEY, Warden,
         Respondent.

PETITIONER'S MEMORANDUM CONTRA RESPONDENT'S
MOTION TO DENY ADMISSION OF EXHIBITS PROFFERED
AT EVIDENTIARY HEARING

## I.    INTRODUCTION

At Respondent's behest, Petitioner produced Dr. Smith at a continuation of the evidentiary hearing.  Respondent is now attempting to have the Court exclude consideration of Exhibit B (Ohio Valley Medical Center–psychiatric records), Exhibit C (Riverside Methodist Hospital records), Exhibit D (Community Mental Health Services records) and Exhibit E (excerpt of transcript of co-Defendant Suppression Hearing).  These documents were relied upon by Dr. Smith in presenting his professional opinions.  Respondent makes two arguments: 1) that Petitioner failed to exercise "due diligence" to present these Exhibits to the trial court in Petitioner's post-conviction relief proceedings; and 2) that Exhibit E, an excerpt  of the transcript from the suppression hearing held in the case of Petitioner's co-defendant is "incomplete."  For the reasons set forth below Respondent's position is untenable and the motion should be denied.

## II.  ARGUMENT

### A.  Respondent has waived arguments concerning the admissibility of the Exhibits B, C, D, & E.

Respondent has waived any argument concerning the admissibility of Dr. Smith's exhibits. As the Court will recall, in Respondent's motion to strike Dr. Smith's declaration, she requested that "the court should continue the evidentiary hearing and order petitioner to produce his witness for cross-examination." Respondent wanted live testimony, whereas Petitioner properly sought to expand the record under Habeas Rule 7 with Dr. Smith's declaration and materials reasonably relied upon by him to support the bases of his professional opinions. Respondent opposed the motion to expand the record and asked this Court to re-open the evidentiary hearing so that Respondent could have the opportunity to cross-examine Dr. Smith regarding the bases of his opinions. Thus, Respondent has waived any argument under 28 U.S.C. § 2254(e) and *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992) that Petitioner was not diligent in presenting the information to a state court.

As mentioned, the Exhibits at issue were the subject to Petitioner's previous Motion to Expand the Record under habeas Rule 7. (Doc. 75). Petitioner has demonstrated in his Memoranda in support of that motion that these exhibits may be fully considered by this Court on the merits. (See especially Doc. 85). Rather than repeat those arguments here, Petitioner respectfully refers the Court to those memoranda for relevant authority authorizing the Court to expand the record to consider the Exhibits attached to Dr. Smith's affidavit.

**B.    Petitioner was not at fault for the failure to develop the record in state court and, thus, cannot be barred from offering the evidence at the evidentiary hearing**.

Respondent's contention that Petitioner failed to exercise "due diligence" finds no support in the record. Indeed, a review of the state court proceedings reveals that Petitioner was given no reasonable opportunity to develop or offer the evidence which Dr. Smith properly used to support his opinions.

Petitioner filed his petition for post conviction relief on September 20, 1996, and sought an evidentiary hearing on, among other claims, his post conviction claims that state trial counsel were ineffective in failing to seek the assistance of a mitigation specialist and a pharmacologist or toxicologist for preparation of mitigation. (J.A. Vol. IX, p. 001996 and see pp. 002053 and 002097). The record reflects that, on October 31, 1996, the State of Ohio filed its Response to the Petition to Vacate or Set Aside Sentence, which included an objection to the requested evidentiary hearing. (J.A. Vol. IX, pp. 002250, 002257) ***On the same day as the State filed its Response,*** the trial court filed its Findings of Fact and Conclusions of Law dismissing the Petition without addressing the request for an evidentiary hearing. (J.A. Vol. IX, p. 002299, 002301). The Court's Journal Entry dismissing the Petition was likewise placed of record on October 31, 1996. (J.A. Vol. IX, p. 002298)[1] There was literally no time between the State's response to the petition and objection to an evidentiary hearing, and the state trial court's dismissal of the petition. In light of this record, it cannot be seriously contended that Petitioner's own fault prevented the state court from considering the

---

[1] This Journal Entry was vacated because of a typographical error and substituted with a corrected Entry on November 4, 1996, which found no need for an evidentiary hearing and reaffirmed denial of post conviction relief. (J.A. Vol. IX, p. 002302)

3

evidence submitted here in support of Dr. Smith's testimony.

Respondent argues that the records relied upon by Dr. Smith "predate Palmer's trial" and thus were available at the time petitioner initiated the his post conviction relief action. (Respondent's Memorandum, p. 5). The issue, however, is not whether evidence sought to be used in a habeas corpus proceeding was available at the time of the state post conviction proceedings. Rather, the question must center on whether a habeas petitioner is to blame for failing to develop such evidence in the state court proceeding. As is clear from the language of 28 U.S.C. §2254(e)(2) and from the holding in *Williams v. Taylor*, 529 U.S. 420 (2000), there must be "lack of diligence, or some greater fault attributable to the prisoner or [his] counsel" before a finding of failure to develop a factual record in state court may foreclose use of the evidence in the federal habeas corpus action. *Id.*, 529 at 432.

