# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Donald Palmer, | : | |
| Petitioner, | : | Case No. 00-CV-882 |
| vs. | : | Judge Rose |
| Margaret Bagley, Respondent | : | Magistrate Judge Merz |
| Warden. | : | |

### RESPONDENT'S REPLY MEMORANDUM TO PETITIONER'S MEMORANDUM IN OPPOSITION TO MOTION TO DENY ADMISSION OF EXHIBITS PROFFERED AT EVIDENTIARY HEARING

Respondent submits the instant reply memorandum to Petitioner's Memorandum in Opposition to Respondent's Motion to Deny Admission of Exhibits Proffered at the September 15, 2003 Evidentiary Hearing.  (Doc. 92).

Respectfully submitted,

JIM PETRO
Ohio Attorney General


s/ Jonathan R. Fulkerson
JONATHAN R. FULKERSON (0068360)
Assistant Attorney General
30 East Broad Street
23rd Floor, Capital Crimes Section
Columbus, Ohio 43215
(614) 728-7055, Fax (614) 728-8600
JFulkerson@ag.state.oh.us

I.   **Introduction & Procedural Posture.**

The evidentiary hearing in this capital habeas case was continued until September 15, 2003 to allow Petitioner to present the live testimony of Dr. Robert L. Smith, psychologist. Dr. Smith was offered to testify in support of Petitioner's claims that trial counsel's mitigation strategy constituted ineffective assistance of counsel. Petitioner tendered several exhibits at the September 2003 hearing which were labeled "A" through "E" and asked that they be admitted into the record. The exhibits were originally attached to Petitioner's post-hearing brief. (Doc. 74). Exhibits B, C and D consisted of fifteen year-old medical records that predated Palmer's trial. Exhibit E was the transcript of a statement by Palmer's co-adventurer, Mr. Hill, given to police.

On October 7, 2003, Respondent filed a motion to strike the exhibits. (Doc. 91). On October 22, 2003, Petitioner filed a memorandum in opposition to Respondent's motion. (Doc. 92).

Respondent submits the instant reply memorandum.

II.   **Argument.**

*A.   Waiver*

Petitioner argues that Respondent has waived any objection to the exhibits in question. (Mem in Opp at 2). Respondent made timely objection to the exhibits when they were tendered into evidence at the September 2003 hearing and filed a written objection pursuant to the Magistrate Judge's instructions during the hearing. Respondent has not waived any objections and requested that the evidentiary hearing be continued in order to probe the exhibits and the testimony of Dr. Smith.

B.    *Failure to Develop the Record*

Petitioner argues that he was unable to develop the record in state court with respect to these fifteen year-old exhibits and that the rapid resolution of his post-conviction petition prevented him developing the record. (Mem in Opp. at 3). Palmer ignores the fact that these records predated his trial and could have been added to the record as an attachment to Palmer's post-conviction petition when it was submitted to the Court. The exhibits could have been introduced at trial.

As Respondent noted in her motion to strike (Doc. 91, pg. 5), these documents were available at the time of Petitioner's trial and Palmer's later post-conviction petition. Petitioner could have authenticated these documents and filed them in state court years before habeas proceedings began. Petitioner attempts to side-step this important point by arguing that the issue is whether there was a reasonable opportunity to investigate his post-conviction claims and not whether he could have introduced these documents earlier. (Mem. in Opp pg. 4). There *was such an opportunity* to investigate before, during and after trial. The documents in question predate Palmer's trial and were available for his asking at any stage of the process. Formal discovery was not needed because Palmer could have requested his own records and the publicly available transcript of his co-adventurer's suppression hearing exhibit at any time. Petitioner has not been diligent in adding these documents into his record at any level and they should be excluded.

### C.     *Basis of Expert Opinion & Rule of Completeness*

Petitioner contends that the exhibits should be admitted insofar as they constitute the basis for the opinion of Petitioner's expert, Dr. Robert Smith. (Mem. in Opp. at 5). Petitioner contends that the complete transcript of his co-adventurer, Mr. Hill, need not be added to the record because Petitioner's expert never reviewed the entire transcript.

Respondent welcomes Petitioner's implicit concession that his expert did an incomplete review of his own documentation and reviewed nothing but old records that were available before trial. Given that Dr. Smith's evaluated Palmer without interviewing him personally in violation of professional standards, it is not surprising that Petitioner did not give his expert complete information.

In any event, Dr. Smith's testimony remains objectionable for the same reasons that the exhibits are objectionable – the testimony and exhibits could have been placed into the state record well before now. The fact that these records, and the ability of Dr. Smith or another mental health professional to diagnose and evaluate Palmer only shows that Petitioner is engaging in classic second-guessing of trial counsel's mitigation strategy. Given that Petitioner has no objection to the filing of the complete transcript of Mr. Hill's suppression hearing exhibit E (Mem in Opp. 6), that complete transcript should be supplied by Petitioner as soon as possible. To the extent that Petitioner's chronology is a demonstrative exhibit, it was neither referenced by Dr. Smith during his testimony nor utilized or authenticated by counsel; it should be excluded.

**III.     Conclusion.**

Petitioner's exhibits B, C, D and E should be excluded from the record.

Respectfully submitted,

JIM PETRO
Ohio Attorney General

s/ Jonathan R. Fulkerson
JONATHAN R. FULKERSON (0068360)
Assistant Attorney General
30 East Broad Street
23rd Floor, Capital Crimes Section
Columbus, Ohio 43215
(614) 728-7055
Fax (614) 728-8600
JFulkerson@ag.state.oh.us

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent by the electronic filing system on this 24th day of October, 2003 to:

Keith A. Yeazel
65 South Fifth Street
Columbus, Ohio 43215
yeazel@netwalk.com

Michael J. O'Hara
O'Hara, Ruberg, Taylor, Sloan & Sergent
P.O. Box 17411
25 Crestview Hills Mall Road, Suite 201
Crestview Hills, KY 41017
mohara@ortlaw.com

Counsel for Petitioner

                                              s/ Jonathan R. Fulkerson
                                              Jonathan R. Fulkerson     (0068360)
                                              Assistant Attorney General