# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DONALD L. PALMER,**
**Petitioner,**

**-V-**                                  **Case No.  C-1-00-882**
                                         **Judge Weber**
                                         **Magistrate-Judge Merz**


**MARGARET A. BAGLEY, Warden,**
**Respondent.**

## PETITIONER'S OBJECTIONS TO
## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Pursuant to Fed.R.Civ.P. 72, Petitioner lodges specific objections to the proposed findings and recommendations of the Magistrate Judge filed December 16, 2005, for the reasons set forth in the accompanying memorandum.


s/ Keith A. Yeazel
_____
KEITH A. YEAZEL (0041274)
65 SOUTH FIFTH STREET
COLUMBUS, OHIO 43215
(614) 228-7005
yeazel@netwalk.com
TRIAL ATTORNEY FOR
PETITIONER

s/ Michael O'Hara
_____
MICHAEL O'HARA,

ESQ.(0014966)

O'HARA, RUBERG, TAYLOR,
SLOAN & SERGENT
209 Suite C Thomas More Park
Crestview, Kentucky 41017
(859) 331-2000
(859) 578-3365 (facsimile)
mohara@ortlaw.com
CO-COUNSEL FOR PETITIONER

## TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  OBJECTIONS

1.    SECOND CLAIM FOR RELIEF: PETITIONER'S CONVICTION FOR
      AGGRAVATED MURDERS AND THE RESULTING DEATH
      SENTENCES ARE CONTRARY TO AND AN UNREASONABLE
      APPLICATION OF THE CONCLUSION OF LAW ANNOUNCED BY
      THE UNITED STATES SUPREME COURT IN *IN RE: WINSHIP*, 397
      U.S. 358, 364 (1970) AND WERE OBTAINED IN VIOLATION OF
      THE DUE PROCESS CLAUSE OF THE FOURTEENTH
      AMENDMENT TO THE UNITED STATES CONSTITUTION
      BECAUSE EVIDENCE INTRODUCED BY THE STATE FAILED TO
      ESTABLISH THAT PETITIONER ACTED WITH PRIOR
      CALCULATION AND DESIGN.

      A.    Insufficient Evidence to Support Aggravated Murder
            Convictions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    The Magistrate's Decision      . . . . . . . . . . . . . . . . . . . . . 3

      C.    Petitioner is Entitled to Relief as to his Second Claim . . . 4

i

D.    The Death Sentence Imposed by the Court is
        Constitutionally Infirm and Must be Vacated as the
        Violation Cannot Be Considered Harmless . . . . . . . . .    9

        1.    Petitioner's Indictment Failed to Include All of the
                Essential Elements of Aggravated Murder. . . . . . . 15

2.    THIRD CLAIM FOR RELIEF: THE FAILURE OF THE TRIAL
        COURT, BELMONT COUNTY COURT OF APPEALS AND THE
        OHIO SUPREME COURT TO FIND THAT THE STATE
        PROSECUTOR ENGAGED IN PREJUDICIAL MISCONDUCT IN
        THE AREAS LISTED BELOW CONSTITUTES AN
        UNREASONABLE APPLICATION OF THE CONCLUSIONS OF
        LAW ANNOUNCED IN *BERGER V. UNITED STATES,* AND
        PREJUDICED PETITIONER IN BOTH THE GUILTY AND PENALTY
        PHASES OF HIS TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

        A.    Magistrate Judge's Recommendation Regarding the use of
                Highly Prejudicial "Other Acts" Evidence during the Guilt
                Phase (Claims 3.2, 3.3, 3.4, 3.9, 3.10)            . . . . . 20

        B.    Prosecutorial Misconduct in the Guilt and Penalty Phases
                Entitles Petitioner to Relief          . . . . . . . . . . . . . 21

                1.    Prosecutor Engaged in Several Acts of Misconduct
                        During the Trial Phase (Claims 3.2, 3.3, 3.4, 3.9, 3.10)
                                                . . . . . . . . . . . .21

                2.    Prosecutor Engaged in Misconduct by Misstating the
                        Law in Closing Argument (Claims 3.5, 3.6, 3.8). . . .   31

        C.    The Prosecutor Continued Improper Prejudicial use of
                "Other Bad Acts" Evidence and Argument in the Penalty
                Phase (Claims 3.19, 3.20)            . . . . . . . . . . . 37

                1.    These Claims are not Procedurally Defaulted . . . .   38

2.  **The Petitioner has Established a Violation of Clearly Established Federal Law Regarding the Prosecutor's use of "Other Bad Acts" Evidence in the Penalty Phase**

. . . . . . . . . . **39**

D.  **The Prosecutor Engaged in Misconduct by Invoking God and Bible (Claims13.13 and 13.18)**    . . . .    **42**

1.  **Claims 3.13 and 3.18 were not Procedurally Defaulted**

. . . . . . . . . . **43**

2.  **Prosecutor's Invocation of God and Bible Denied Petitioner a Fundamentally Fair Trial** . . . . . . . . . . **46**

E.  **The Prosecutor Engaged in Misconduct at Penalty Phase by Improperly Arguing: All Aggravating Factors at Trial Weigh Against Mitigators; that it was Petitioner's Burden to Show Mitigators Outweighed Aggravators; that Rejecting Voluntary Intoxication at Trial Constituted the Jury's Rejection of Intoxication as a Mitigator. (Claims 3.14, 3.15, 3.16 and 3.17)**.

. . . . . . . . . . .**47**

F.  **The State Courts' Approval of the Prosecutor's Trial Misconduct Violated Clearly Established Supreme Court Authority And Cannot be Characterized as Harmless. . . . 55**

3.  **FOURTH CLAIM FOR RELIEF: THE TRIAL COURT'S DENIAL OF PETITIONER'S REQUEST FOR INSTRUCTION ON A LESSER INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER WAS CONTRARY TO OR AN UNREASONABLE APPLICATION OF THE CONCLUSION OF THE LAW ANNOUNCED BY THE UNITED STATES SUPREME COURT IN *HOPPER V. EVANS*, AND THEREBY DEPRIVED PETITIONER OF HIS RIGHT TO DUE PROCESS OF LAW AND HIS RIGHT TO BE PROTECTED AGAINST CRUEL AND UNUSUAL PUNISHMENT AS**

GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

    A.    Magistrate Judge's Decision    . . . . . . . . . . . . . 61

    B.    Petitioner is Entitled to Relief    . . . . . . . . . . . . . . . 62

4.    SIXTH CLAIM FOR RELIEF: THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY THAT THEY WERE REQUIRED TO MAKE A SPECIFIC FINDING THAT PETITIONER INTENDED TO KILL THE RESPECTIVE VICTIMS WAS CONTRARY TO OR AN UNREASONABLE APPLICATION OF A CONCLUSION OF LAW ANNOUNCED IN THE UNITED STATES SUPREME COURT CASES OF *UNITED STATES V. GAUDIN* AND *NEDER V. UNITED STATES* AND DEPRIVED PLAINTIFF OF HIS RIGHT TO DUE PROCESS OF LAW AND HIS RIGHT TO BE PROTECTED FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

    A.    Procedural Default    . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

    B.    Merits    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

    C.    AEDPA Standard of Review    . . . . . . . . . . . . . . . . . . . . 86

    D.    Harmless Error Analysis    . . . . . . . . . . . . . . . . . . . . . . . 86

5.    SEVENTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF REGARDING TRIAL COURT'S INSTRUCTION ON INFERENCES WHICH FAILED TO PROHIBIT THE STACKING OF INFERENCES AND THUS DEPRIVED PETITIONER OF HIS RIGHT TO DUE PROCESS OF LAW AND TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND CONSTITUTED AN UNREASONABLE APPLICATION OF THE UNITED STATE SUPREME COURT'S DECISION IN *ENMUND V. FLORIDA*. . . . . . . . . . . . . . . . . . . . . . 90

iv

6.    **EIGHTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF REGARDING THE TRIAL COURT'S IMPROPER PERMITTING OF EVIDENCE OF AND ARGUMENT RELATING TO IRRELEVANT AND HIGHLY PREJUDICIAL "OTHER ACTS" WHICH PETITIONER ALLEGEDLY COMMITTED AGAINST PERSONS NOT NAMED IN THE INDICTMENT, THEREBY DEPRIVING PETITIONER OF HIS RIGHT TO DUE PROCESS OF LAW AND TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE UNITED STATES CONSTITUTION.  THE STATE COURT'S DETERMINATION OF THIS ISSUE WAS CONTRARY TO AND AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED. 98**

    A.    **Magistrate's Recommendation** . . . . . . . . . . . . . . . . . . . **101**

    B.    **AEDPA Deference is not Appropriate** . . . . . . . . . . . . . . **102**

    C.    **Petitioner is Entitled to Relief on this Claim** . . . . . . **103**

    D.    **The Error Cannot be Considered Harmless** . . . . . . . . . . **114**

7.    **NINTH CLAIM FOR RELIEF: THE TRIAL COURT'S FAILURE TO GIVE A LIMITING INSTRUCTION ON THE "OTHER ACTS" EVIDENCE DEPRIVED PETITIONER DUE PROCESS OF LAW AND VIOLATED PETITIONER'S RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT.** . . . . . . . . . . . . . . . . . . . . . . . . **116**

    A.    **Magistrate's Decision** . . . . . . . . . . . . . . . . . . . . . . . . **117**

    B.    **The Trial Court's Failure to give a Limiting Instruction Violated Clearly Established Federal Law and Denied Fundamentally Fair Proceedings** . . . . . . . . . . . . . . **117**

8.    **TENTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF**

REGARDING THE TRIAL COURT'S FAILURE TO ORDER THE ELECTION OF COUNTS PRIOR TO THE SENTENCING PHASE OF PETITIONER'S TRIAL WAS CONTRARY OR AN UNREASONABLE APPLICATION OF THE CONCLUSION OF LAW THAT CAPITAL SENTENCING PROCEDURE MUST BE ONE THAT GUIDES AND FOCUSES THE JURY'S OBJECTIVE CONSIDERATION OF THE INDIVIDUAL OFFENSE AND THE INDIVIDUAL OFFENDER BEFORE IT CAN IMPOSE A SENTENCE OF DEATH AS ANNOUNCED IN *JUREK V. TEXAS,* AND THUS DEPRIVED PETITIONER OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AND TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

A.    Magistrate Judge's Decision    . . . . . . . . . . . . . . . . . .    122

B.    Petitioner Established Entitlement to Relief on this Claim . . . . . . . . . .    122

C.    The Error is not Harmless    . . . . . . . . . . . . . . . . . .    127

9.    ELEVENTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF REGARDING THE TRIAL COURT'S EXCLUSION OF RELEVANT MITIGATION EVIDENCE FROM REVEREND BUSH AT THE PENALTY PHASE OF MR. PALMER'S CAPITAL TRIAL WAS CONTRARY TO AND AN UNREASONABLE APPLICATION OF THE CONCLUSION OF LAW ANNOUNCED IN THE UNITED STATES SUPREME COURT CASE OF *LOCKETT V. OHIO*, IN VIOLATION OF PETITIONER'S RIGHTS TO AN INFORMED INDIVIDUALIZED DETERMINATION OF AN APPROPRIATE PENALTY AND TO HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT    . . . . . . . . . . . . . . . 128

A.    Magistrate Judge's Decision    . . . . . . . . . . . . . . . 128

B.    Petitioner is Entitled to Relief with Respect to this Claim

. . . . . . . . . . . . . . . 129

C.    The Error is not Harmless . . . . . . . . . . . . . . . . . . . .    133

10.    TWELFTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE
MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF
REGARDING THE TRIAL COURT'S INSTRUCTION TO THE JURY
DURING THE SENTENCING PHASE OF MR. PALMER'S TRIAL
REQUIRING THE JURY TO BE UNANIMOUS IN THEIR DECISION
AS TO WHETHER MR. PALMER WAS TO RECEIVE A LIFE
SENTENCE WAS CONTRARY TO OR UNREASONABLE
APPLICATION OF THE CONCLUSION OF THE LAW
ANNOUNCED BY THE UNITED STATES SUPREME COURT IN
*MILLS V. MARYLAND*, AND VIOLATED PETITIONER'S RIGHTS
TO DUE PROCESS OF LAW AND TO BE FREE FROM CRUEL
AND UNUSUAL PUNISHMENT AS PROTECTED BY THE EIGHTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 133

A.    Magistrate Judge's Decision    . . . . . . . . . . . . . . . . . . 134

B.    The Instruction Required a Unanimous Verdict as to
Mitigation and Thereby Denied Petitioner Due Process. 135

11.    FIFTEENTH CLAIM: TRIAL COUNSELS' ACTS AND OMISSIONS
CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL
WHICH PREJUDICED MR. PALMER THUS VIOLATING HIS
RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . .140

A.    Trial Counsel was Deficient in Withdrawing the Motion to
Suppress [Claim 15.2]    . . . . . . . . . . . . . . . . . . 140

B.    Trial Counsel Failed to Request the Services of a
Toxicologist or Pharmacologist During the Guilt Phase to
Explain the Effect of the Alcohol and Cocaine Withdrawal
on Petitioner's Ability to Form Specific Intent to Kill. [Claim

15.3].                    . . . . . . . . . . . . . . . . . .  144

C.    Trial Counsel Rendered Deficient Performance When They
      Failed to Assure That All Proceedings Were Recorded and
      That There Was a Complete Record for Future Appellate
      Review. [Claim 15.4]          . . . . . . . . . . . . . . . . . .  147

D.    Trial Counsel Failed to Seek a Change of Venue on the
      Grounds of Pervasive Pretrial Publicity. [Claim 15.5]. .  155

E.    Trial Counsel Failed to Object to Incomplete and
      Erroneous Instructions Regarding Inferences [Claim 15.6]
                                              . . . . . .  158

F.    Trial Counsel Failed to Properly Object to Evidence of
      Other Bad Acts. [Claims 15.8 and 15.9 argued together] 163

G.    Arguments in support of Claim 15.14, "Failure to be
      Adequately Prepared for the Sentencing/Mitigation Phase"
      are presented along with the arguments in support of
      Claim 15.22, "Failure to Properly Investigate and Present
      Mitigating Evidence" argued below in subsection O. . .  166

H.    Trial Counsel Failed to Object to Erroneous Jury
      Instructions Concerning a Unanimous Finding of Mitigation
      [Claim 15.15]
                                      . . . . . . . . . .  166

I.    Trial Counsel Failed to Object to Erroneous Jury
      Instructions Concerning the sentencing verdict as being
      only a  a Recommendation. [Claim 15.16]        . . . . .  170

J.    Trial Counsel Failed to Object to Cross-examination
      Concerning Other Acts Evidence. [Claim 15.17] . . . . . .  172

K.    Trial Counsel Failed to Object to Introduction of Cammy
      Palmer Affidavit. [Claim 15.18]        . . . . . . . . . . . . .  178

L.    Failure to Obtain a Mitigation Specialist [Claim 15.19].   182

M.    Failure to Obtain a Toxicologist/Pharmacologist [Claim 15.20]
. . . . . . . . . . . . . .   191

N.    Trial Counsel Failed to Proffer the Substance of the Testimony of Reverend Bush which was Improperly Excluded by the Trial Court. [Claim 15.21]. . . . . . . . .   199

O.    Arguments in support of Claim 15.14, "Failure to be Adequately Prepared for the Sentencing/Mitigation Phase" and Claim 15.22, "Failure to Properly Investigate and Present Mitigating Evidence" argued together. . . . . .   201

12.    SEVENTEENTH CLAIM: PETITIONER WAS THE RECIPIENT OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS DIRECT APPEAL.    . . . . . . . . . . . . . .   208

(A)    Procedural Default of Claims 17.1, 17.3, 17.7, 17.11, 17.12, and 17.13    . . . . . . . . . . . . . . 208

(B)    Claim 17.1 Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: Trial counsel was constitutionally ineffective, under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 5, 9, 10 and 16 of the Ohio Constitution, for failing to proffer the testimony of a mitigation witness after the trial court erred by excluding relevant mitigation evidence at the penalty phase of Mr. Palmer's capital trial, in violation of his rights to an informed, individualized determination of the appropriate penalty and to his constitutional rights to due process and against cruel and unusual punishment.  Eddings v. Oklahoma, 455 U.S. 104 (1982); McKoy v. North Carolina, 494 U.S. 433 (1990); Strickland v. Washington, 466 U.S. 668 (1984).    . . . . . . . . . . 212

ix

**(C)    17.2 Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that:__Prosecutorial misconduct during the penalty phase of appellant's trial by the prosecutor's reference to the bible in urging the jury to sentence appellant to death deprived appellant of his right to due process of law and against cruel and unusual punishment. [Tr. 191, 285-86, 1201-02, Mitigation Tr.156-57] State v. Thompson, (1987), 33 Ohio St. 3d 1; Commonwealth v. Chambers, (Pa. 1991), 599 A. 2d 630. State v. Mills, (1992), 62 Ohio St. 3d 357    . . . . . . . . .    214**

**(D)    17.3  Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because his trial was held in a community that had been saturated with media coverage concerning his guilt, including extensive newspaper coverage and extensive radio and television coverage.  (Tr. 555, 565-66); Irvin v. Dowd, 366 U.S. 717 (1961)    . . . . . . . . 216**

**(E)    17.4  Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because a juror sat on his jury who stated during voir dire that he had already formed an opinion as to the guilt of appellant thus denying appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 5, 10 and 16 of Article I of the Ohio Constitution. [Tr. 565-66]; Morgan v. Illinois, 504 U.S. 719 (1992); Gray v. Mississippi, 481 U.S. 648 (1987); Murphy v. Florida, 421 U.S. 794 (1975); Irvin v. Dowd, 366 U.S. 717**

(1961). . . . . . . . . . . 217

(F)  17.7  Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because he was denied the assistance of an expert in the presentation of his defense that he was unable to form the requisite specific intent to commit the crimes with which he was charged due to his drug abuse, intoxication and mental disorder or to present such in mitigation, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 5, 10 and 16 of Article I of the Ohio Constitution.  R.C. 2929.024; State v. Jenkins, (1984), 15 Ohio St.3d 164, paragraph four syllabus. . . . . . . . . . . . 219

(G)  17.9  Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because Petitioner was denied his rights to have the jury in his case consider whether or not to impose life imprisonment without the possibility of parole and other sentencing alternatives less than death, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 5, 10 and 16 of Article I of the Ohio Constitution.  Lockett v. Ohio, 438 U.S. 586, 605, (1978); Skipper v. South Carolina, 476 U.S. 1, 4 (1986).  . . . . . . . . . . . . . . 221

(H)  17.10     Appellate Counsel rendered deficient performance when they failed to present an assignment of

error premised on the grounds that: The judgment and sentences against appellant are void or voidable because appellant was denied his right to a fair trial and sentencing hearing when the trial court instructed the jury that their recommendation was not binding on the court, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 5, 10 and 16 of Article I of the Ohio Constitution.  [Mitigation Tr. 162] <u>Caldwell v. Mississippi</u>, 472 U.S. 320 (1985)                 . . . . . . . . . . . . . . . . . .    **223**

(I)    Claim 17.11 Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because the trial court erred in ruling that a visual aid used by the Prosecution during its closing argument at the sentencing phase would not be made part of the record for review for purposes of appeal, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16  Article I of the Ohio Constitution.  [Mitigation Tr. 137-139]. . . . . .    **224**

(J)    Claim 17.12        Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: Trial counsel was constitutionally ineffective for failing to put on all mitigating evidence at the mitigation phase of Mr. Palmer's capital trial, in violation of his rights to an informed, individualized determination of the appropriate penalty, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and

Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16 Article I of the Ohio Constitution. **Eddings v. Oklahoma**, 455 U.S. 104 (1982); **McKoy v. North Carolina**, 494 U.S. 433 (1990); **Strickland v. Washington**, 466 U.S. 668 (1984). . . . . . . . . . . . . . . . **225**

**(K)    Claim 17.13        Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against petitioner are void or voidable because trial counsel was constitutionally ineffective, under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 5, 9, 10 and 16 of the Ohio Constitution, for failing to request, and because the trial court did not appoint, a social worker to assist in preparing for the mitigation phase of trial at the penalty phase of Mr. Palmer's capital trial, in violation of his rights to an informed, individualized determination of the appropriate penalty and to his constitutional rights to due process and against cruel and unusual punishment. Eddings v. Oklahoma, 455 U.S. 104 (1982); McKoy v. North Carolina, 494 U.S. 433 (1990); Strickland v. Washington, 466 U.S. 668 (1984)** . . . . . . . . **226**

**(L)    Claim 17.14        Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against petitioner are void or voidable because the trial court committed prejudicial error by instructing the jurors at the penalty phase to weigh in count one both principle offender and prior calculation and design aggravating circumstances under Ohio Rev. Code Section 2929.04(A)(7), thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16 Article I of the Ohio**

xiii

Constitution. [Tr. pp. 1218,1223, 1228, 1233-37; Mitigation Tr. 159-160]; <u>State v. Penix</u>, (1987), 32 Ohio St.3d 369.    228

(M)    Claim 17.15. Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against petitioner are void or voidable because the Court of Appeals committed prejudicial error by improperly weighing the aggravating circumstances in Petitioner's case thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16  Article I of the Ohio Constitution.  <u>State v. Penix</u>, (1987), 32 Ohio St.3d 369   229

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   231

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   232

## I.    INTRODUCTION AND SUMMARY

On December 16, 2005, Magistrate Judge Merz filed a report and recommendation that Donald L. Palmer's petition for habeas corpus relief be denied. Petitioner does not object as to the Report and Recommendation's disposition of Claims for Relief 1, 5, 13, 14, and 16. Below Petitioner sets forth the reasons why the Court should not adopt the report and recommendation as to the other Claims for Relief.

## II.    STANDARD OF REVIEW

Reconsideration of a magistrate's report and recommendation is governed by 28 U.S.C. §636(b)(1).  According to its provisions, a judge may assign a magistrate the responsibility of making proposed findings of fact and recommending the disposition of certain "dispositive" motions, including motions for summary judgment.  28 U.S.C. §636(b)(1)(B). Should a party object to these proposed findings and recommendations, the judge must make a de novo determination on the contested portions. 28 U.S.C. §636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 673-74(1980); Roland v. Johnson, 856 F.2d 764, 769 (6th Cir. 1988). Failure to do so constitutes reversible error. E.E.O.C. v. Keco Industries, Inc., 748 F.2d 1097, 1102 (6th Cir. 1984). In conducting a de novo review, the judge is

1

free to accept, reject, or modify any of the magistrate's findings and recommendations.  28 U.S.C. §636(b)(1);  <u>Raddatz</u>, 447 U.S. at 673-74, 680. With the correct standard of review in mind, Petitioner now turns his attention to the merits of the specific objections

## III.    Objections

1.    **SECOND CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF AS TO PETITIONER'S CLAIM THAT HIS CONVICTION FOR AGGRAVATED MURDERS AND THE RESULTING DEATH SENTENCES ARE CONTRARY TO AND AN UNREASONABLE APPLICATION OF THE CONCLUSION OF LAW ANNOUNCED BY THE UNITED STATES SUPREME COURT IN *IN RE: WINSHIP*, 397 U.S. 358, 364 (1970) AND WERE OBTAINED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE EVIDENCE INTRODUCED BY THE STATE FAILED TO ESTABLISH THAT PETITIONER ACTED WITH PRIOR CALCULATION AND DESIGN.**

## A.    Insufficient Evidence to Support Aggravated Murder Convictions.

On May 23, 1989, Petitioner was indicted for two counts of aggravated murder under ORC 2903.01(a) (prior calculation and design), two counts of aggravated murder under ORC 2903.01(b) (felony-murder) and two counts of aggravated robbery under ORC 2911.01(a)(2), each with

2

firearm specifications under ORC 2929.271.

In his Second Claim for Relief the record in this case establishes that Petitioner's conviction and death sentence are constitutionally void as the state failed to offer sufficient to prove that Petitioner acted with prior calculation and design. The State failed to offer constitutionally sufficient evidence to support Appellant's conviction or two counts of aggravated murder under ORC 2903.01(a), one count for each victim, Mr. Sponhaltz and Mr. Vargo. 2903.01(A) provides in relevant part that "no person shall purposely, and with **prior calculation and design**, cause the death of another." (Emphasis added). The paucity of the State's evidence in this regard is exposed by Justice Pfeiffer's concurring opinion in Mr. Palmer's direct appeal. Justice Pfeiffer initially notes,

> "Neither the degree of care nor the length of time the offender takes to ponder the crime before hand are critical factors in themselves, but they must amount to *'more than momentary deliberation.'"* (Emphasis added).

*State v. Palmer,* (1997), 80 Ohio St.3d 543, 577-578, quoting Legislative Committee Note (1993) (Pfeiffer, J., concurring). The record demonstrates that this standard has not been met.

## B.    The Magistrate's Decision

3

The Magistrate recommends rejecting this claim by deciding incorrectly that the Ohio Supreme Court's resolution of this claim by the Ohio Supreme Court was not contrary to nor an unreasonable application of federal law finding that Petitioners argument depends entirely on Petitioner's version of the evidence.  Doc. 103, p. 18.  The discussion below demonstrates that the Magistrate Judge is in error and that, as Justice Pfeiffer concluded the record read most favorably to the prosecution fails to establish prior calculation and design as those elements are defined by the Ohio law.[1]

## C.    Petitioner is Entitled to Relief as to His Second Claim

In weighing the evidence regarding prior calculation and design, giving the benefit of the doubt to the prosecution, Justice Pfeiffer found the evidence clearly lacking.

> In this case, the prosecution failed to prove beyond a reasonable doubt that the killings of Sponhaltz and Vargo were the product of prior calculation and design.  The murders were not the result of `studied care in planning or analyzing the means of the crime.'  Rather, they were the result of a **spur of the moment decision** by Palmer to kill two total strangers.  Accordingly, I would dismiss Counts I

---

[1] This Court has previously found that this ground has not been procedurally defaulted.  (Decision, Doc. 61, adopting Report and Recommendation, Doc. 50, where the Court found that no procedural default defense had been raised as to this Claim for Relief.  (Doc. 50, p.10).  And see Doc. 103, p. 16.

and IV.  (Emphasis added).

*Id.* at 578.

The Ohio Supreme Court has adopted the following factors which are critical to a determination of whether sufficient evidence of prior calculation and design exists.

> (1)    Did the accused and the victim know each other, and if so, was that relationship strained?
> (2)    Did the accused give thought or preparation to choosing the murder weapon or murder site? and
> (3)    Was the act drawn out or `an almost instantaneous eruption of events'?

*State v. Taylor*, (1997),78 Ohio St.3d 15, 19, quoting in part *State v. Jenkins,* (1976), 48 Ohio App.2d 99, 102.  In this case, based on the undisputed record, each of those factors must be answered in the negative: (1) there was no evidence that Petitioner knew either of the victims; (2) there is no evidence that Petitioner knew he would encounter two strangers through the fortuity of an auto accident with a vehicle he was not driving and thus could not have given prior thought to either a murder weapon or a site; and (3) as Justice Pfeiffer noted the event was spur of the moment decision.  It follows that under the *Taylor* and *Jenkins* decisions, the element of prior calculation and design is not supported by

5

record.   Thus, "every fact necessary to constitute the crime with which

[Petitioner] has been charged" has not been established beyond a

reasonable doubt in violation of Petitioner's right to Due Process. *Jackson

v. Virginia,* 443 U.S. 307, 315 (1979).

In adopting those factors, the Ohio Supreme Court recounted the

legislative history underlying changes in the law:

> ORC 2903.01 `restates the former crime of
> premeditated murder so as to embody the classic
> concept of a ***planned***, cold-blooded killing while
> discarding the notion that ***only an instant's prior
> deliberation*** is necessary.' . . . (Citations omitted).

*State v. Taylor,* at 19.  As the Supreme Court further explained,

> The phrase `prior calculation design' [was
> employed] to indicate ***studied care in planning or
> analyzing the means of the crime*** as well as a
> scheme encompassing the death of the victim.
> Neither the degree of care nor the length of time are
> critical factors in themselves, but they must amount
> to more than ***momentary deliberation***.  (Internal
> quotations omitted) (Emphasis added).

*Id.*  Again, the facts set out above confirm that there could not have been a

"planned" killing nor could there be "studied care in planning or analyzing

the means of the crime."  What occurred here was, in fact, nothing more

than "instantaneous eruption of events" that neither the Petitioner nor the

victims could have possibly anticipated.

6

The Ohio Supreme Court reaffirmed its holding in *State v. Cotton*, (1978), 56 Ohio St.2d 8, where the Court held that "`prior calculation and design' is a more stringent element than the `deliberate and premeditated malice' which was required under prior law." (*Id.*, quoting *Cotton,* syllabus, para. 1). Also in *Cotton*, the Court held that "instantaneous deliberation is not sufficient to constitute `prior calculation and design.'" *Id.*, syllabus, para. 2.

There is no logical way the facts of this case can be fairly distinguished from the facts of *State v. Jenkins*, (1976), 48 Ohio App.2d 99. In *Jenkins*, the Court held that there was insufficient evidence of prior calculation in light of facts strikingly similar to those in the case at bar:

> The defendant was standing in the street next to his parked car talking to some friends when Mr. Kosman, the victim, drove by. Kosman was intoxicated and told the defendant, in effect, to get out of the street. The defendant responded by telling Kosman to pull his car over, which he did. The defendant then walked to his car and took a 'pump' shotgun out of the trunk. He walked to the front of his car and fired one shot into the trunk of Kosman's car. The evidence is in conflict as to whether Kosman was in the car or just getting out when the first shot was fired. Kosman moved toward the defendant (who was about 25 feet away) and was shot, spun around, and was shot again. The defendant then got into his car and drove off.

*Id.* 48 Ohio App. 2d at 100.  The evidence was found to be insufficient to support an aggravated murder charge *Id.* 48 Ohio App. 2d at 103.

The same must be true here.  Mr. Palmer exited Hill's vehicle to assist his friend who he believed was being accosted by the victim and discharged his weapon into the victim's head when he swung at the victim with a loaded gun.  Almost immediately, he backed up and was surprised by the second victim whom he shot in a state of confusion.  In the case at bar, like the facts in *Jenkins*, there is no dispute that Mr. Palmer did not know the victims, nor is it in dispute that the encounter on the roadside was purely random, nor is there any evidence to rebut Petitioner's evidence that the shootings occurred in a "spontaneous eruption of events" which were clouded by Mr. Palmer's panic and confusion.  See also *State v. Davis*, (1982), 8 Ohio App.3d 205 (where evidence that the owner did not go to the bar with intent to shoot, that an argument developed with the owner and doorman and that the shooting occurred during a tussle, was insufficient evidence of prior calculation and design).

It is beyond argument that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged."  *In Re: Winship,* 397 U.S. 358, 364, (1970).  Having clearly failed to establish the elements of prior calculation and design with respect to the two aggravated

murder counts brought against Mr. Palmer under ORC 2903.01(A), those

convictions cannot stand.  It cannot honestly be said that viewing this

evidence in the light most favorable to the prosecution, that any rational

trier of fact could have found the essential elements of aggravated murder

to have been established beyond a reasonable doubt.  Justice Pfeiffer was

correct in his evaluation of the evidence.  Petitioner's conviction on these

counts in the absence of adequate evidence clearly violates his rights as

protected by the Due Process Clause of the Fourteenth Amendment.  The

decisions of the Court of Appeals and Ohio Supreme Court to the contrary,

is an unreasonable application and contrary to established Supreme Court

precedent expressed in In Re: Winship.

**D.      The Death Sentence Imposed by the Court is
         Constitutionally Infirm and Must be Vacated As the
         Violation Cannot be Considered Harmless.**

The United States Supreme Court's decisions in *In re Winship* and

*Jackson* make it quite clear that the state's failure to establish every

element of the charge beyond a reasonable doubt deprives Petitioner for

fundamental Due Process. There can be no doubt that this error

unconstitutionally infected the sentencing process since the jury was

instructed to weigh two impermissible aggravators.  "In a weighing state

9

when a court invalidates one of the aggravators, it has removed a mass

from one side of the scale. There is no way to know if the jury's

analysis--how the aggravating and mitigating circumstances

balanced--would have reached the same result even without the invalid

factor. *Stringer*, 503 U.S. at 231-32, 112 S.Ct. 1130."  *Coe v. Bell,* 161

F.3d 320, 334 (6th Cir. 1998).

Recognizing its vulnerability on the lack of evidence to support the

aggravated murder convictions, the State argues in its Return of Writ that

the conviction and sentence should still stand because "Palmer also

received two felony murder convictions, which support his resulting death

sentence."  Other than repeating Justice Pfeiffer's statement to this effect

in his concurring opinion, Respondent cites no authority for this position.

First, the sentencing jury and trial court weighed all the aggravating

factors against all the mitigating factors.  There is no way to tell from either

the verdict of the jury or the trial court's opinion what effect this weighing of

the aggravating factors against the mitigating circumstances would have

on the ultimate determination if two of the primary charges were

invalidated.

> In a weighing state . . . when a court invalidates one
> of the aggravators, it has removed a mask from one

10

> side of the scale.  There is no way to know if the
> jury's analysis–how the aggravating and mitigating
> circumstances balanced–would have reached the
> same result even without the invalid factor.

*Coe v. Bell*, 161 F.3d 320, 334 (6th Cir. 1998), cert. denied. 528 U.S. 842.
As the Supreme Court has held,

> When the sentencing body is told to weigh an invalid
> factor in its decision, a reviewing Court may not assume
> that it would have made no difference if [that factor] had
> been removed from the death's side of the scale.  When
> the weighing process itself has been skewed, only
> constitutional harmless-error analysis or re-weighing at
> the trial or appellate level suffices to guarantee that the
> defendant received an individualized sentence.

*Stringer v. Black*, 503 U.S. 222, 232 (1992).  Since, as Justice Pfeiffer

properly concluded, there is insufficient evidence to support the aggravated

murder (prior calculation and design) convictions, it necessarily follows that

the sentencing jury and sentencing judge considered invalid aggravating

factors in weighing the aggravating factors against mitigating factors.

Consequently, consistent with *Stringer*, this Court must vacate the death

sentences and remand the case to the state court for a proper re-weighing

of the factors or a constitutional harmless-error analysis.  Contrary to the

suggestion made by Respondent in the Return of Writ, the re-weighing or

constitutional harmless-error analysis must be done by the state appellate

or trial courts, not by this Court.  This conclusion is apparent from the

11

Supreme Court's discussion in *Stringer*.

> In order for a ***state appellate court*** to affirm a
> death sentence after the sentencer was instructed
> to consider an invalid factor, the court must
> determine what the sentencer would have done
> absent the factor.  Otherwise, the defendant is
> deprived of the precision that individual
> consideration demands under the *Godfrey* and
> *Maynard* line of cases.  (Citations omitted).
> (Emphasis added).

*Stringer*, 503 U.S. at 230-231.  The Supreme Court confirms the necessity

of sending the case back to the state judicial decision for further review

with its ultimately holding in the case.

> Use of a vague or imprecise aggravating factor in
> the weighing process ***invalidates the sentence***
> and at the very least requires constitutional
> harmless-error analysis or re-weighing ***in the state***
> ***judicial system.***  (Emphasis added).

*Stringer*, 503 U.S. at 237.  Thus, contrary to the argument of Respondent,

the Supreme Court has made it crystal clear that the harmless-error

analysis or the re-weighing must occur within the state judicial system

which sentenced the Petitioner.  Consistent with *Stringer*, therefore, the

Court's only option is to vacate the death sentence and return the matter to

the state court system for the re-weighing or harmless-error analysis.

Petitioner is aware that the Sixth Circuit has determined that, while a

12

Federal Court cannot engage in the re-weighing of aggravating factors, it may conduct the constitutional harmless-error analysis. *Coe v. Bell*, 161 F.3d 320, 335 (6th Cir. 1998). In Petitioner's view, that holding clearly contradicts the mandate of *Stringer*. Nevertheless, Petitioner will address the harmless-error analysis. In *Coe*, the Court found that the error was harmless because the jury apparently made a specific finding that the killings involved torture, a circumstance not present in the case at bar.

In Mr. Palmer's case, the jury and sentencing judge considered aggravating factors under the two primary aggravated murder counts with respect to which Petitioner has demonstrated, and Justice Pfeiffer has agreed, that there is insufficient evidence to support those convictions. There is no way to discern from the jury's verdict or the trial court's acceptance of the jury's recommendation, what the decision would have been had the aggravating factors under these two primary aggravated murder counts been removed from the weighing process. The trial court, in accepting the recommendation of the jury, simply states that "the aggravating circumstances the Defendant was found guilty of committing do outweigh the mitigating factors as to Counts I, III, IV and VI of the Indictment." (Mit. Tr. p. 174). Given the record in this case, the death

13

sentence has clearly been "infected" by constitutionally invalid aggravating factors, thus requiring a vacating of the death sentence and a remand to the state courts for re-weighing, a principle endorsed in *Coe*. *Coe*, 161 F.3d at 235. That the sentencing process was infected is made clear both by the lack of evidence to support the aggravated murder (prior calculation and design) convictions as well as the lack of evidence supporting the aggravating murder (felony murder) convictions, as Petitioner has demonstrated above.

Even if the Court engages in a full blown "harmless-error analysis," the result would be the same. First, it must be emphasized that the errors discussed under the second claim for relief, combined with the other errors demonstrated in this traverse, present that "unusual" case where there is an "especially egregious error of a trial type, or one that is combined with a pattern of prosecutorial misconduct, [that] might so infect the integrity of the proceeding as to warrant the grant of habeas relief, even if it did not substantially influence the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, f.n. 9 (1993). Yet, even if this Court applies the harmless-error standard enunciated in *Brecht*, the record demonstrates that the jury and trial judge's improper consideration of aggravating factors under the

14

aggravated murder counts did, in fact, have a "substantial and injurious affect or influence in determining the jury's verdict." *Id*. Since there is insufficient evidence to support the aggravated murder convictions relating to prior calculation and design, the aggravating factors associated with those convictions could not properly be weighed by the jury.    As previously mentioned, it is clear that the jury simply aggregated all of the aggravating factors and weighed them against the mitigating circumstances.  The trial judge followed suit.  Under these circumstances, it cannot reasonably be found that, removing these improper aggravating factors, for which there was insufficient evidentiary support, from the weighing process would not have affected the jury's decision to recommend the death penalty or the trial court's decision to impose that penalty.  Accordingly, the death sentence must be vacated.

### 1.    Petitioner's Indictment Failed to Include All of the Essential Elements of Aggravated Murder.

Prior to June 30, 1998, Ohio's aggravated murder statute R.C. § 2903.01 provided in relevant part:

> (A)    No person shall purposely, and with prior calculation and design, cause the death of another. . .

> (B)    No person shall purposely cause the death of another . . . while committing or attempting to commit an [enumerated felony]

15

\*          \*          \*

(E)    No person shall be convicted of aggravated murder unless the person is specifically found to have intended to cause the death of another . . . . the prosecution must prove the specific intent of the person to have caused the death . . . beyond a reasonable doubt.

The requirement contained in former R.C. § 2903.01(E) that an aggravated murderer must have the "specific intent to cause the death of another" is an element of all aggravated murder offenses occurring prior to June 30, 1998.  That is because the General Assembly used the language "No person shall be **convicted** of aggravated murder unless the person is specifically found to have intended to cause the death of another" instead of the language "No person shall be **sentenced** of aggravated murder unless the person is specifically found to have intended to cause the death of another" that specific intent is an element rather than a sentencing factor. The inclusion of the element contained in the aggravated murder statute (R.C. § 2903.01(E))  that the offender have the "specific intent to cause the death of another" is legally significant because it creates a separate offense from that of R.C. § 2903.02 murder that calls for a separate penalty.

In accordance with *Winship*,  the Due Process Clause protects the

16

accused against conviction  except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. Id., at 364. Thus, the Due Process Clause of the Fourteenth Amendment [and the incorporated notice guarantees of the Sixth Amendment][2] require that the element (specific intent to cause the death of another) authorizing an increase in the maximum prison sentence for the offense of murder to the sentence available for the offense of  aggravated murder must be (1) formally charged and (2) established on the basis of proof beyond a reasonable doubt. The incorporated notice guarantees have their genesis in the case of *Stirone v. United States,* 361 U.S. 212, 218 (1960). *Stirone* stands for the proposition that where a defendant has been has convicted of a crime and where a grand jury never charges the defendant with an essential element of that crime, a constructive amendment of the indictment has occurred. A constructive amendment may be prejudicial per se. *Browning v. Foltz*, 837 F.2d 276, 280 (CA6 1988), cert. denied 488 U.S. 1081.

In Mr. Palmer's case, the murder charges contained in the indictment did not contain the essential element that the defendant had the

---

[2] "In all criminal prosecutions, the accused shall . . . . be informed of the nature and the cause of the accusation . . ."

17

"specific intent to cause the death of another." (Joint Appendix Vol. V, pp.8-12 ). Since the indictment did not contain this essential element and the Palmer was convicted of aggravated murder, a constructive amendment has occurred. Thus, the constitutional requirement of formal notice of every element necessary to constitute the offense of conviction has not been met. The indictment is, therefore, void with respect to the charge of aggravated murder because the absence of the element (specific intent to cause the death of another) from the indictment deprived the trial court of subject-matter jurisdiction over aggravated murder. The indictment only vested subject-matter jurisdiction over the offense of murder. As a result, Palmer was only convicted of the offenses of murder. In such a situation, the remedy is to re-sentence the defendant to the penalties available for murder.

In addition, the element that Palmer have the "specific intent to cause the death of another" was not submitted to the jury to be proved beyond a