from the venire. Defense counsels' inquiry of juror Melchiorre was insufficient to expose actual bias. Under such circumstances counsel rendered ineffective assistance. Thus, the writ should issue.

1. **17.7 Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because he was denied the assistance of an expert in the presentation of his defense that he was unable to form the requisite specific intent to commit the crimes with which he was charged due to his drug abuse, intoxication and mental disorder or to present such in mitigation, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 5, 10 and 16 of Article I of the Ohio Constitution. R.C. 2929.024; State v. Jenkins, (1984), 15 Ohio St.3d 164, paragraph four syllabus.**

**Procedural Default:**

The Court is respectfully referred to the arguments presented in section A of this presentation of Claim 17.

**Merits:**

Nathan Ray testified that he did not raise this issue on direct appeal because he or Mr. Murray did not feel it was meritorious. (Hearing Tr. p 23). But that he did raise this issue in subsequent state post conviction

219

proceedings so that it would be "preserved." (Hearing Tr. p 23).

The state must provide an indigent criminal defendant with expert assistance when it is necessary to present an adequate defense. Ake v. Oklahoma, 470 U.S. 68, 77 (1985). According the affidavit from Dr. Smith, medical records and other information existing at the time of Palmer's trial show that Palmer suffered from drug addiction, exacerbated by alcohol abuse and depression at the time of the shootings. (Smith Aff. ¶ 15). However, this information and supporting records were not presented to the jury. In addition, Dr. Smith opines that the effect of the consumption of a fifth of whiskey just prior to the shootings significantly diminished Palmer's capacity to appreciate the consequences of his actions. (Smith Aff. ¶ 14). Attorney Nichelson testified that the defense team relied entirely on Dr. Jackson to develop their mitigation case. (Nichelson Tr. Vol. 1, p. 59). Dr. Jackson's curriculum vitae indicates that he lacks expertise with respect to drug and alcohol addiction. Thus, Dr. Jackson, alone, could not provide an adequate defense.

By relying on Dr. Jackson, defense counsel abrogated their duties as advocates to fully investigate and present evidence in mitigation of the death penalty. Defense counsels' reliance on Dr. Jackson to perform an

independent investigation into mitigating evidence constituted deficient performance. Petitioner was prejudiced by defense counsels' deficient performance because the sentencer never heard and could therefore not give effect to information that Palmer suffered from drug addiction, exacerbated by alcohol abuse and depression at the time of the shootings. The sentencer did not consider that due to consuming a fifth of whiskey Palmer 's capacity to appreciate the consequences of his action was significantly diminished. One can conclude that trial counsel were ineffective in failing to uncover and present such evidence. See, e.g. Williams v. Taylor, 529 U.S. 362, 396-96 (2000). Thus, this issue had merit for purposes of appeal. Petitioner requests that the writ issue on this claim.

> 2. **17.9 Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because Petitioner was denied his rights to have the jury in his case consider whether or not to impose life imprisonment without the possibility of parole and other sentencing alternatives less than death, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 5, 10 and 16 of Article I of the Ohio Constitution. Lockett v. Ohio, 438 U.S. 586, 605, (1978); Skipper v. South Carolina, 476 U.S. 1, 4**

**(1986).**

**Merits:**

The Report and Recommendation concludes that the rule of lenity is not a rule of retroactivity. (R&R, Doc. 103, p. 120). The rule of lenity is applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose. <u>Albernaz v. United States</u>, 450 U.S. 333, 342 (1981). It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of harsher punishment. <u>Bell v. United States</u>, 349 U.S. 81, 83 (1955).

On July 1, 1996, the Ohio General Assembly added the possible penalty of life without parole ("LWOP") for those persons convicted of capital offenses. R.C. § 2929.03(D)(2)(a). At that time, Palmer's case was still in the state court of appeals on direct appeal. Palmer's jury never was presented with the option of choosing LWOP as the appropriate sentence. Under the rule of lenity, since a favorable change in the law occurred during the pendency of Palmer's direct appeal, Palmer should have received the benefit of that favorable change and been given a new sentencing proceeding. The issue has merit. For inexplicable reasons, this issue was not raised on direct appeal but was raised by Appellate counsel

222

Ray in post conviction. Thus, the writ should issue.

> **3.    17.10    Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because appellant was denied his right to a fair trial and sentencing hearing when the trial court instructed the jury that their recommendation was not binding on the court, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 5, 10 and 16 of Article I of the Ohio Constitution. [Mitigation Tr. 162] <u>Caldwell v. Mississippi</u>, 472 U.S. 320 (1985).**

**Merits:**

The Report and Recommendation asserts that Palmer has advanced no basis on which to imagine that the outcome of his claim, had it been raised on direct appeal, would have been different. (R&R, Doc. 103, p. 120). The point here is not whether Ohio courts <u>would</u> have granted relief but rather whether as a matter of United States Supreme Court precedent an Ohio appellate court <u>should</u> have granted relief.

The trial court told the jury that it "shall make a recommendation to the court on each of the four counts of the indictment." (Joint Apx.Vol.IV, p. 162). By instructing the jury that their sentencing decision, whether for life or death, was a recommendation, Palmer's jury was lead to believe

223

that the ultimate responsibility for sentencing lied elsewhere–specifically, with the trial court. That instruction was not an accurate statement of Ohio law. If a capital jury "recommends" a life sentence that "recommendation" is binding on the trial court. See, R.C. § 2929.03(D)(2). As a result, the trial judge improperly described the jury's role under state law. Thus, the instruction was an unreasonable application of clearly established federal law as set forth in <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 332-333 (1985). Therefore, the Court should issue the writ.

> **(I.)** **Claim 17.11 Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against appellant are void or voidable because the trial court erred in ruling that a visual aid used by the Prosecution during its closing argument at the sentencing phase would not be made part of the record for review for purposes of appeal, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16 Article I of the Ohio Constitution. [Mitigation Tr. 137-139]**

**Procedural Default:**

The Court is respectfully referred to the arguments presented in section A of this presentation of Claim 17.

**Merits:**

The visual aid used by the prosecution was improperly suggestive in that the aggravating circumstances were stated in large type and the mitigating factors were stated in smaller type. (Joint Apx. Vol. IX, p. 2194). By not permitting the chart to made a part of the record, the trial court limited the defendant's ability to seek redress in the court of appeals for what was considered by trial counsel as unduly suggestive.  It is submitted that the right to put on defense includes the right to ensure that one has an effective appeal. To that end the trial court should not be permitted to manipulate the record by excluding items necessary for the proper adjudication of that appeal.  Thus, this issue had merit and should have been presented on direct appeal. The writ should, therefore, issue.

> **(J.)  Claim 17.12   Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: Trial counsel was constitutionally ineffective for failing to put on all mitigating evidence at the mitigation phase of Mr. Palmer's capital trial, in violation of his rights to an informed, individualized determination of the appropriate penalty, thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16  Article I of the Ohio Constitution.  Eddings v. Oklahoma, 455 U.S. 104 (1982); McKoy v. North Carolina, 494 U.S. 433 (1990); Strickland v. Washington, 466 U.S. 668 (1984).**

**Procedural Default:**

The Court is respectfully referred to the arguments presented in section A of this presentation on Claim 17.

**Merits:**

Nathan Ray testified that he did not raise this issue on direct appeal because he or Mr. Murray did not feel it was a meritorious. (Hearing Tr. p. 26). But that he did raise this issue in subsequent state post conviction proceedings. (Hearing Tr. p. 26).

A failure by defense counsel to present mitigating evidence when it is available is an abdication of advocacy rather than a strategic decision. Austin v. Bell, 126 F.3d 843, 849 (CA6 1997). Petitioner respectfully refers the court to arguments and evidence presented above in claims 15, and 17. 7 to adjudicate this claim.

> **(K)   17.13   Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against petitioner are void or voidable because trial counsel was constitutionally ineffective, under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 5, 9, 10 and 16 of the Ohio Constitution, for failing to request, and because the trial court did not appoint, a social worker to assist in preparing for the mitigation phase of trial at the penalty phase of Mr. Palmer's capital trial, in violation of his rights to an informed, individualized determination of the**

**appropriate penalty and to his constitutional rights to due process and against cruel and unusual punishment. <u>Eddings v. Oklahoma</u>, 455 U.S. 104 (1982); <u>McKoy v. North Carolina</u>, 494 U.S. 433 (1990); <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).**

**Procedural Default:**

The Court is respectfully referred to the arguments presented in section A of this presentation concerning Claim 17.

**Merits:**

Nathan Ray testified that he did not raise this issue on direct appeal because it was not raised at trial. (Hearing Tr. p 27). But that it was significant enough to raise this issue in subsequent state post conviction proceedings. (Hearing Tr. p 27).

The state must provide an indigent criminal defendant with expert assistance when it is necessary to present an adequate defense. <u>Ake v. Oklahoma</u>, 470 U.S. 68, 77 (1985). By solely relying on Dr. Jackson to develop the mitigation case defense counsel failed to conduct an extensive investigation into Palmer's personal and family history. See, <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003); <u>Rompilla v. Beard</u>, 125 S.Ct. 2456 (2005). Defense counsel failed to verify or corroborate witness testimony about circumstances and events in Palmer's life by assembling and presenting

documentary evidence such as medical, psychological and school records which could serve as sources of relevant facts. (See, testimony of Dr. Smith). A social worker/mitigation specialist could have obtained and collated the necessary information concerning Palmer's life so that it could have been presented to the jury. Petitioner further refers the court to the arguments made with respect to Claim 15, and 17.7.

>  **(L)    Claim 17.14    Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against petitioner are void or voidable because the trial court committed prejudicial error by instructing the jurors at the penalty phase to weigh in count one both principle offender and prior calculation and design aggravating circumstances under Ohio Rev. Code Section 2929.04(A)(7), thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16 Article I of the Ohio Constitution. [Tr. pp. 1218,1223, 1228, 1233-37; Mitigation Tr. 159-160]; State v. Penix, (1987), 32 Ohio St.3d 369.**

**Procedural Default:**

The Report and Recommendation claims that this claim is not preserved because there was no contemporaneous objection at trial. (R&R, Doc. 103, p. 121). The last state court (Ohio Supreme Court) to deal with this issue imposed no procedural bar. Thus the claim can be decided

on its merits.

**Merits:**

The Report and Recommendation contends that there was no error since the concepts were presented in the alternative and not cumulatively. (R&R, Doc. 103, p. 121). Petitioner disagrees.

Here the jury was instructed: "You shall recommend the death sentence, if you unanimously find by proof beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors." (Joint Apx. Vol. IV, p. 162). The instruction is not phrased in the alternative.

On habeas review the issue is whether the ailing instruction by itself so infects the entire trial that the resulting conviction violates due process. Estelle v. McGuire, 502 U.S. 62, 72 (1991). The jury instruction changed the calculus vis-a-vis count one so that the jurors were considering all the aggravating circumstances against all the mitigation evidence instead of one aggravating circumstance versus all the mitigation evidence. This impermissibly increased Palmer's burden of production. Thus, the writ should issue.

> **(M)   Claim 17.15. Appellate Counsel rendered deficient performance when they failed to present an assignment of error premised on the grounds that: The judgment and sentences against petitioner are void or voidable because**

229

> **the Court of Appeals committed prejudicial error by improperly weighing the aggravating circumstances in Petitioner's case thus denying Appellant his rights to due process of law, to a fair hearing and to be free from cruel and unusual punishment as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16 Article I of the Ohio Constitution.  State v. Penix, (1987), 32 Ohio St.3d 369.**

**Merits:**

The Report and Recommendation asserts that Claim 17.5 is without merit because it relies in part on evidence outside the record. (R&R, Doc. 103, p. 121). The Ohio Supreme Court did not find that this claim were raised in the wrong forum or that Palmer used the wrong procedural vehicle. Instead the Ohio Supreme Court found "Palmer has failed to raise 'a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal' before the court of appeals, as required under App.R.26(B)(5)."  Thus, the Ohio Supreme Court never enforced the sanction raised in the Report and Recommendation. Therefore, this claim is to be reviewed on its merits.

As noted above in claims 15 and 17.7 there was available mitigation evidence that was not presented to the jury. Since this evidence was not in the record due to deficient performance of defense counsel the court of appeals had no ability to consider such evidence.  Absent inclusion of this

evidence in the record, the court of appeals could not properly perform its function to independently weigh the aggravating circumstances and mitigating factors. As a result, Petitioner was denied due process. One could therefore, conclude that this issue had merit and should have been presented on direct appeal. Petitioner requests that the court issue the writ.

## CONCLUSION

In light of the arguments presented above Petitioner respectfully requests that the Court not adopt the Magistrate Judge's report and recommendation. Instead, the Court should grant the writ.

Respectfully submitted,

s/ Michael O'Hara
_____
MICHAEL O'HARA (KY 52530) (OH 0014966)
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
209-C Thomas More Park
P. O. Box 17411
Covington, KY 41017-0411
(606) 331-2000

s/ Keith A. Yeazel
_____
KEITH A. YEAZEL, (0041274)

65 South Fifth Street
Columbus, Ohio 43215
(614) 228-7005

## **CERTIFICATION**

      I hereby certify that the following attorneys of record have, this 28th day of February, 2006, been served a copy of this document utilizing the Court's CM/ECF system:

Matthew C. Hellman
Anna Franceschelli
Assistant Attorney Generals
Capital Crimes Division
30 East Broad Street, 23rd Floor
Columbus, OH 43215

                        s/ Keith A. Yeazel

                        Keith A. Yeazel