**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **DONALD L. PALMER,** | : | |
| Petitioner, | : | **CASE NO. 1:00-cv-882** |
| v. | : | **District Judge Thomas M. Rose** |
| **MARGARET BAGLEY, Warden** | : | **Chief Magistrate Judge Michael R. Merz** |
| Respondent. | : | |

**RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S DECEMBER 16, 2005 REPORT AND RECOMMENDATIONS**

Respondent Margaret Bagley respectfully opposes Petitioner Donald L. Palmer's Objections for the reasons contained in the attached memorandum.

Respectfully submitted,

**Jim Petro (0022096)**
**Ohio Attorney General**

**MATTHEW C. HELLMAN (0071628)***
**Trial Counsel*
Assistant Attorney General
Email: mhellman@ag.state.oh.us
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**ANNA M. FRANCESCHELLI (0076273)**
Assistant Attorney General
Email: afranceschelli@ag.state.oh.us
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN SUPPORT**

**I.   STATEMENT OF THE CASE**

In 1989, Petitioner Donald L. Palmer was tried, convicted and sentenced to death for the murders of Charles Spoonhaltz and Steven Vargo in Belmont County, Ohio.

On September 8, 2000, Palmer filed a Petition for a Writ of Habeas Corpus with this Court. Doc. 15.  On December 1, 2000, Respondent filed a Return of Writ. Doc. 21. On February 23, 2001, Palmer filed a Traverse. Doc. 25.

On March 6, 2003, an evidentiary hearing was held. Doc. 68.  On June 20, 2003, Respondent filed a Post-Hearing Brief. Doc. 36.  On June 25, 2003, Palmer filed a Post-Hearing Brief. Doc. 79.

On December 16, 2005, Chief Magistrate Judge Merz issued his Report and Recommendations recommending that Palmer's Petition for Writ of Habeas Corpus be denied. Doc. 103.

On February 28, 2006, after three extensions of time, Palmer filed his 232-page Objections to the Chief Magistrate Judge's Report and Recommendations. Doc. 45. Respondent now files a Memorandum in Opposition to Palmer's Objections.

## II.  APPLICABLE STANDARDS OF REVIEW

Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part:

> (4)  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate judge.

The substantive standard applicable to Palmer's claims of constitutional error is set forth by 28 U.S.C. Section 2254, which provides, in pertinent part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**III.   ARGUMENT IN RESPONSE**

**The Chief Magistrate Judge correctly determined that none of Palmer's grounds warrant relief in Federal Habeas Corpus.**

Palmer specifically objects to the Chief Magistrate Judge's recommended denial of his **Second, Third**, **Fourth**, **Sixth**, **Seventh, Eighth**, **Ninth, Tenth, Eleventh, Twelfth, Fifteenth and Seventeenth** Grounds.[1]

For the most part, Palmer offers renewed arguments in support of his claims, as opposed to specific objections to the Chief Magistrate Judge's factual findings and legal determinations. In several instances, the language in Palmer's Objections is recycled verbatim from his previously-filed Traverse. *Compare Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, Claims 9, 10, and 11, pgs. 116-133, *with Petitioner's Traverse to Respondent's Return of Writ*, Doc. 25, pgs. 61-71. In this respect, Palmer's "objections" are not properly responsive to the Report and Recommendation, but rather directed at Respondent's Return.

As to Claim 2, Palmer's objections are largely verbatim of the arguments raised in his Traverse. *Compare Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, Claim 12, pgs. 3-18, *with Petitioner's Traverse to Respondent's Return of Writ*, Doc. 25, pgs. 7-11, 14-21. Palmer's only new arguments are as follows: "In this case, based on the undisputed record, each of those factors must be answered in the negative;" "Again, the facts set out above confirm that there could not have been a 'planned' killing nor could there be 'studied care in planning or analyzing

---

[1] Palmer states that he does not object as to the Report and Recommendation's disposition of claims for Relief 1, 5, 13, 14 and 16. *Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45 at 1. Palmer does not affirmatively state that he is not objecting to the Magistrate Judge's finding as to claim for relief 18, cumulative error, but neither does he address the claim in the body of his pleading. In the absence of an argument, Palmer has waived any objection as to claim 18.

4

the means of the crime;'" "There can be no doubt that this error unconstitutionally infected the sentencing phase since the jury was instructed to weigh two impermissible aggravators." *Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45 at pgs. 5, 6 and 9. These unsupported assertions addressing previously cited case-law should not call into question the Magistrate Judge's determination of the claim.

As to Claim 4, Palmer's objections are again largely verbatim of the arguments raised in his Traverse. *Compare Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, Claim 4, pgs. 62-66, 68-69, 72-73, *with Petitioner's Traverse to Respondent's Return of Writ*, Doc. 25, pgs. 38-44. Palmer's primary argument consists of expanding upon his previously-cited case law of other circuits while devoting a single footnote to the Sixth Circuit precedent relied upon by the Chief Magistrate Judge, *Campbell v. Coyle*, 260 F.3d 531 (2001). To the extent that Palmer raises true "objections" to the Chief Magistrate Judge's findings, he raises arguments not previously raised in either his *Petition* or *Traverse* - e.g., the testimony of Nancy Piper and Palmer's use of cocaine necessitated an instruction on a lesser included offense (*Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, pgs. 66-67, 68). The Court should not consider newly alleged arguments not properly raised when Palmer had the opportunity to do so in his two prior pleadings. However, even if the Court were to consider these new arguments, they are simply more of the same - i.e., they fail to address evidence that "negates his claim that he did not intend to kill Spoonhaltz and Vargo," *Report and Recommendations*, Doc. 45, pg. 60 - and fail to undercut the Chief Magistrate Judge's finding that "Palmer relies upon his own version

of events to support his claim here, rather than explaining how the Ohio Supreme Court's decision was objectively unreasonable." *Id*.

As to Claim 6, Palmer cites a comment to the Ohio jury instructions and the case of *Ohio v. Carter*, 651 N.E. 2d 969, 973-974 (1995) – neither cited in either his *Petition* or *Traverse* despite their predating those documents being filed – in support of his argument that the trial court gave an improper instruction on intent.  Respondent fails to discern where in *Carter* the Ohio Supreme Court "condemned the use of this conduct definition," (*Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, pg. 78) and to the extent that Palmer is relying upon state interpretation of a state jury instruction, this is not a claim cognizable in federal habeas corpus.  Beyond this, Palmer's objections are without merit because as the Chief Magistrate Judge noted, the jury instructions "plainly state[d] that the specific intention to cause death is an essential element of aggravated murder." *Report and Recommendations*, Doc. 45, pg. 63. Finally, Palmer wholly fails to address the Magistrate's conclusion Palmer suffered no prejudice – i.e., even without the challenged instruction, there was sufficient evidence of Palmer's intent to kill the victims to find that the resulting verdict would have been the same. *Report and Recommendations*, Doc. 45, pgs. 63-64.

As to Claim 7, Palmer's objections are again largely verbatim of the arguments raised in his Traverse. *Compare Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, Claim 7, pgs. 94-97, *with Petitioner's Traverse to Respondent's Return of Writ*, Doc. 25, pgs. 50-52.  Palmer's citation to a handful of additional cases, *Direct Sales Co. v. U.S.*, 319 U.S. 703 (1943), *U.S. v. Ruiz*, 105 F.3d 1492 (1st Cir. 1997), and *U.S. v. Hanson*, 41 F.3d 580 (10th Cir. 1994), previously not

6

argued in either his *Petition* or *Traverse* despite their existence well before Palmer's pleadings were filed in 2000 and 2001, serve to merely rehash Palmer's argument regarding the piling on of inferences. Palmer raises no true attack on the Chief Magistrate Judge's finding that Palmer's claim is without merit.

As to Claim 8, Palmer's objections are again largely verbatim of the arguments raised in his Traverse. *Compare Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, Claim 8, pgs.106-115, *with Petitioner's Traverse to Respondent's Return of Writ*, Doc. 25, pgs. 54-61. Even if the Court were to agree with Palmer's lone true objection to the Chief Magistrate Judge's *legal* finding that AEDPA deference is not appropriate, Palmer fails to object, let alone explain, any error in the Chief Magistrate Judge's *factual* finding that "the jury in Palmer's case was unlikely to have been swayed to convict him because of the alleged 'other acts' evidence . . . Evidence of Palmer's intent to rob and murder Spoonhaltz and Vargo was substantial." *Report and Recommendations*, Doc. 103, pgs. 65-66.

As to Claim 12, Palmer's objections are again largely verbatim of the arguments raised in his Traverse, save for his citation to *Davis v. Mitchell*, 318 F.3d (6th Cir. 2003), decided following the filing of his Traverse. *Compare Petitioner's Objections to Report and Recommendation of Magistrate Judge*, Doc. 45, Claim 12, pgs. 133-137, *with Petitioner's Traverse to Respondent's Return of Writ*, Doc. 25, pgs. 72-74. Unfortunately for Palmer, *Davis* conflicts with *Scott v. Mitchell*, 209 F.3d 854, 873-877 (6th Cir. 2000) and *Roe v. Mitchell*, 316 F.3d 557-564 (6th Cir. 2002), both cases cited by the Chief Magistrate Judge as binding precedent. And as recognized by other district courts, *Scott* and *Roe* remain controlling authority because one panel of the Sixth Circuit

7

cannot overrule the decision of another. *See Madrigal v. Bagley*, 276 F. Supp. 2d 744, 785 (N.D. Ohio 2003) and *Taylor v. Mitchell*, 296 F. Supp. 2d 784 (N.D. Ohio 2003), *citing U.S. v. Smith*, 73 F.3d 1414 (6th Cir. 1996).

Finally, as to Claims 3, 15, and 17, the Chief Magistrate Judge painstakingly addressed each of Palmer's twenty-one, twenty-two, and fifteen alleged instances of prosecutorial misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel, respectively. The Chief Magistrate Judge devoted over seventy pages to their treatment, sorting though claims that were either never raised in state court, completely without citation to the record where the alleged error occurred, or without merit. The Chief Magistrate Judge did all of this while noting that Palmer made no mention of his twenty-two sub-claims of ineffective assistance of trial counsel in his Traverse. *Report and Recommendations*, Doc. 45 at 86.[2] Palmer now files nearly one-hundred-twenty pages of objections to the Chief Magistrate Judge's findings as to these three claims.[3] As with his prior claims, much of content is a rehash of previously-filed material – for claims 15 and 17, that which was filed in Palmer's post-hearing brief – and what new arguments Palmer raises are citations to case-law or transcript pages he previously failed to rely on though available to him. In any event, his objections fail to overcome the thorough disposition of the claims by the Chief Magistrate Judge.

---

[2] Palmer also made no reference to his fifteen alleged instances of ineffective assistance of appellate counsel in his Traverse.

[3] Of course, this follows on the heels of Palmer devoting twelve total pages to their argument in his Petition and sixteen total pages to the argument of only claim three in his Traverse.

## IV. Conclusion and Request for Relief

For all the foregoing reasons, Respondent respectfully submits that Palmer has failed to substantiate his entitlement to relief in federal habeas corpus. Accordingly, Respondent respectfully requests that the Court overrule Palmer's objections, adopt the recommendations of the Chief Magistrate Judge, and deny Palmer's petition.

Respectfully submitted,

**Jim Petro (0022096)**
**Ohio Attorney General**

s/*Matthew C. Hellman*
**MATTHEW C. HELLMAN (0071628)***
**Trial Counsel*
Assistant Attorney General
Email: mhellman@ag.state.oh.us
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**ANNA M. FRANCESCHELLI (0076273)**
Assistant Attorney General
Email: afranceschelli@ag.state.oh.us
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, *Respondent's Memorandum in Opposition to Petitioner's Objections to the Chief Magistrate Judge's December 16, 2005 Report and Recommendations*, has been forwarded this **13th** day of **March 2006**, via the court's electronic notification system to:

| | |
|---|---|
| Keith A. Yeazel | Michael O'Hara |
| Attorney at Law | O'Hara, Ruberg, Taylor, Sloan & Sergent |
| 65 South Fifth Street | 209 Suite C Thomas More Park |
| Columbus, Ohio 43215 | Crestview, Kentucky 41017 |
| Email: yeazel@netwalk.com | Email: mohara@ortlaw.com |

s/ *Matthew C. Hellman*

**Matthew C. Hellman (0071628)**
Assistant Attorney General