UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DONALD L. PALMER,**
    **Petitioner,**

-V-                 Case No. C-1-00-882
                      Judge Rose
                      Magistrate-Judge Merz

**MARGARET A. BAGLEY, Warden,**
    **Respondent.**

## PETITIONER'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Petitioner respectfully requests that the Court issue an order permitting him to file a Reply Memorandum in support of the Objections to the Report and Recommendation of a Magistrate Judge for the reasons set forth in the accompanying memorandum.

                s/Keith A. Yeazel
                _____
                Keith A. Yeazel (0041274)
                65 South Fifth Street
                Columbus, Ohio 43215
                (614) 228-7005
                Yeazel@Netwalk.com
                Trial Attorney for Petitioner

## MEMORANDUM

Petitioner's counsel spoke with Assistant Attorney General Matt Hellman on March 28, 2006 and he indicated that he would not consent to Petitioner filing a reply memorandum in support of his objections. Nevertheless, Petitioner has the burden of production and persuasion relative to the merits of his objections. Petitioner can discern no prejudice inuring to Respondent if he is allowed to file a reply memorandum in support of his objections. Thus, good cause, if

necessary, has been shown.

On March 23, 2006, Petitioner file a Reply Memorandum in Support (Doc. 113) of his previously filed objections. On March 27, 2006, the Court issued an order (Doc. 114) striking the Reply Memorandum for the reason that the Rule of Civil Procedure make no provision for a reply memorandum in support of a set of objections. Petitioner disagrees with this analysis for a number of reasons. First, it is important to note that the Civil Rules make no provisions for filing reply memoranda at all – whether they be in support of motions or objections. Thus, the fact that the Civil Rules make no provision for filing reply memoranda does not mean that they are prohibited or that party must seek to leave to file the same. They are simply part of accepted motion practice–the party who files the motion has the burden of production and persuasion and consequently is given the opportunity for the "last word" prior to submission of the motion on the merits.

Second, Civil Rule 72(b) is not applicable to this matter. By its terms, Rule 72(b) is only applicable to the referral of dispositive pretrial matters and petitions challenging conditions of confinement. Palmer's petition does not challenge conditions of confinement. The Magistrate Judge's Report and recommendation does not purport to deal with pretrial matters– for the most part, the R & R disposes of Petitioner's claims on their merits. The Advisory Committee Notes, 1983 Addition, subdivision (b), indicate that "This rule [Fed.R. Civ. P. 72(b)] does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Tile 28." Thus, Civ.R. 72(b) does not provide the rule of decision and one must look at the habeas rules.

Rule 8(b) of the Rules Governing Section 2254 Cases, makes no mention of reply

memoranda or more importantly any response whatsoever by the non-objecting party. Parenthetically speaking, applying the court's <u>expressio unius est exclusio alterius</u> rationale to the Rule 8(b) of the Rules Governing Section 2254 Cases, unless the Respondent filed objections she was without authority to a file response at all. While the habeas rules don't provide for responses or memoranda contra it is difficult to conceive that by failing to mention the same a non-objecting party is not permitted to respond to objections.

Rule 11 of the Rules Governing Section 2254 Cases indicates that "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules may be applied to proceedings under these Rules." Fed.R. Civ. P. 83(a) authorizes district courts to make local rules. S.D. Ohio Civ. R. 7.2(a)(2) authorizes a party to file reply memoranda in support of applications and motions. Thus, the local rules may be applied in habeas proceedings. Objections to a Report and Recommendation that a habeas petition be dismissed on its merits are essentially a motion for a district judge to exercise de novo review of a matter referred to a magistrate judge. Since a habeas petitioner has the burden of persuasion and production relative to objections attacking the recommended dismissal of his petition, a reply memorandum complements the adjudicatory scheme and is not inconsistent with any statute or rule. Thus, the better practice is to permit reply memoranda under the local rules.

Wherefore, Petitioner requests that the Court issue an order permitting him to file a reply memorandum in support of the previously filed Objections to the Report and Recommendation of a Magistrate Judge

Respectfully submitted,

         s/ Keith A. Yeazel

         KEITH A. YEAZEL, (0041274)
         65 South Fifth Street
         Columbus, Ohio 43215
         (614) 228-7005

## CERTIFICATION

I hereby certify that the following attorneys of record have, this 28th day of March, 2006, been served a copy of this document utilizing the Court's CM/ECF system:

Matthew C. Hellman
Anna Franceschelli
Assistant Attorney Generals
Capital Crimes Division
30 East Broad Street, 23rd Floor
Columbus, OH 43215

         s/ Keith A. Yeazel

         Keith A. Yeazel