UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DONALD L. PALMER,**
        **Petitioner,**

**-V-**                                      **Case No.  C-1-00-882**
                                                      **Judge Rose**
                                                      **Magistrate-Judge Merz**

**MARGARET A. BAGLEY, Warden,**
        **Respondent.**

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF
OBJECTIONS TO
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Petitioner replies to the arguments presented by Respondent in the Memorandum in Opposition to Petitioner's Objections filed on March 13, 2006 (Doc. 111), for the reasons set forth in the accompanying memorandum.

                                                                            s/ Keith A. Yeazel
                                                                            _____
                                                                            KEITH A. YEAZEL (0041274)
                                                                            65 SOUTH FIFTH STREET
                                                                            COLUMBUS, OHIO 43215
                                                                            (614) 228-7005
                                                                            yeazel@netwalk.com
                                                                            TRIAL ATTORNEY FOR PETITIONER

                                                                            s/ Michael O'Hara
                                                                            _____
                                                                            MICHAEL O'HARA     (0014966)
                                                                            O'HARA, RUBERG, TAYLOR,
                                                                            SLOAN & SERGENT
                                                                            209 Suite C Thomas More Park
                                                                            Crestview, Kentucky 41017
                                                                            (859) 331-2000
                                                                            (859) 578-3365 (facsimile)
                                                                            mohara@ortlaw.com
                                                                            CO-COUNSEL FOR PETITIONER

**MEMORANDUM**

I.  **Introduction and Summary**

Petitioner filed his Objections on February 28, 2006. Respondent filed a memorandum in opposition on March 13, 2006. Petitioner replies to certain arguments set forth by Respondent below and further establishes why the Court should grant the Writ.

II.  **OBJECTIONS**

> A.  **SECOND CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF AS TO PETITIONER'S CLAIM THAT HIS CONVICTION FOR AGGRAVATED MURDERS AND THE RESULTING DEATH SENTENCES ARE CONTRARY TO AND AN UNREASONABLE APPLICATION OF THE CONCLUSION OF LAW ANNOUNCED BY THE UNITED STATES SUPREME COURT IN *IN RE: WINSHIP*, 397 U.S. 358, 364 (1970) AND WERE OBTAINED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE EVIDENCE INTRODUCED BY THE STATE FAILED TO ESTABLISH THAT PETITIONER ACTED WITH PRIOR CALCULATION AND DESIGN.**

Respondent offers no substantive response to Petitioner's objections regarding the Magistrate Judge's findings as to the Second Claim for Relief. In his objections Petitioner argued that the that he was denied Due Process by the state's failure to prove beyond a reasonable doubt that Petitioner was guilty of all of the elements of the aggravated murder and felony murder charges which led to his conviction and which unconstitutionally infected the sentencing process. Importantly, Respondent does not reply to the following argument of Petitioner:

That the sentencing process was infected is made clear both by the lack of

> evidence to support the aggravated murder (prior calculation and design) convictions as well as the lack of evidence supporting the aggravating murder (felony murder) convictions, as Petitioner has demonstrated above.

Petitioner's Objections, Doc. 110, p. 14.

Indeed, the Respondent offers only a single paragraph which fails to address any of the substantive arguments made by the Petitioner in his Objections at pages 3 through 19. (See Respondent's Memorandum in Opposition, Doc. 111, pp. 4-5). It is important to note, for example, the Respondent fails to address Petitioner's argument that there is no factual distinction between Mr. Palmer's situation and the facts which lead the Ohio Supreme Court in *State v. Jenkins*, (1976) 48 Ohio App.2d 99 to find that the state failed to prove the prior calculation and design element of an aggravated murder charge. At page 7 of his Objections, Petitioner demonstrates that the defendant in *Jenkins* had considerably more time to plan the shooting death than Mr. Palmer had in this case. Nevertheless, the Court in *Jenkins* concluded that there was insufficient evidence to support an aggravated murder charge. *Id.*, 48 Ohio App.2d at 103.

In *Jenkins*, there was a verbal exchange between the victim and the defendant during which the defendant instructed the victim to pull his car over to the side of the road. At that point, defendant took time to walk to his car and to retrieve a pump shotgun from its trunk. He then walked to the front of his car, fired a shot into the victim's car then shot the victim who was about 25 feet from the defendant. As the victim spun around, the defendant shot him again. *Id.* at 100  The defendant in *Jenkins* had considerably more time to plan and carry out the shooting death of the victim than Mr. Palmer had in this case. Yet Petitioner fails to address the factual similarity between

*Jenkins* and Palmer. Indeed, the Respondent fails to address Justice Pfeiffers' concurring opinion on direct appeal in the Ohio Supreme Court where he finds that the record here fails to support an aggravated murder conviction.

> In this case, the **prosecution failed to prove beyond a reasonable doubt that the killings of Sponhaltz and Vargo were the product of prior calculation and design.** The murders were not the result of `studied care in planning or analyzing the means of the crime.' Rather, they were the result of spur of the moment decision by Palmer to kill two total strangers. (Emphasis added).

*State v. Palmer*, (1997) 80 Ohio St.3d 543, 578 (Pfeiffer, concurring).

Respondent also ignores Petitioner's argument that the state's clear failure to meet it's burden as to the prior calculation and design element, thus negating the aggravated murder convictions, necessarily undercuts the sentence of death. That is, it invalidates aggravators the jury used in the weighing process when it recommended a sentence of death. In this case, therefore, re-sentencing is necessary to correct the error. *See Coe v. Bell*, 161 F.3d 320, 334 (6th Cir. 1998), *cert. denied* 528 U.S. 842. ("[W]hen a court invalidates one of the aggravators, it has removed a mass from one side of the scale. There is no way to know if the jury's analysis–how the aggravating and mitigating circumstances balanced–would have reached the same result even without the invalid factor). (See also, Petitioner's Objections, Doc. 110, pp. 10-11). Respondent's failure to address this argument implicitly concedes this point. Moreover, Respondent's failure to address any of the substantive arguments raised Petitioner and her failure to directly challenge Petitioner's demonstration that the error was not harmless compels the conclusion that the Petitioner is entitled to relief with respect to

his Second Claim.

>    **B.    THIRD CLAIM FOR RELIEF: THE FAILURE OF THE TRIAL COURT, BELMONT COUNTY COURT OF APPEALS AND THE OHIO SUPREME COURT TO FIND THAT THE STATE PROSECUTOR ENGAGED IN PREJUDICIAL MISCONDUCT IN THE AREAS LISTED BELOW CONSTITUTES AN UNREASONABLE APPLICATION OF THE CONCLUSIONS OF LAW ANNOUNCED IN *BERGER V. UNITED STATES,* AND PREJUDICED PETITIONER IN BOTH THE GUILT AND PENALTY PHASES OF HIS TRIAL.**

Regarding Petitioner's objections relating to the extraordinary number of incidents of prosecutorial misconduct, Respondent offers no substantive argument. She simply asserts without explanation that the claim was properly considered by the Magistrate Judge. Notably, Respondent fails to address any of the many more than a dozen instances of prosecutorial misconduct that occurred both in presentation of evidence and in argument to the jury at both the liability and penalty phases. (See especially Petitioner's Objections, Doc. 110, pp. 21-36, 39-40, 42-43, 47-49). Equally important, Respondent offers no counter to Petitioner's demonstration that the state courts ruled contrary to clearly established Supreme Court precedent in characterizing the prosecutor's improper use of "other bad acts" evidence as simply showing intent, scheme, or plan to commit the offenses. In his Objections Petitioner demonstrates that there is no logical connection between the "other criminal acts" improperly argued and alleged by the Prosecutor and the deaths of Mr. Sponhaltz and Mr. Vargo. (See e.g., Petitioner's Objections, Doc. 110, pp. 27-28). Respondent does not offer any logical connection between, for example, the improper "other acts" evidence (Mr. Palmer's stopping at a motel, passing by Goolie's trailer, pulling their vehicle next to Mr. Kiss' car), and the shooting deaths of 2 individuals who were unknown to Petitioner and

5

whose deaths were preceded by an auto accident caused by Mr. Hill's negligence. Nor does Respondent address the highly prejudicial manner in which the prosecutor repeatedly turned these innocuous events into a virtual crime spree of robbing and killing everyone in Petitioner's path. (See e.g., Trial Tr. p. 1154, and Mit. Tr. 153).[1]

Most important, the Respondent fails to address Petitioner's assertion that these collective, baseless and repeated assertions of serious misconduct were prejudicially used by the prosecutor to replace the need to prove intent and prior calculation and design at the guilt phase, and were improperly used to meet the state's burden of proving that the aggravators outweighed mitigators at the penalty phase. In short, by virtue of the prosecutors pervasive misconduct, the state violated its constitutional duty to prove "every fact necessary to constitute the crime with which [Petitioner] has been charged" beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 315 (1979). Finally, Repondent fails to address Petitioner's argument (with ample citation to the record) that the collective and pervasive misconduct here, in every phase of the proceedings, has "so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986), quoting *Donnelly v. DeChristoforo,* 416 U.S. 637(1974). See *Berger v. U.S.,* 295 U.S. at 89. The only fair conclusion, therefore, is that the state court's conclusion to the contrary contravenes well estblished federal law as enunciated in *Darden, Berger* and *Jackson* and was not harmless. This Court should so hold.

---

[1] As petitioner demonstrated in his Objections, petitioner was never charged criminally with any of these alleged unrelated acts and the record shows he did not actually commit or intend to commit any of these fabricated "other bad acts" the prosecutor asks the jury to assume. (Petitioner's Objections, Doc. 110, pp. 25-27.

**C. FOURTH CLAIM FOR RELIEF: THE TRIAL COURT'S DENIAL OF PETITIONER'S REQUEST FOR INSTRUCTION ON A LESSER INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER WAS CONTRARY TO OR AN UNREASONABLE APPLICATION OF THE CONCLUSION OF THE LAW ANNOUNCED BY THE UNITED STATES SUPREME COURT IN *HOPPER V. EVANS*, AND THEREBY DEPRIVED PETITIONER OF HIS RIGHT TO DUE PROCESS OF LAW AND HIS RIGHT TO BE PROTECTED AGAINST CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES.**

Once again, Respondent fails to offer any substantive response to the specific arguments raised in Petitioner's Objections with respect to his Fourth Claim for Relief. Respondent simply argues in a conclusory fashion, with no substantive argument or citation to the record, that Petitioner's arguments "fail to undercut the Chief Magistrate Judge's finding that `Palmer relies upon his own version of events to support his claim here, rather than explaining how the Ohio Supreme Court's decision was objectively unreasonable.'" (See Respondent's Memorandum in Opposition, Doc. 111, pp. 5-6).

Respondent ignores Petitioner's reference to the record before this Court confirming that there was substantial evidence from which the jury could reasonably conclude that Petitioner did not form the intent necessary to convict him on the aggravated murder counts and, thus, entitle him to an instruction on the lesser included offense of involuntary manslaughter. Without addressing any substantive argument, Respondent mischaracterizes Petitioner's citation of evidence in the record as "new arguments." (Doc. 111, p. 5).

Respondent refers to Petitioner's discussion of the testimony of Nancy Piper (corroborating Petitioner's testimony that he purchased a fifth of Southern Comfort,

which he consumed shortly before the shootings) and the testimony relating to Palmer's use of cocaine, as raising new arguments. (Id.) To the contrary, Petitioner was properly pointing to the record supporting his claim that there was sufficient evidence from which the jury could reasonably find that Petitioner could not form the intent necessary for the crime of aggravated murder and was entitled to the lesser included instruction on involuntary manslaughter. Petitioner was specifically addressing the Magistrate Judge's suggestion that Palmer was simply resting his argument on his own "version" of the record. Both of the items of evidence referenced by Petitioner support Petitioner's argument as articulated in his original Petition for Writ of Habeas Corpus, that his right to Due Process of law was violated when the state trial court refused to give an instruction on this lesser included offense in spite of the record supporting it. Respondent's Memorandum fails to address the Piper testimony and the evidence regarding Palmer's use of cocaine as providing substantial support for his argument that he was intoxicated and confused and unable to form the requisite intent and, thus, entitled to that instruction.[2]

Nor does Respondent do any legal analysis of the arguments offered by Petitioner. In short, the Respondent offers no substantive argument that would undercut in any way Petitioner's assertion that the state court's rejection of this claim was clearly contrary to the Supreme Court's holding in *Beck v. Alabama*, 447 U.S. 625 (1980), and was not harmless. Under *Beck* the state court in this case was

---

[2] Petitioner need only produce "some evidence" to support the lesser included instruction. *Jenkins* 15 Ohio St. 3d at 218-19. "Persuasiveness is irrelevant." *State v. Wilkins*, (1980), 64 Ohio St.2d. 382, 388.

constitutionally obligated to offer the lesser included offense instructions because the record provides adequate evidence to support it. (See generally, Petitioner's Objections, Doc. 110, pp. 62-74). Petitioner is entitled to relief on this claim.

> D. **SEVENTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF REGARDING TRIAL COURT'S INSTRUCTION ON INFERENCES WHICH FAILED TO PROHIBIT THE STACKING OF INFERENCES AND THUS DEPRIVED PETITIONER OF HIS RIGHT TO DUE PROCESS OF LAW AND TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND CONSTITUTED AN UNREASONABLE APPLICATION OF THE UNITED STATE SUPREME COURT'S DECISION IN *ENMUND V. FLORIDA*.**

In response to Petitioner's argument that the state courts engaged in an unreasonable application of the Supreme Court's decision in *Enmund v. Florida*, 458 U.S. 782 (1982) when it denied Petitioner's challenge to the state trial court's allowing the prosecution to stack inferences to reach their verdicts, Respondent again offers no substantive analysis or argument. While Respondent notes that Petitioner has cited additional authority, she offers no analysis or discussion as to why the additional authority cited by Petitioner is somehow unpersuasive. A reasonable inference from the lack of substantive argument by Respondent is that she is unable to distinguish the controlling authority cited by Petitioner.

For example, Respondent does not distinguish Petitioner's citation of *Direct Sales Company v. U.S.*, 319 U.S. 703, 711 (1943), where the Court held that the intent element of a conspiracy charge cannot be proved "by piling inference upon inference, thus fashioning what, in that case, was called a dragnet to draw in all substantive crimes." *Id*. 319 U.S. at 711. Respondent makes no effort to explain why this important

principal of fundamental fairness would not be applicable here. Nor do they explain why the Sixth Circuit's adoption of this principal in *United States v. Campbell*, 279 F.3d 392, 400 (6th Cir. 2002) does not apply to the record before the Court. Clearly, this unaddressed authority, supports Petitioner's claim that, permitting the piling of inferences (inferences improperly based on fabricated "other bad acts" evidence and argument), allowed the jury to convict Petitioner and sentence him to death for an unintended murder in violation of *Enmund v. Florida*, 458 U.S. 782, 792-93 (1982). Petitioner is thus entitled to relief with respect to this Claim.

> E.  **EIGHTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF REGARDING THE TRIAL COURT'S IMPROPER PERMITTING OF EVIDENCE OF AND ARGUMENT RELATING TO IRRELEVANT AND HIGHLY PREJUDICIAL "OTHER ACTS" WHICH PETITIONER ALLEGEDLY COMMITTED AGAINST PERSONS NOT NAMED IN THE INDICTMENT, THEREBY DEPRIVING PETITIONER OF HIS RIGHT TO DUE PROCESS OF LAW AND TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE UNITED STATES CONSTITUTION. THE STATE COURT'S DETERMINATION OF THIS ISSUE WAS CONTRARY TO AND AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL PRECEDENT.**

As with the other Claims, Respondent fails to offer any substantive analysis of the authority or record cited by Petitioner. Instead, Respondent incorrectly suggests that Petitioner failed to object to the Magistrate Judge's factual finding that the jury in Mr. Palmer's case was "unlikely to have been swayed to convict him because of the alleged `other acts' evidence . . ." (Respondent's Memorandum in Opposition, Doc. 111, p. 7). To the contrary, Petitioner specifically objects to both the factual and legal findings of the Magistrate Judge at page 101 of his Objections (Doc. 110, p. 101).

Respondent asks this Court to adopt the Magistrate Judge's conclusion that the jury was unlikely to have been swayed by other acts evidenced in returning the conviction of Petitioner. Respondent fails to offer an analysis of the factual record and consequently fails to support her position. (See Respondent's Memorandum in Opposition, Doc. 111, p. 7).

Of course, the issue is not whether Petitioner bears some responsibility for the shooting deaths of the victims. Rather, the issue is whether he should have been convicted of the specifications which ultimately allowed the jury to consider the death penalty. Respondent ignores the Petitioner's specific citation to the record demonstrating that the prosecutor improperly exploited other acts evidence both in the evidentiary presentations and in closing argument at both phases of the proceedings. (See Objections, Doc. 110, pp. 69-72, for a listing of the improper "other acts" evidence and argument, and see also Petitioner's reference to record in support of his Third Claim for Relief). Contrary to Respondent's argument, the record recounted in Petitioner's Objections confirms that the jury was likely swayed by the shear number and highly prejudicial nature of the "other acts" evidence offered by the state. Indeed, Justice Pfiffer's conclusion that there was insufficient evidence to support a finding of prior calculation and design lends further support to Petitioner's claim that his fundamental right to Due Process was violated by the trial court's allowance of such improper evidence to persuade a jury to convict and return a sentence of death. The state court's determination of this issue was clearly contrary to and an unreasonable application of clearly established federal law and Respondent offers no substantive argument that would support any other conclusion. See *Michelson v. U.S.*, 335 U.S.

469, 475-476 (1948) (other acts evidence tending to show a defendant's "evil character" "weigh[s] too much with the jury" and "so over persuade[s] them as to prejudge one with a bad general record and to deny him a fair opportunity to defend against a particular charge"). Respondent does not address either the decision in *Michelson* or any of the other authorities cited by Petitioner in his Objections. Nor does she offer any argument to counter Petitioner's demonstration that the error was not harmless. Accordingly, Petitioner has established his entitlement to relief on this Claim.[3]

    **F.**    **TWELFTH CLAIM FOR RELIEF: PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING RELIEF REGARDING THE TRIAL COURT'S INSTRUCTION TO THE JURY DURING THE SENTENCING PHASE OF MR. PALMER'S TRIAL REQUIRING THE JURY TO BE UNANIMOUS IN THEIR DECISION AS TO WHETHER MR. PALMER WAS TO RECEIVE A LIFE SENTENCE, WAS CONTRARY TO OR UNREASONABLE APPLICATION OF THE CONCLUSION OF THE LAW ANNOUNCED BY THE UNITED STATES SUPREME COURT IN *MILLS V. MARYLAND*, AND VIOLATED PETITIONER'S RIGHTS TO DUE PROCESS OF LAW AND TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AS PROTECTED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

Respondent appears to concede that the Sixth Circuit's holding in *Davis v. Mitchell*, 318 F.3d 682 (6th Cir. 2003) would require granting the writ with respect to Plaintiff's Twelfth Claim for Relief. Consistent with *Davis*, the instruction given to the

---

[3] Relief on this claim is all the more appropriate in light of the trial court's failure to give any limiting instruction to the jury on the use of the "other acts" evidence as demonstrated in Petitioner's Objections regarding the Ninth Claim for Relief. (See Petitioner's Objections, Doc. 110, pp. 116-121). Notably, Respondent does not address the merits of this particular objection or claim in its Memorandum in Opposition.

jury at the penalty phase requiring the jury to be unanimous in their decision as to whether Mr. Palmer was to receive a life sentence was contrary to and an unreasonable application of the law enunciated by the Supreme Court in *Mills v. Maryland*, 486 U.S. 367 (1988). Rather than specifically addressing the Sixth Circuit's holding in *Davis*, Respondent argues without any specific analysis that *Davis* conflicts with the Sixth Circuit's earlier decisions in *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000) and *Roe v. Baker*, 316 F.3d 557 (6th Cir. 2002).

First, the holding in *Scott* regarding the unanimity instruction was dicta as the Court found the issue to have been procedurally defaulted. *Scott*, 209 F.3d at 873. Thus, *Scott* cannot control the outcome in this case. The Respondent's reliance on *Roe v. Baker*, is misguided. The instruction in that case was substantively different than the instruction at issue here. Notably, the Court in *Roe v. Baker* did not specifically instruct the jury the way they were instructed in Mr. Palmer's case. Here the jury was told that they must first consider the death sentence and unanimously agree on such a sentence by proof beyond a reasonable doubt before considering a sentence less than death. If they were unable to reach an unanimous verdict only then were they instructed to "**unanimously** recommend either a life sentence with parole eligibility after 20 years of imprisonment or life sentence with parole eligibility after 30 years of imprisonment." (Emphasis added). (Mit. Tr., p. 162). Unlike any of the cases cited by either Magistrate Judge or the Respondent, the instruction given in Mr. Palmer's case included an acquittal first instruction that also directed the jury that they must be unanimous in their decision regarding mitigation, i.e., regarding the imposition of a

13

sentence less than death. It is that distinction which unquestionably brings this case within the holding in *Mills v. Maryland*, 486 U.S. 367 (1988).

In *Mills,* the Court reversed the imposition of a death sentence and remanded for re-sentencing because the Court's instructions could reasonably be interpreted as precluding the jury from considering mitigating evidence unless they first unanimously agreed on the existence of a particular mitigating factor. *Id*. at 375. As the Court will note, Respondent makes no effort to address the Supreme Court's holding in *Mills*, much less distinguish that case from Mr. Palmer's.

The decision in *Coe v. Bell*, 161 F.3d 320 (6th Cir. 1998), cited by the Magistrate Judge, is inapposite for similar reasons. The Court specifically concluded that the instruction in that case did not require unanimity as to the presence of a mitigating factor. *Id.* at 338. In this case, however, the only instruction given that related to mitigation required the jury to render an unanimous verdict regarding the imposition of a sentence less than death. In fact, *Coe* cites the decision in *U.S. Ex Rel Kubat v. Thieret*, 679 F.Supp. 788, 813 (N.D. Ill., 1988), as an illustration of an improper instruction which is substantially similar to the one at issue here. In that case, the instruction provided "if . . . you unanimously conclude that there is sufficiently mitigating factor or factors to preclude imposition of a death sentence, you shall sign the form which so indicates." *Id*. at 813, *aff'd* 867 F.2d 351 (7th Cir.), *cert*. denied, 493 U.S. 874 (1989). The offending instruction in *Thieret* is, in its effect, substantively the same as the instruction in this case where the jury was required to unanimously agree on a sentence less than death. That is, they had to unanimously agree that mitigators

outweighed aggravators otherwise, under the instruction as given, imposition of a life sentence was not permitted.

In this case, the Respondent fails to explain how a juror could reasonably read the instruction given in Mr. Palmer's penalty phase as informing them that a single juror's refusal to vote for a death penalty would be sufficient to prevent the imposition of a death sentence. Under *Mills v. Maryland*, such an instruction is constitutionally infirm and requires reversal. Like the jury in *Mills*, "a jury that does not unanimously agree on the existence of any mitigating circumstance may not give mitigating evidence any effect whatsoever, and must impose a sentence of death." *Id*. at 375. The effect of such an instruction, requiring a jury to unanimously agree that mitigating factors outweigh aggravating factors before they are permitted to impose a sentence less than death denied Petitioner fundamental fairness and required reversal. *Id*. The same result must occur here.

> **G.    FIFTEENTH CLAIM: TRIAL COUNSELS' ACTS AND OMISSIONS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH PREJUDICED MR. PALMER THUS VIOLATING HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**
>
> **H.    SEVENTEENTH CLAIM: PETITIONER WAS THE RECIPIENT OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS DIRECT APPEAL.**
> **(Dealt with Together)**

At page 9 of Respondent's memorandum it is implied that Petitioner has somehow defaulted or waived his arguments regarding his Fifteenth and Seventeenth Claims dealing with ineffective assistance of counsel because he made no mention of his thirty-seven sub-claims of ineffective assistance of counsel in his Traverse. This

perception is spurious. First, Petitioner noted in his Traverse that he was not briefing the merits of the ineffective assistance of counsel claims until the procedural default defenses were resolved by the Court. (Doc. 25, Traverse, p.1). Second, there is no requirement that a traverse be filed at all. See, Rule 5, Rules Governing Section 2254 Cases. Petitioner filed his traverse pursuant to the Magistrate Judge's order along with motions for discovery, partial summary judgment and for an evidentiary hearing. Third, "in actual practice, the traverse tends to be a mere pro forma refutation of the return, serving little if any expository function. See, Rule 5, Rules Governing Section 2254 Cases, Advisory Notes, 1976 Adoption. Fourth, when the petition and the return (or answer) pose an issue of fact no traverse is necessary. Stewart v. Overholser, 186 F.2d 339 (CADC 1950). Here, the petition and the return posed issues of fact regarding ineffective assistance of counsel. To assist in resolving those fact issues the Court granted leave to conduct depositions of trial counsel. That was done and information gained from those depositions has presented in support of Petitioner's specific allegations of ineffective assistance of counsel in post hearing briefing. That evidence and those claims are properly before the Court. Petitioner's presentation of those claims in his Objections to the Report and Recommendation establish that they are supported by the record and that there is a legal basis for granting the writ.

In addition, Respondent complains that it is somehow improper to cite other case law or reference additional sections of the record that were not previously relied on in other motions, memoranda and briefing. This complaint is also rather novel as well as untenable. The merits of the ineffective assistance of counsel claims were first addressed by Petitioner with in post hearing briefing. The Report and Recommendation

16

is the first time that the Court has dealt with the merits of the ineffective assistance of counsel claims. The Court relied on authorities other than those previously relied upon by Petitioner in post hearing briefing to support its holdings expressed in the Report and Recommendation. Now, Respondent claims it is somehow wrong for Petitioner to refute the case law analysis made in the Report and Recommendation with other case law or to point out other places in the record that undermine the Report and Recommendation's resolution of factual issues. Assuming, arguendo, that Civ.R. 73(b) governs the issues before the Court, it is clear that the District Judge "shall make a de novo determination upon the record, or after additional evidence. . . " Certainly the citation to additional evidence contained in the record is permissible under that rule.

In short, it appears that Respondent disagrees with the entire adjudicatory scheme which permits an Article III Judge to review de novo the work product of a Magistrate Judge. Under the law, only a district judge has final decision-making authority in habeas proceedings. Wingo v. Wedding, 418 U.S. 461 (1974). De novo review of Petitioner's ineffective assistance of counsel claims establishes that he is entitled to the writ.

## CONCLUSION

In light of the arguments presented this Reply and the Objections previously filed Petitioner respectfully requests that the Court not adopt the Magistrate Judge's report and recommendation. Instead, the Court should grant the writ.

Respectfully submitted,

s/ Michael O'Hara

17

_____
MICHAEL O'HARA (KY 52530) (OH 0014966)
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
209-C Thomas More Park
P. O. Box 17411
Covington, KY 41017-0411
(606) 331-2000


s/ Keith A. Yeazel

_____
KEITH A. YEAZEL, (0041274)
65 South Fifth Street
Columbus, Ohio 43215
(614) 228-7005

## CERTIFICATION

I hereby certify that the following attorneys of record have, this 29th day of March, 2006, been served a copy of this document utilizing the Court's CM/ECF system:

Matthew C. Hellman
Anna Franceschelli
Assistant Attorney Generals
Capital Crimes Division
30 East Broad Street, 23rd Floor
Columbus, OH 43215

s/ Keith A. Yeazel
_____
Keith A. Yeazel