**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **DONALD L. PALMER,** | : | |
| Petitioner, | : | CASE NO. 1:00-cv-882 |
| v. | : | **District Judge Thomas M. Rose** |
| **MARGARET BAGLEY, Warden** | : | **Chief Magistrate Judge Michael R. Merz** |
| Respondent. | : | |

**RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S
MOTION FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Respondent Margaret Bagley respectfully opposes Petitioner Donald L. Palmer's Motion for the reasons contained in the attached memorandum.

Respectfully submitted,

**Jim Petro (0022096)**
**Ohio Attorney General**

**MATTHEW C. HELLMAN (0071628)***
*\*Trial Counsel*
Assistant Attorney General
Email: mhellman@ag.state.oh.us
**ANNA M. FRANCESCHELLI (0076273)**
Assistant Attorney General
Email: afranceschelli@ag.state.oh.us

Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN SUPPORT**

I.     S<small>TATEMENT OF THE</small> C<small>ASE</small>

In 1989, Petitioner Donald L. Palmer was tried, convicted and sentenced to death for the murders of Charles Spoonhaltz and Steven Vargo in Belmont County, Ohio.

On September 8, 2000, Palmer filed a Petition for a Writ of Habeas Corpus with this Court. Doc. 15. On December 1, 2000, Respondent filed a Return of Writ. Doc. 21. On February 23, 2001, Palmer filed a Traverse. Doc. 25.

On March 6, 2003, an evidentiary hearing was held. Doc. 68. On June 20, 2003, Respondent filed a Post-Hearing Brief. Doc. 74. On June 25, 2003, Palmer filed a Post-Hearing Brief. Doc. 79.

On December 16, 2005, Chief Magistrate Judge Merz issued his Report and Recommendations recommending that Palmer's Petition for Writ of Habeas Corpus be denied. Doc. 103.

On February 28, 2006, Palmer filed his objections. Doc. 110. On March 13, 2006, Respondent filed a Memorandum in Opposition to Palmer's Objections. Doc. 111. On March 29, 2006, Palmer filed a Reply Memorandum. Doc. 116. On April 17, 2006, the District Judge issued an order overruling Palmer's objections to the Chief Magistrate Judge's Report and adopting the Magistrate Judge's Report and Recommendations in their entirety. Doc. 117.

On June 23, 2006, the Chief Magistrate Judge ordered Palmer to file a motion for a certificate of appealability. Doc. 123. On July 15, 2006, Palmer filed his motion for the issuance of a certificate of appealability. Doc. 126. Respondent now files this opposition.

## II.    APPLICABLE STANDARDS OF REVIEW

In *Barefoot v. Estelle*, 463 U.S. 880 (1983), the Supreme Court of the United States recognized that the intent of Congress, in requiring a petitioner to obtain a certificate of probable cause to appeal, was "to prevent frivolous appeals from delaying the State's ability to impose sentences, including death sentences." *Id*. at 892. The Supreme Court then described as follows the standards to be applied in determining whether a *habeas corpus* petitioner should be permitted to appeal an unfavorable decision by a district court:

> We agree with the weight of opinion in the Courts of Appeal that a certificate of probable cause requires petitioner to make a "substantial showing of the denial of [a] federal right." *Stewart v. Beta*, 454 F.2d 268, 270, n.2 (CA5 1971, *cert. denied*, 406 U.S. 925, 92 Sect. 1796, 32 Led. 2d 126 (1972). See also *Ramsey v. Hand*, 309 F.2d 947, 948 (CA10 1962). [footnote 4]  In a capital case, the nature of the penalty is a proper consideration in determining whether to issue a certificate of probable cause, but the severity of the penalty does not in itself suffice to warrant the automatic issuance of a certificate.

[Footnote 4]  The following quotation cogently sums up the standard:

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits.  He has already failed in that endeavor.  Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Gordon v. Willis*, 516 F.Supp. 911, 913 (ND Ga. 1980) (citing *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (CA2), *cert. denied*, 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed. 2d 56 (1957).

*Id*. at 893-894.

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. Section 2253 to provide, among other things, that a certificate of appealability may issue to permit an appeal by a *habeas corpus* petitioner, upon the petitioner's "substantial showing of the denial of a constitutional right." The certificate of appealability must indicate which specific issue or issues satisfy the required showing. *See* Title 28, U.S.C. Section 2253(c).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court of the United States held that in amending 28 U.S.C. Section 2253 to require a certificate of appealability as opposed to a certificate of probable cause to appeal, Congress intended to codify the *Barefoot v. Estelle* standard. Thus:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy Section 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot*, supra, at 893, and n. 4, 103 S.Ct. 3383, and adopted by Congress in AEDPA. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.
>
> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the courts of appeals may entertain the appeal. Each component of

4

> the Section 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (19360) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

*Slack v. McDaniel*, 529 U.S. at 484-85.

As applied to capital cases specifically, the Sixth Circuit has held that "there is nothing to suggest that *Slack* does not apply with equal force in capital cases." *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). And as the *Porterfield* Court explained, in performing its "gatekeeping function" when reviewing a request for a certificate of appealability, a district court "should separate the constitutional claims that merit the close attention of counsel and this court from those claims that have little or no viability." *Id*.

**III.  ARGUMENT IN RESPONSE**

**A Certificate of Appealability Should Not Issue on Any of Palmer's Claims**

As in his objections to the Magistrate Judge's *Report and Recommendations*, in the present motion Palmer for the most part recycles material from his Traverse and Post-Evidentiary Hearing Brief.[1] These renewed arguments do not present issues debatable among jurists of reason; or issues that a court could resolve in a different manner. *Barefoot v. Estelle*, *supra*, 463 U.S. at 893-894. Palmer has also failed to demonstrate that the alleged grounds present legal or factual issues worthy of further review on

---

[1] As noted by the Magistrate Judge, Palmer made no mention of his twenty-two subclaims of ineffective assistance of trial counsel in his Traverse. *Report and Recommendations* at 86. Palmer also made no reference to his fifteen alleged instances of ineffective assistance of appellate counsel in his Traverse.

5

appeal. Thus, the Court should not issue a certificate of appealability on the issues raised by Palmer.[2] *Cf. generally Worden v. McLemore*, 200 F. Supp. 2d 746, 753, 756 (E.D. Mich. 2002) (where the Court had "obvious concern" in denying Petitioner relief on his claim, stating "While the Court is constrained to deny habeas relief, the Court is troubled by this conclusion and its potential ramifications in police investigatory practices," reasonable jurists would debate whether the Court's assessment of Petitioner's claim was correct).

### A.   Ground Two – Insufficient Evidence of Aggravated Murder

In rejecting Palmer's second ground for relief, this Court noted the following glaring deficiencies in Palmer's argument:

> What Palmer does not argue in his argument is how the Ohio Supreme Court's decision that there was sufficient evidence to support the prior calculation and design element is contrary to federal law as decided by the United States Supreme Court
> * * *
> That the jury did not believe Palmer's testimony does not equate to a lack of sufficient evidence to convict him, and Palmer has demonstrated nothing more than that the jury rejected his version of the events.

*Report and Recommendations* at 17 and 18.

In the present motion, Palmer continues to simply press "his version of the events," rather than show how and why the Ohio Supreme Court's resolution of his claim was contrary to or an unreasonable application of federal law. This does not constitute objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits. *Cf. Woods. v. Chandler*, 2006 U.S. Dist. LEXIS

---

[2] Respondent incorporates by reference arguments made in her *Return of Writ* (Doc. 21) and *Memorandum in Opposition to Petitioner's Objections to the Chief Magistrate Judge's December 16, 2005 Report and Recommendations* (Doc. 111), but for the sake of brevity will not repeat them verbatim here.

14603 at *20 (W.D. Ky.) (where three of the seven justices of the Kentucky Supreme Court dissented from the opinion on direct appeal, finding that the wanton murder convictions were not supported by sufficient evidence, reasonable jurists could disagree over the disposition, and therefore a certificate of appealability was granted); *Robinson v. Stegall,* 157 F. Supp. 2d 802, 820, n. 7 & 824 (E.D. Mich. 2001) (habeas petitioner entitled to certificate of appealability where one judge on the Michigan Court of Appeals dissented and indicated that he would have reversed petitioner's conviction because this showed that a reasonable jurist found that the issue should have been decided differently).

For these reasons, a certificate of appealability should not issue on ground **two**.

**Ground Three – Prosecutorial Misconduct**

In rejecting Palmer's third ground for relief, the Court found as follows:

> The Court has evaluated each of Palmer's claims of prosecutorial misconduct and found none of them warrant habeas corpus relief. They fare no better when accumulated. Palmer has not demonstrated that the prosecutors' conduct at trial so prejudiced him that the entire proceeding was rendered fundamentally unfair.

*Report and Recommendations* at 57.

The Magistrate Judge devoted almost forty pages to the treatment of the numerous sub-parts of Palmer's claim, sorting through claims of error to which no objection was raised at trial, claims barred from consideration because they were never raised in state court, claims barred from consideration because they could have been raised on direct appeal and were not or no documentation to support the claim was submitted in post-conviction, and claims without merit. Palmer's current motion fails to provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim. Instead, Palmer once again makes the same arguments raised in his

Traverse and rejected by the Magistrate Judge in his *Report and Recommendations*, and then once again raised in Palmer's objections to the *Report and Recommendations* and rejected by the Court in adopting the *Report and Recommendations* in its entirety. These arguments fail to demonstrate how reasonable jurists would disagree with the Court's determination on the merits. *Cf. Bonnell v. Mitchell*, 301 F. Supp. 2d 698, 765 (N.D. Ohio 2004) (where petition is denied, "the issue of sufficiency of the evidence, in light of the **undenied cumulative prosecutorial error**, merits further review" because a reasonable jurist might conclude that there was insufficient evidence to convict Bonnell of aggravated murder ) (emphasis added).

For these reasons, a certificate of appealability should not issue on ground **three**.

**Ground Four – Failure to Give Instruction on Lesser Included Offense**

The Court rejected Palmer's fourth ground for relief because Palmer "simply urg[ed] the Court to adopt Palmer's interpretation of the evidence," a tactic that "d[id] not suffice to show that habeas relief [was] warranted." *Report and Recommendations* at 60. As the Court detailed, Palmer ignored the evidence that clearly demonstrated his intent to kill the victims: 1) Palmer testified that he exited Hill's vehicle with a gun that was not only loaded but cocked and ready to fire; 2) each victim was shot twice in a lethal area of the body – the head; 3) Palmer admitted he shot Spoonhaltz the second time after Hill shouted to "kill him;" 4) the location of Vargo's body fifty feet away from Spoonhaltz's contradicts Palmer's testimony that he confronted Vargo immediately after turning away from Spoonhaltz; and 5) Palmer cocked back the hammer of the gun between each of the four shots he fired. *Id*.

In the present motion, Palmer continues to "rel[y] upon his own version of events to support his claim . . . rather than explaining how the Ohio Supreme court's decision on the claim was objectively unreasonable." *Id*. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

For these reasons, a certificate of appealability should not issue on ground **four**.

**Ground Six – Failure to Instruct on Specific Intent to Kill**

In rejecting Palmer's sixth ground for relief, this Court found as follows:

> Viewed as a whole, the trial court's instructions on the element of purpose adequately conveyed to the jurors that to sign a guilty verdict on the aggravated murder counts, they must first have found that Palmer had the specific intention of causing the deaths of Spoonhaltz and Vargo.

*Report and Recommendations* at 63.

In the present motion, Palmer continues to "ignore[] the instructions included (by the trial judge) . . . which plainly state that the specific intention to cause death is an element of aggravated murder." *Id*. Moreover, Palmer fails to address the Magistrate's conclusion that he suffered no prejudice because even subtracting the challenged instruction, there was sufficient evidence of Palmer's intent to rob and kill the victims to be confident that the outcome of the verdict would have been the same. *Report and Recommendations* at 63-64.

Because Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits, a certificate of appealability should not issue on ground **six**.

9

**Ground Eight – Prejudicial Other Acts Evidence**

The Court rejected Palmer's eighth ground for relief on two grounds. First, because the evidence of Palmer's intent to rob and murder Spoonhaltz and Vargo was substantial, the jury would not have been swayed to convict him based on the alleged "other acts" evidence. And second, even presupposing that the state court decision rejecting Palmer's claim was incorrect or erroneous, because Palmer failed to demonstrate how the decision was contrary to or an unreasonable application of federal law, he was not entitled to federal habeas relief. *Report and Recommendations* at 66.

As with the other grounds for relief upon which he requests a certificate of appealability, Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim. Instead, Palmer once again makes the same arguments that were raised in his Traverse and rejected by the Magistrate Judge in his *Report and Recommendations*, and then once again raised in his objections to the *Report and Recommendations* and rejected by the Court in adopting the *Report and Recommendations* in its entirety. These arguments fail to demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

For these reasons, a certificate of appealability should not issue on ground **eight**.

**Ground Nine – Failure to Give Limiting Instruction**

In rejecting Palmer's ninth ground for relief, this Court first detailed the "substantial" evidence of Palmer's guilt: 1) Palmer's confession to shooting the two victims each twice in the head; 2) Palmer's admission that he had to cock the hammer between shots; and 3) the record contained an abundance of evidence demonstrating Palmer's intent to kill the victims. *Report and Recommendations* at 68. The Court went

on to conclude that even if a limiting instruction were required due to the fact that improper "other acts" evidence had been introduced, any error was harmless in light of the evidence against Palmer. *Id.*

In the present motion, Palmer does not attack the "substantial" evidence against him but rather continues to argue that improper other act evidence was admitted and that a limiting instruction was required – both arguments which the Magistrate Judge presupposed (for the sake of argument) in finding the claim without merit. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

For these reasons, a certificate of appealability should not issue on ground **nine**.

**Ground Ten – Election of Counts Prior to Sentencing**

In rejecting Palmer's tenth ground for relief, this Court noted the following fatal flaws in Palmer's argument: 1) it was misplaced insofar as it was based on an inapplicable section of the Ohio Revised Code; 2) a violation of state law is an insufficient ground upon which to grant habeas relief; and 3) Palmer failed to cite any cases from the U.S. Supreme Court that were on point. *Report and Recommendations* at 69, 71.

In the present motion, Palmer raises no new legal arguments beyond those made in his Traverse and then objections to the *Report and Recommendations*.[3] Palmer does

---

[3] Palmer does add the following sentence not included in his prior pleadings: "Petitioner has made a substantial showing that decisions of the Ohio Court of Appeals and Ohio Supreme Court are an unreasonable application of and contrary to established Supreme Court precedent announced in Furman v. Georgia, Godfrey v. Georgia, 466 U.S. 420 (1980) and Jurek v. Texas . . ." Palmer's citations of *Furman* and *Godfrey* are apparently an attempt to escape the Court's prior admonition that he failed to cite any relevant U.S. Supreme Court case law. Unfortunately for Palmer, his link to *Furman* and *Godfrey* is

11

not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits. A certificate of appealability should not issue on ground **ten**. *See Nields v. Bradshaw*, 2004 U.S. Dist. LEXIS 28263 at *7 (S.D. Ohio) (failing to cite United States Supreme Court precedent which the defendant claims was unreasonably applied by the state court a proper basis upon which to deny a certificate of appealability).

### Ground Twelve – Sentencing Instruction that Life Verdict to be Unanimous

In rejecting Palmer's twelfth ground for relief, the Court outlined the Sixth Circuit cases that squarely held to the contrary of Palmer's argument, including *Coe v. Bell*, 161 F.3d 320 (6th Cir. 1998), *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000) and *Roe v. Baker*, 316 F.3d 557 (6th Cir. 2002). Palmer has no hope of victory on this claim, as one panel of the Sixth Circuit cannot overrule another. *LRL Props v. Portage Metro. Hous. Auth.*, 55 F.3d 1097, 1105 n.2 (6th Cir. 1995); *Madrigal v. Bagley*, 276 F. Supp. 2d 744, 785 (N.D. Ohio 2003) and *Taylor v. Mitchell*, 296 F. Supp. 2d 784 (N.D. Ohio 2003), *citing U.S. v. Smith*, 73 F.3d 1414 (6th Cir. 1996). As a result, he should not be granted a certificate of appealability. *See Depew v. Anderson*, 2000 Dist. LEXIS 22220 at *13-*14 (S.D. Ohio) (where the Sixth Circuit has already rejected challenges to a defendant's claim, a certificate of appealability is not appropriate).

For these reasons, a certificate of appealability should not issue on ground **twelve**.

**Ground Fifteen (15.3, 15.6, 15.8, 15.9, 15.10, 15.11, 15.12, 15.13, 15.14 15.15, 15.16, 15.17, 15.18, 15.19, 15.20, 15.22) – Ineffective Assistance of Trial Counsel**

---

through *State v. Johnson*, 24 Ohio St. 3d 87 (1986), an Ohio Supreme Court case also rejected by the Court in its *Report and Recommendations* as being irrelevant. *Report and Recommendations* at 72.

The Court reviewed the multitude of Palmer's sub-claims of Ineffective Assistance of trial counsel and found them to be "either procedurally defaulted, meritless, or both." *Report and Recommendations* at 103. Specifically, the Court found the following subclaims to be procedurally defaulted: 15.3, 15.6 (the court did alternative merits analysis of this subclaim), 15.11, 15.12, 15.13, 15.16 (limited: failing to object to characterization of jury's verdict as a recommendation), 15.19, 15.20 and 15.22. The Court found that subclaim 15.10 was not argued in either the petition, traverse, or post-evidentiary hearing brief, and thus it was abandoned. And finally, the Court found the following subclaims to be without merit: 15.8, 15.9, 15.14, 15.15, 15.16 (limited: failing to object to unanimity instruction), 15.17, and 15.18.

Palmer claims that the Court, prior to its *Report and Recommendations* (Doc. 103), found no procedural default as to subclaim 15.3. *Motion* at 50. This is incorrect, as the *Report and Recommendations* he cites do not address subclaim 15.3. Thus, the court's current imposition of a procedural default bar is not problematic. More importantly, a certificate of appeal should not be granted on this subclaim. As held in *Slack*,

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

529 U.S. at 484-485.

As to claim 15.6, irrespective of any issue Palmer takes with the procedural default bar, the court did an alternative merits analysis – that Palmer wholly fails to address in the present motion.

13

As to claim 15.10, Palmer claims that at pg. 30 of his post hearing brief he "combined his arguments for Claims 15.6 through 15.13 into a single exposition." *Motion* at 56.[4] However, an examination of that section reveals that it only discusses "other criminal activity." *Petitioner's Post Evidentiary Hearing Merits Brief*, Doc. 79, at 41. It does not discuss parts of subclaim 15.10 including: 1) reasons why Petitioner was in the geographical area of the offenses; 2) misstatements of law in closing argument; 3) interjecting personal opinions; and 4) securing juror commitments in voir dire to impose the death penalty. In any event, a certificate of appealability should not issue on a claim not first raised in a defendant's petition. *Hawkins v. Coyle*, 2006 U.S. Dist. LEXIS 7804 at *12 (S.D. Ohio).

Palmer claims that the court found subclaim 15.14 to be procedurally defaulted, when in fact the court found the claim to be preserved for habeas review. *Report and Recommendations*, Doc. 103, at 102. Despite this, Palmer wholly fails to address the reasoning of the court as to why the claim is without merit – i.e., Palmer failed to argue the claim in any of his prior pleadings, including the petition, traverse and post-evidentiary hearing brief. A certificate of appealability should not issue on a claim not first raised in a defendant's petition. *Hawkins*, 2006 U.S. Dist. LEXIS 7804 at *12.

Palmer claims that the Court, prior to its *Report and Recommendations* (Doc. 103), found no procedural default as to subclaim 15.16. *Motion* at 64. This is incorrect, as the *Report and Recommendations* he cites do not address subclaim 15.16. Thus, the court's current imposition of a procedural default bar is not problematic and a certificate of appealability should not be granted on this issue because a reasonable jurist could not conclude that the procedural bar is in error. *See Slack*, 529 U.S. at 484-485. Palmer also

---

[4] This is actually found at pg. 41 of Palmer's post-hearing brief.

14

claims that in the *Report and Recommendations* (Doc. 103) the court found claim 15.16 – failure to object to erroneous jury instructions – was procedurally defaulted. In fact, the court addressed the merits of the claim with respect to failing to object to a unanimity instruction. *Report and Recommendations*, Doc. 103, at 104-105.

Palmer claims that the Court, prior to the *Report and Recommendations* (Doc. 103), found no procedural default as to subclaims 15.19 and 15.20. *Motion* at 73. This is incorrect, as the *Report and Recommendations* he cites do not address subclaims 15.19 and 15.20. Thus, the court's imposition of a procedural default bar is not problematic and a certificate of appealability should not be granted on this issue because a reasonable jurist could not conclude that the procedural bar is in error *See Slack*, 529 U.S. at 484-485.

As to all of the other sub-parts of claim fifteen, Palmer raises no new legal arguments beyond those previously made. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits. As a result, he should not be granted a certificate of appealability. *See Nields*, 2004 U.S. Dist. LEXIS 28263 at *16-*17 (justification for a certificate of appealability is not shown where counsel's position is that "anytime trial counsel doesn't do something which habeas counsel later thinks should have been done, it is arguable that the state courts unreasonably applied *Strickland* because they did not agree with habeas counsel's evaluation of trial counsel's conduct.")

For these reasons, a certificate of appealability should not issue on ground **fifteen**.

**Ground Seventeen (17.7, 17.9, 17.12, 17.13) – Appellate Ineffective Assistance**

Palmer first claims that with regard to Claims 17.7, 17.9, 17.12 and 17.13, the "District Court disposed of these claims on procedural grounds holding that Ohio App.R. 26(b) proceedings were not the proper procedural vehicle for advancing such claims." *Motion* at 75. Palmer cites to pages 116-177 from the *Report and Recommendations*.

Initially, Respondent notes that the Magistrate Judge did not address sub-claim 17.9 at these pages. Thus, Palmer is mistaken that the Magistrate Judge disposed of subclaim 17.9 on a procedural ground. Palmer is also mistaken that the Magistrate Judge disposed of the other subclaims – 17.7, 17.12 and 17.13 – on procedural grounds. The Magistrate Judge did not find these claims to be procedurally defaulted. While the Ohio Court of Appeals denied Palmer's application to reopen his direct appeal under Ohio App.R. 26(b), the Ohio Supreme Court bypassed this procedural bar and considered the merits of Palmer's claim. Thus, the Magistrate Judge found that all of Palmer's ineffective assistance of appellate counsel claims were "amenable to habeas corpus review." *Report and Recommendations* at 114-115.[5]

The Magistrate Judge conducted a merits review and found sub-claims 17.7, 17.12 and 17.13 to be without merit. As the Court stated,

> As each of the sub-claims . . . could only be properly raised in Palmer's post-conviction proceedings where supplementation of the record is not only permitted, but required, his appellate counsel was not ineffective for failing to raise the alleged errors on direct appeal.

*Report and Recommendations* at 117. This merits review was not a "dispos[ition] of these claims on procedural grounds," or a finding that "Ohio App.R. 26(b) proceedings were not the proper procedural vehicle for advancing such claims." Neither was the

---

[5] This is in keeping with the language cited by Palmer from the *Report and Recommendations*, Doc. 50, in which the Magistrate Judge found the claims not be procedurally defaulted and amenable to merits review.

16

Court "enforc[ing] [a] procedural sanction.") *Motion for the Issuance of a Certificate of Appealability* at 79.

Contrary to Palmer's assertion, the Magistrate Judge's findings were not an endorsement of the proposition that post conviction proceedings are the proper vehicle for raising claims of ineffective assistance of appellate counsel. *See Motion for the Issuance of a Certificate of Appealability* at 78. Rather, the Magistrate Judge addressed the merits of the claim and found them meritless because they argued that counsel on direct appeal were defective for reasons that relied upon evidence outside the record – and because evidence outside the record cannot be submitted on direct appeal, there could be no ineffective assistance of appellate counsel for failing to take an action which would have been prohibited.

Beyond this, Palmer raises no new legal arguments beyond those made in his Traverse and then his objections to the *Report and Recommendations*. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

For these reasons, a certificate of appealability should not issue on ground **seventeen**.

### IV.  Conclusion and Request for Relief

For all of the foregoing reasons, Respondent respectfully submits that Palmer has failed to either present issues debatable among jurists of reason or issues that a court could resolve in a different manner. Nor has Palmer demonstrated that the alleged

grounds present legal or factual issues worthy of further review on appeal. Thus, the Court should not issue a certificate of appealability on these issues.

                Respectfully submitted,

                **Jim Petro (0022096)**
                **Ohio Attorney General**

                s/*Matthew C. Hellman*
                **MATTHEW C. HELLMAN (0071628)***
                ***Trial Counsel*
                Assistant Attorney General
                Email: mhellman@ag.state.oh.us
                **ANNA M. FRANCESCHELLI (0076273)**
                Assistant Attorney General
                Email: afranceschelli@ag.state.oh.us

                Capital Crimes Section
                30 East Broad Street, 23rd Floor
                Columbus, Ohio 43215-3428
                (6l4) 728-7055; (614) 728-8600 (fax)

                **COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, *Respondent's Memorandum in Opposition to Petitioner's Motion for the Issuance of a Certificate of Appealability*, has been forwarded this **4th** day of **August 2006**, via the court's electronic notification system to:

| | |
|---|---|
| Keith A. Yeazel | Michael O'Hara |
| Attorney at Law | O'Hara, Ruberg, Taylor, Sloan & Sergent |
| 65 South Fifth Street | 209 Suite C Thomas More Park |
| Columbus, Ohio 43215 | Crestview, Kentucky 41017 |
| Email: yeazel@netwalk.com | Email: mohara@ortlaw.com |

s/ *Matthew C. Hellman*

**Matthew C. Hellman (0071628)**
Assistant Attorney General