> The question is not whether the facts could have been discovered, but instead whether the prisoner was diligent in his efforts. The purpose of the fault component of "failed" is to ensure the prisoner undertakes his own diligent search for evidence. Diligence for purposes of the opening clause [of §2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend, as the Commonwealth would have it, upon whether those efforts could have been successful.

*Id.* 529 U.S. at 435.

Implicit in this holding is a requirement that a prisoner must have a reasonable opportunity to "investigate and pursue" his post conviction claims, and to present the evidence in question. Since Petitioner and his post conviction counsel were given no time to present any evidence to support the petition, Petitioner may not, consistent with *Williams,* be deemed to have "failed" through

4

lack of "due diligence" to develop this evidence in the state post conviction proceeding. "Diligence will require, in the usual case, that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* 529 U.S. at 436. Petitioner met this burden and was denied any opportunity to develop and submit to the state court the evidence which respondent seeks to exclude here.

### C.    Exhibits B, C, D, & E are admissible under Evid.R. 703.

Petitioner examined Dr. Smith concerning the facts and data underlying his professional opinions. Petitioner proffered Exhibits B, C, D, & E under Evid.R. 703 for the purpose of showing the bases for Dr. Smith's opinions. Those exhibits are relevant to the Court's consideration of the weight to be given Dr. Smith's testimony. Additionally, Exhibits B, D and E should be considered as substantive evidence by the Court. These exhibits directly support Dr. Smith's opinions regarding both guilt and mitigation phase issues and demonstrate prejudice within the meaning of *Strickland v. Washington,* 466 U.S. 668, 687 (1984). (*See generally,* Petitioner's Post Evidentiary Hearing Merits Brief, Doc. 79, pp. 13-18 for a complete discussion of the relevance of Dr. Smith's evidence to the issue of *Strickland* prejudice).

### D.    Evid.R. 106 does not require the introduction of the rest of the Hill suppression hearing transcript.

The "Rule of Completeness" set forth in Evid.R 106 does not support exclusion of the suppression hearing transcript set forth in Exhibit E. That is because Respondent did not timely request the introduction of the rest of the transcript. Under Evid.R. 106 " . . . an adverse party may require the introduction ***at that time*** of any other part. . . ." (Emphasis added). Here, Respondent did not request at the hearing that Petitioner produce the rest of the transcript. Thus,

Respondent failed to meet the "at that time" requirement of Evid.R. 106.

As a practical matter, Dr. Smith never reviewed the whole suppression hearing transcript. Exhibit E was only used by Dr. Smith as background information (independent from Palmer) concerning how much alcohol was consumed by Petitioner. Thus, the relevancy of the rest of the transcript is speculative. In any event, if the Court wishes to review the rest of the transcript then Petitioner will supply it.

    **E.    The chronology summary should not be excluded.**

Finally, the "chronology" with the Exhibit E should be not be excluded on the grounds that it is a summary chart. See, Evid.R. 1006. All of the underlying documents have been in included in Exhibit E so no one can claim that the chart is misleading. Of course, the chart is not itself evidence, but rather should be used in evaluating the other evidence.

### III.    CONCLUSION

For the reasons set forth herein Respondent's motion to deny admission of Exhibits B, C, D, & E is unsupported by the law and facts. Thus, Petitioner requests that the Court deny the motion.

    Respectfully submitted,

    /s/ Keith A. Yeazel

    _____
    KEITH A. YEAZEL, ESQ. (OH 0041274)
    65 South Fifth Street
    Columbus, Ohio 43215
    (614) 228-7005
    yeazel@netwalk.com

    TRIAL COUNSEL FOR PETITIONER DONALD PALMER

/s/ Michael O'Hara
_____
MICHAEL O'HARA (KY 52530) (OH 0014966)
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
25 Crestview Hills Mall Road, Suite 201
P. O. Box 17411
Covington, KY 41017-0411
(859) 331-2000
mohara@ortlaw.com


ATTORNEYS FOR PETITIONER DONALD PALMER


## **CERTIFICATION**

  I hereby certify that I have, this 22ND day of October, 2003, served electronically through the Court's ECF System a copy of the foregoing pleading to the following attorneys of record:

**JONATHAN FULKERSON, ESQ.**
ASSISTANT ATTORNEY GENERAL
Capital Crimes Section, 23rd Floor
30 East Broad Street
Columbus, Ohio 43215
Email: Jfulkerson@ag.state.oh.us

    /s/ Michael O'Hara
_____
    MICHAEL O'HARA
    O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT