# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DONALD L. PALMER,

                Petitioner,

      -vs-

MARGARET A. BAGLEY, Warden,

                Respondent.

:      Case No. 1:00-cv-882

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

:

---

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 126) and the Warden's Response (Doc. No. 127).

On December 16, 2005, the Magistrate Judge recommended that the Petition for Writ of Habeas Corpus be denied (Report and Recommendations, Doc. No. 103). Petitioner timely objected (Doc. No. 110) and the District Court adopted the Report and Recommendations over those Objections (Doc. No. 117). Petitioner timely appealed (Doc. Nos. 119, 121) and now seeks a certificate of appealability.

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary

constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield*

*v. Bell,* 258 F.3d 484 (6th Cir. 2001).

In his Petition, Mr. Palmer pled eighteen grounds for relief.  He now seeks a certificate of appealability on ten of them,  Claims 2, 3, 4, 6, 8, 9, 10, 12, 15, 17.  Each will be discussed in turn.

**Second Ground for Relief**

In his second ground for relief, Palmer argued that the evidence presented at trial was insufficient to support his convictions for aggravated murder.  (Petition, Doc. No. 15 at 21.)  For the reasons set forth in the Report and Recommendations, Petitioner has shown no way in which the Ohio Supreme Court decision on this question is an unreasonable application of clearly established federal law, particularly  *Jackson v. Virginia*, 443 U.S. 307, 315 (1979), and *In re Winship*, 397 U.S. 358, 364 (1970).   No attempted additional showing is made in the Motion for Certificate of Appealability.  Palmer should be denied a certificate of appealability on his Second Ground for Relief.

**Third Ground for Relief**

In his third ground for relief, Palmer claimed twenty-one different instances of alleged prosecutorial misconduct took place in his trial, rendering it fundamentally unfair.  He has grouped these claims for purposes of arguing the Motion for Certificate of Appealability and the following discussion follows those groupings.

**Claims 3.2, 3.3, 3.4, 3.9, and 3.10 relating to alleged "other acts" evidence:**

In sub-claims 3.2, 3.3, 3.9, and 3.10, Palmer contends that the prosecutor's elicitation and use of numerous instances of "other acts" evidence was improper, and that the prosecutor encouraged the jurors to use such evidence for improper purpose. (Petition, Doc. No. 15 at 6-8.) In sub-claim 3.4, Palmer contends the prosecutor argued to the jury that it could infer from Palmer's activities prior to the killings and his dislike of Goolie that Palmer intended to kill anyone he came into contact with prior to the murders of Sponhaltz and Vargo. (Petition, Doc. No. 15 at 22.)

In the Report and Recommendations, this Court concluded that, far from being prosecutorial misconduct, the introduction of the evidence which Petitioner characterizes as "other acts" evidence was completely proper. The Ohio Court of Appeals held that the evidence complained of was not "other acts" character evidence, but was instead evidence that established Palmer's "whereabouts, intentions, or state of mind" during the time preceding the murders. *State v. Palmer*, No. 89-B-28, 1996 WL 495576 at *6 (Ohio App. 7th Dist. Aug 29, 1996)(unreported), quoted in Report and Recommendations (Doc. No. 103 at 66). In the Motion, Petitioner essentially assumes away this decision by the Court of Appeals, but the decision that the evidence was admissible is critical to the further analysis: if the evidence was admissible, then it cannot have been prosecutorial misconduct to attempt to introduce it or to rely on it after it was admitted.

Furthermore, Petitioner has not shown any way in which the Court of Appeals' decision was or could have been an unreasonable application of clearly established federal law. Indeed, the only Supreme Court law cited in this extensive portion of the Motion is *Berger v. United States*, 295 U.S. 78 (1935), for the proposition that "It is as much his [the prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Id*. at 88. The Court of Appeals' decision does not appear to be an unreasonable

application of *Berger* nor does it appear that reasonable jurists could find that it was. See *Early v. Packer*, 537 U.S. 3 (2002)(per curiam)(In order to avoid being contrary to Supreme Court precedent, a state court decision need not cite the controlling precedent or even be aware of it "so long as neither the reasoning nor the result of the state-court decision contradicts them.") It is sufficient if the result and reasoning are consistent with Supreme Court precedent. *Slagle v. Bagley*, 457 F.3d 501 (6th Cir., 2006), citing *Early v. Packer, supra.*

No certificate of appealability should issue on Claims 3.2, 3.3, 3.4, 3.9, and 3.10.

**Claim 3.5**

In sub-claim 3.5, Palmer claimed the prosecutor misstated the law by arguing that prior calculation and design is capable of being manifested in ten to fifteen seconds. (Petition, Doc. No. 15 at 22.) He restates that argument in the present Motion (Motion at 14-16). He asserts that this Court's procedural default resolution of this claim is debatable among jurists of reason because such jurists "would find it debatable whether the district court may impose a procedural default the Warden never asserts." *Id*.

Here the Respondent had argued that this particular claim was procedurally defaulted, but on a different basis from that raised by the Court. The Sixth Circuit has held that it is not inappropriate for a court to raise a procedural default *sua sponte*. *Sowell v. Bradshaw,* 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§2254 capital case)*;Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§2255 case). *See also Rosario v. United States*, 164 F.3d 729, 732-33 (2d Cir. 1998); but see Metzcar, *Raising the Defense of Procedural Default Sua Sponte: Who Will Enforce the Great Writ of Liberty?*, 50 Case W. Res. L. Rev. 869 (2000). The Supreme Court has held that a circuit court is not obliged to raise a procedural default *sua sponte*. The Court

declined to decide whether it was permitted to do so. *Trest v. Cain,* 522 U.S. 87 (1997). *Day v. McDonough*, ___ U.S. ___, 126 S. Ct. 1675, 164 L. Ed. 2d ( 2006), suggested that, like statute of limitations issues, it may be raised *sua sponte*.

Based on this case law, the Magistrate Judge recommends that a certificate of appealability be granted on this claim 3.5 because the law is not as yet firmly established. In other words, the Petitioner deserves encouragement to proceed on this question so that the law can become established.

**Claim 3.14:**

In sub-claim 3.14, Palmer contended that the prosecutor improperly argued that all of the aggravating circumstances found beyond a reasonable doubt in the guilt phase of the trial should be weighed against the mitigating factors in determining the appropriate penalty for Palmer. (Petition, Doc. No. 15 at 23; Traverse, Doc. No. 25 at 33-34.) Petitioner argued claim 3.14 merely as a matter of state law in the Petition and Traverse and makes the same argument here ("This clearly violated Ohio law . . . ." Motion, Doc. No. 126 at 16). However, the Ohio Supreme Court determined there was not a violation of Ohio law and this Court in a habeas proceeding is not in a position to reverse that finding, especially when it is raised by asserting prosecutorial misconduct.

**Claim 3.17:**

In sub-claim 3.17, Palmer contended the prosecutor improperly suggested to the jurors that their rejection of the defense of voluntary intoxication in the guilt phase of Palmer's trial also eliminated intoxication as a mitigating factor in the penalty phase. (Petition, Doc. No. 15 at 23-24.) On the merits, this Court rejected this claim because there was scant evidence of actual intoxication and Ohio courts generally give little weight to intoxication in mitigation.

Petitioner has not shown how the Ohio courts' resolution of this claim violated clearly established federal law. He relies on *State v. Lawrence*, 44 Ohio St. 3d 24, 541 N.E. 2d 451 (1989). There the Ohio Supreme Court itself held that the aggravating factors in that case did not outweigh the mitigating factors and reversed the death sentence on that basis, rather than on the basis argued by Petitioner. While the prosecutor in this case arguably misstated the law about reconsidering the intoxication during mitigation, the argument could also have been heard by the jury as suggesting that there just wasn't much evidence of intoxication in any event. While the law on that consideration may be different, the facts in evidence are exactly the same. This is not a situation where the prosecutor told the jury that the burden of proof was the same in both stages of the trial or told them that they must not consider intoxication as a mitigating factor because they did not accept it as a defense. It must be remembered that this claim is presented as one of prosecutorial misconduct and it cannot be said that reasonable jurists would believe that this minor misstatement of law by the prosecutor, assuming it was heard in that way by the jury, rendered the whole trial fundamentally unfair. No certificate should be granted on claim 3.17.

**Claims 3.19 and 3.20:**

In sub claims 3.19 and 3.20, Palmer argues that the prosecutor improperly introduced evidence that Palmer had failed to pay child support and had sexually abused his children. (Petition, Doc. No. 15 at 24.) The Court disposed of these two claims on procedural grounds and is persuaded that reasonable jurists could disagree with that disposition. It is therefore recommended that a certificate of appealability issue as to Claims 3.19 and 3.20.

**Fourth Ground for Relief**

In his fourth ground for relief, Palmer contends the trial court erred in rejecting his request for an instruction on the lesser included offense of involuntary manslaughter. This Court rejected the fourth ground on the merits, holding that the Ohio Supreme Court's decision that the evidence did not warrant a voluntary manslaughter conviction was not an unreasonable application of clearly established federal law.

Because this ruling is very fact sensitive, a certificate of appealability should issue on this claim. See *Beck v. Alabama*, 447 U.S. 625 (1980).


**Sixth Ground for Relief**

In his sixth ground for relief, Palmer argued that the trial court's failure to instruct the jury that a specific finding that Palmer intended to kill Sponhaltz and Vargo was necessary for conviction on the aggravated murder counts. (Petition, Doc. No. 15 at 25.) The Court decided this claim on the merits, finding that the Ohio Supreme Court's rejection of this claim was not an unreasonable application of clearly established federal law, citing *Buell v. Mitchell*, 274 F.3d 337, 366 (6th Cir. 2001), *quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Scott v. Mitchell*, 209 F.3d 854, 872 (6th Cir. 2000).

At trial, the jury was instructed, in relevant part, as follows:

> Purpose to cause the death of another is an essential element of the crime of aggravated murder.
>
> A person acts purposely when it is his specific intention to cause a certain result. It must be established in this case that at the time in question there was present in the mind of the defendant a specific intention to cause the death of [the victims].
>
> A person acts purposely when the gist of the offense is a prohibition against conduct of a certain nature regardless of what the offender

> intends to accomplish thereby, if it is his specific intention to engage
> in conduct of that nature.

(Trial Tr. at 1207, 1215, 1220-21; *see also* 1227.)  The third of these paragraphs is not relevant to

the charges made in this case.  In the Report and Recommendations, the Magistrate Judge concluded

that when the jury instructions are viewed as a whole, the jury would have understood that they had

to find a specific purpose to kill.  Nonetheless, the question whether a jury might have been confused

by the third paragraph is one on which reasonable jurists could disagree and a certificate of

appealability should be granted on this ground for relief.

On the other hand, Petitioner argues that "[l]ike the offending instruction in *Sandstrom* [*v.*

*Montana*, 442 U.S. 510 (1979)],the trial court's instruction here allowed the possibility that the jury

would conclusively presume intent to kill the victims from Mr. Palmer's unspecified intent to engage

in other conduct." (Motion at 30.)  There is nothing even approaching a *Sandstrom* conclusive

presumption question in this case.

**Eighth Ground for Relief**

In his eighth ground for relief, Palmer argues that the trial court's erroneous admission of

prejudicial "other acts" evidence deprived him of his right to due process of law and violated the

Eighth Amendment's prohibition against cruel and unusual punishment.  (Petition, Doc. No. 15 at

25-26.)

Petitioner's argument for a certificate of appealability on this claim focuses on reminding

the Court, by numerous extensive citations, how frequently the common law has rejected the use of

character evidence to prove conduct in the criminal case in suit.  That, however, is not the issue.

The court of appeals held that the evidence complained of was not "other acts" character evidence,

but was instead evidence that established Palmer's "whereabouts, intentions, or state of mind" during the time preceding the murders. *State v. Palmer*, No. 89-B-28, 1996 WL 495576 at *6 (Ohio App. 7th Dist. Aug 29, 1996)(unreported), quoted in Report and Recommendations at 66.  The Petitioner has cited no authority to show that this ruling was somehow an unreasonable application of clearly established federal law.  He should be denied a certificate of appealability on his eighth ground for relief.

**Ninth Ground for Relief**

In his ninth ground for relief, Palmer contends that the trial court's failure to give a limiting instruction on the use of the "other acts" evidence violated his rights to due process and to be free from cruel and unusual punishment.  (Petition, Doc. No. 15 at 26.)  Here again Petitioner persists in characterizing the so-called "other acts" evidence as having been offered to show character or propensity.  This ignores the actual holding of the court of appeals that this was not evidence of that type.  Petitioner also ignores the Court's holding that the evidence of intent to murder Sponholz and Vargo was great, making any prejudice unlikely.  Petitioner should be denied a certificate of appealability on this ground as well.

**Tenth Ground for Relief**

In his tenth ground for relief, Palmer contended the trial court should have ordered the State to elect between counts prior to the sentencing phase of his trial.  (Petition, Doc. No. 15 at 26.)  The jury had found Petitioner guilty of two counts of aggravated murder as to each victim, and Petitioner sought to require the State to elect to proceed in the sentencing phase on only one count as to each

victim, relying on Ohio Revised Code § 2941.25. Petitioner again relies on that statute in his Motion (Doc. No. 126 at 43). For Supreme Court law he relies on *Jurek v. Texas,* 428 U.S. 262 (1976), but that case merely requires that the sentencing procedure be on that "guides and focuses the jury's objective consideration of the particularized circumstances of the individual offense and the individual offender before it can impose a sentence of death." *Id*. at 263, (quoted in Motion, Doc. No. 126, at 43. *Jurek* in no way commands a procedure such as Petitioner requested at trial. Nor has Petitioner shown how the procedure actually followed fails to focus on the particular offense as *Jurek* commands. Here the jury found that the acts committed by Petitioner were proved beyond a reasonable doubt to constitute aggravated murder in two different ways. *Jurek* does not prohibit the jury from considering both of those grounds of conviction at the sentencing phase.

**Twelfth Ground for Relief**

In his twelfth ground for relief, Palmer claims the jury was erroneously instructed that a sentencing verdict of life imprisonment must be unanimous. (Petition, Doc. No. 15 at 27.)

Petitioner does not dispute that that is a correct statement of Ohio law. Instead, in his Motion for Certificate of Appealability he argues that approval of this instruction by the Ohio courts is an unreasonable application of *Mills v. Maryland*, 486 U.S. 367 (1988). In *Mills*, however, the Supreme Court held that a state could not require that a capital sentencing jury be unanimous on the existence of a mitigating factor. However, the instruction at issue here is nothing like that. It quite properly permitted the jurors to consider all the mitigating evidence presented and only required that they find, beyond a reasonable doubt, whether the aggravating circumstances outweighed the mitigating factors. In other words, in contrast to the instruction given in *Mills*, the instruction given

here allows each juror to give whatever weight he or she finds appropriate to whatever mitigating factors he or she finds exists. All that is required is that those considerations be cumulated in the ultimate decision of whether, in the unanimous opinion of the jury, the aggravating circumstances outweigh the mitigating factors. The only unanimity the instruction required was unanimity on the ultimate decision, not unanimity on the existence or weight of any particular mitigating factor.

Petitioner has not shown that reasonable jurists would disagree with this Court's conclusion that the Ohio courts' decisions were not an unreasonable application of *Mills* or any other clearly established federal law. He should be denied a certificate of appealability on his twelfth ground for relief.

**Fifteenth Ground for Relief**

In his fifteenth ground for relief, Palmer alleges numerous instances of his trial counsel's ineffective assistance. Only those sub-claims on which a certificate of appealability was requested will be addressed here.

**Claim 15.3**

In sub-claim 15.3, Palmer alleges his trial counsels' ineffectiveness in their failure to request appointment of a toxicologist or pharmacologist to explain the effect of alcohol and cocaine withdrawal on Palmer's ability to form the requisite intent to kill his victims. (Petition, Doc. No. 15 at 28.)

This Court found Claim 15.3 to be procedurally defaulted in that, when it was presented in post-conviction, Petitioner failed to support it with evidence outside the record. (Report and Recommendations, Doc. No. 103 at 92, citing *State v. Palmer*, No. 96-BA-70, 1999 WL 979228 at

*5 (Ohio App. 7th Dist., Oct. 20, 1999)(unreported)). The Court applied the standard analysis in the Sixth Circuit from *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), and found that there was a well-established Ohio rule which required such support outside the record, that it had been enforced here against Petitioner, that it was adequate and independent, and that Petitioner had not shown cause and prejudice.

Petitioner now argues that the requirement for evidence outside the record is directory rather than mandatory and that the Belmont County Court of Appeals decided this issue on the merits by holding that it was "not sufficiently documented rather than defaulted." (Motion, Doc. No. 126, at 50). What the Court of Appeals actually held disposes of both of these arguments:

> As held in *State v. Jackson* (1980), 64 Ohio St.2d 107, 413 N.E.2d 819:
>
> "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Id. at syllabus.
>
> *Jackson* was upheld in *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 448 N.E.2d 823, where the court held that the petitioner must submit evidentiary documents containing sufficient operative facts and cannot rest on self-serving declarations of ineffective assistance of counsel.
>
> Appellant's complaint that his counsel failed to request the assistance of a pharmacologist or toxicologist during the guilt phase lacks merit based upon our analysis of this same argument in appellant's twenty-sixth claim for relief infra. Appellant's complaint that his counsel failed to request the assistance of a toxicologist to testify in the mitigation phase can only be heard in a post-conviction proceeding if he submitted sufficient documentation to show that he is entitled to relief. In the case at bar, appellant failed to submit affidavits to support his contention that such an expert would have made it reasonably likely that the result of the trial would have been different. Moreover, no great expertise is required to determine the effects of alcohol on a person. See *State v. Wilcox* (1982), 70 Ohio St.2d 183, 194. See, also, our examination of appellant's twenty-sixth claim for relief.

*State v. Palmer*, 1999 WL 979228 (Ohio App. 7th Dist. October 20, 1999).  In sum, the court held that affidavits are necessary in conjunction with a post-conviction petition under Ohio Revised Code § 2953.21 and that it would not consider the merits of this ineffective assistance of counsel claim because no such affidavits had been submitted.

In the Motion, Petitioner asserts that the Respondent never contended this claim was procedurally defaulted.  To the contrary Respondent expressly made that claim.  See Return of Writ, Doc. No. 21 at 92-93.  Nor is there any question that the procedural default in question is well-established in Ohio law[1] and independent of federal law.  The rule in *State v. Jackson* is an adequate and independent state ground for procedural default purposes.  *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004), *citing Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002).

Petitioner also asserts that this Court previously held that no procedural default defense had been raised as to Claim 15.3 and therefore the Court was bound by the law of the case doctrine not to deny this claim on procedural default grounds.  (Motion, Doc. No. 126, citing Report and Recommendations, Doc. No. 50, and Supplemental Report and Recommendations, Doc. No. 56.)  The two cited Reports dealt with Petitioner's Motion for Partial Summary Judgment on the procedural default defense.  In examining the pleadings up to that point, the Magistrate Judge mistakenly concluded that procedural default had not been raised as to this claim and therefore did not rule on it.  When the Magistrate Judge reached the case on the merits, a more careful reading showed that the defense had both been raised and was meritorious.  Therefore the Report and Recommendations on the merits recommending denying Claim 15.3 on this basis.  When filing his Objections (which the Court permitted to be filed at ten times the usual 20-page limit), Petitioner

_____

[1]As can be readily determined by checking a citator as to citations of *State v. Jackson, supra.*

never argued that the law of the case prevented that ruling. Of course, failure to make objections forfeits any right to raise the claim on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

In any event, Petitioner's argument is not correctly seen as an application of the law of the case doctrine. "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a **rule of law**, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983)(emphasis supplied), citing 1B Moore's Federal Practice ¶0.404 (1982). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*, citing *Southern R. Co. v. Clift*, 260 U.S. 316, 3193 (1922); *Messenger v. Anderson*, 225 U.S. 436 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995). "At the trial level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment. Prejudgment orders remain interlocutory and can be reconsidered at any time." Moore at ¶0.404. With respect to Claim 15.3, the Court's observations about the procedural default defense were at best in inaccurate reading of the pleadings, and neither a finding of fact nor adoption of a conclusion of law.

No certificate of appealability should be issued on claim 15.3.

**Claim 15.6**

In sub-claim 15.6, Palmer alleged his trial counsels' ineffectiveness in their failure to object to incomplete and erroneous jury instructions on inferences. (Petition, Doc. No. 15 at 29; Post-Evidentiary Hearing Brief, Doc. No. 79 at 38-41.) The Court rejected this claim both on a procedural default basis and because the prosecutor did not ask the jury to ask an inference upon an

-16-

inference. In his Motion for certificate of appealability, Petitioner has nowhere cited any United States Supreme Court law which would prohibit a jury from making an inference in the circumstances of this case.

Petitioner also raises here a law of the case argument similar to that made as to Claim 15.3. As to Claim 15.6, the Court did grant summary judgment to Petitioner on his motion to preclude a procedural default defense on this Claim.  To that extent, Claim 15.6 is different from Claim 15.3. However, the motion for summary judgment was granted because the Respondent never opposed the motion (See Report and Recommendations, Doc. No. 50, at 13-14).  However, Respondent did plead the defense in the Return of Writ  (Doc. No. 21 at 92-93.).  The Magistrate Judge addressed the defense on the merits in the Report and Recommendations on the merits and Petitioner made no law-of-the-case objection in his 200+ page Objections.  He is now barred from raising that claim on appeal on the same basis as he is barred on Claim 15.3.

No certificate of appealability should be granted on this claim.


**Claims 15.8 and 15.9**

In sub-claims 15.8 and 15.9, Palmer claimed his trial counsel were ineffective when they failed to object to evidence that Palmer did not pay his child support, and trial counsels' failure to request a limiting instruction regarding the same evidence.  (Petition, Doc. No. 15 at 29.)  The Court decided this claim on the merits, holding that, since the trial and appellate courts refused to characterize this as "other acts" evidence, it is unlikely they would have sustained an objection if it had been made (Report and Recommendations, Doc. No. 103, at 102).  No certificate of appealability should be issued on these claims.

**Claim 15.10**

In sub-claim 15.10, Palmer argued that his trial counsel were ineffective in not objecting to several instances of alleged prosecutorial misconduct. (Petition, Doc. No. 15 at 29.) The Court determined that these claims had been effectively abandoned. Even if that were incorrect, Petitioner has made no substantial showing that an objection by his counsel on these particular grounds would likely have been granted. No certificate of appealability should be granted on this claim.

**Claims 15.11, 15.12, and 15.13**

In sub-claims 15.11, 15.12, and 15.13, Palmer contended the testimony of three witnesses respecting their contact with or observations of Palmer and Hill in the hours before the murders should have been objected to by his trial counsel, and that their failure to do so constitutes ineffective assistance. (Petition, Doc. No. 15 at 29.) The Court decided that these claims had been procedurally defaulted because they were not raised as claims of ineffective assistance of counsel in the state courts (Report and Recommendations, Doc. No. 103, at 102-103.) Petitioner has not taken issue with that ruling on a substantive basis, but criticizes the Court for not adhering to an interim ruling on the question of procedural default.

**Claim 15.14[2]**

As to this claim, the Report and Recommendations reads in its entirety:

Palmer's sole allegation in his petition relating to sub-claim 15.14 is

---

[2]In the Motion, Petitioner argues this claim together with Claim 15.22 (Motion, Doc. No. 126, at 58.) Because quite different analysis is needed, the Magistrate Judge analyzes them separately.

> that his trial counsel announced in his penalty-phase opening
> statement that the night before, he had been watching television news
> reports about an earthquake in California when he should have been
> preparing for the mitigation phase. (Petition, Doc. No. 15 at 29-30.)
> The claim is not argued in the traverse, and while argument purports
> to be made concerning sub-claim 15.14 in Palmer's post-evidentiary
> hearing brief (Doc. No. 79 at 5-9), the argument relates to sub-claim
> 15.22, *infra*. That argument will be considered when the relevant
> sub-claim is addressed below, and since Palmer does not argue the
> substance of sub-claim 15.14 in either his petition, traverse, or post-
> evidentiary hearing brief, it is abandoned and should be denied.

(Report and Recommendations, Doc. No. 103, at 104.) This claim is nowhere near as broad as the

claim is stated in the Motion (Doc. No. 126 at 58). No certificate of appealability should be granted

as to claim 15.14 as stated in the Petition and *a fortiori* no certificate of appealability should issue

as to that claim as stated in the Motion.

**Claim 15.22**

In sub-claim 15.22, Palmer claimed his trial counsel were ineffective for failing to properly

investigate and present mitigating evidence. (Petition, Doc. 15 at 30.) This Court decided that the

claim was procedurally defaulted because it had never been presented to the state courts at all

(Report and Recommendations, Doc. No. 103, at 110.)

In his Motion, Petitioner faults this Court's procedural default analysis by asserting that

presentation of evidence in conjunction with a post-conviction petition under Ohio Revised Code

§ 2953.21 is optional and the Court of Appeals decided this claim on the merits, rather than on the

basis of procedural default. These arguments are unpersuasive for the reasons given above with

respect to claim 15.3.

**Claim 15.15**

In sub-claim 15.15, Palmer contends his trial counsels' failure to object to numerous

instances of prosecutorial misconduct in the penalty phase of trial constituted ineffective assistance. (Petition, Doc. No. 15 at 30.)  The Court denied this claim on the merits, having found no merit to the underlying prosecutorial misconduct claims (Report and Recommendations, Doc. No. 103, at 105.)  The only sub-grounds of the third ground for relief on which the Magistrate Judge has recommended a certificate of appealability are ones on which there might be a debate among reasonable jurists as to the procedural default ruling, not on the merits.  Accordingly, no certificate of appealability should issue on this claim.

**Claim 15.16**

In sub-claim 15.16, Palmer contended his trial counsel were ineffective in failing to object to erroneous jury instructions respecting the unanimity requirement of any verdict less than death, and that the jury's verdict would be only a recommendation.  (Petition, Doc. No. 15 at 30.)  The Court decided that the latter point was procedurally defaulted and that the prior argument was without merit.  Petitioner has not shown how either of these conclusions would be debatable among reasonable jurists and therefore should not be granted a certificate of appealability on this claim.

**Claims 15.17**

In sub-claim 15.17, Palmer contends his trial counsel provided ineffective assistance when they failed to object to cross-examination of defense witnesses by the prosecutor.  (Petition, Doc. No. 15 at 30.)  On this claim, the Court ruled:

> Palmer's claim is meritless.  Each mitigation witness whom the prosecutor cross-examined about the allegations that Palmer had abused his wife or children and had failed to pay child support first testified on direct examination to Palmer's kindness, considerate nature, sweetness, truthfulness, or nonviolent nature.  (Trial Tr. II at 20, 22, 24, 28, 31, 38, 45-47, 105, 107-8.)  Palmer himself testified

> on direct examination that he never struck his ex-wife or abused his
> children. (Trial Tr. II at 68.) Thus, the prosecutor was entitled to
> cross-examine the witnesses on their direct testimony, Ohio R. Evid.
> 616(C), and trial counsel was not ineffective for not objecting to the
> same. Consequently, Palmer's ineffective assistance of trial counsel
> claim 15.17 should be denied.

(Report and Recommendations, Doc. No. 103, at 106-107.) Any objection would have been

meritless. Therefore it cannot have been ineffective assistance to have failed to make the objection.

Petitioner fails to suggest any Supreme Court law which might have been unreasonably applied in

so holding. Therefore no certificate of appealability should be issued on this claim.

### Claim 15.18

In claim 15.18, Palmer contended his trial counsels' failure to object to the introduction into

evidence of Cammy Palmer's affidavit constituted ineffective assistance. (Petition, Doc. No. 15 at

30.) As with Claim 15.17, the confrontation of Cammy Palmer with her prior inconsistent affidavit

was perfectly proper, any objection thereto would not likely have been sustained, and it was

therefore not ineffective assistance to fail to make it. There is no Supreme Court law even arguably

to the contrary cited in the Motion. No certificate of appealability should be issued on this claim.

### Claims 15.19 and 15.20

In sub-claims 15.19 and 15.20, Palmer argued his trial counsels' ineffectiveness is

demonstrated by their failure to obtain a mitigation specialist, toxicologist, or pharmacologist to

assist in preparing and presenting his mitigation case. (Petition, Doc. No. 15 at 30.) The Court

rejected these claims because they had been procedurally defaulted (Report and Recommendations,

Doc. No. 103, at 108-109). In the Motion, Petitioner claims Respondent did not assert these claims were procedurally defaulted, but in fact Respondent did assert that defense. (See Return of Writ, Doc. No. 21 at 94.) Petitioner's claim that the Belmont County Court of Appeals decided this claim on the merits rather than on a procedural default basis is incorrect for the same reasons given above as to Claims 15.3 and 15.22.

**Seventeenth Ground for Relief**

In his seventeenth ground for relief, Palmer contended his appellate counsel ineffectively represented him in his direct appeal. (Petition, Doc. No. 15 at 31-37.)

### Claim 17.7

In this claim, Petitioner alleged his appellate counsel were ineffective for not raising as error on appeal the denial of an expert in drug/alcohol abuse in the mitigation phase. This Court denied this sub-claim on the merits as had the Ohio Supreme Court because such a claim necessarily relies upon evidence showing what the expert would have testified to for proof of prejudice. Therefore it could not have been error to have failed to raise this claim on direct appeal as there was no evidence of record to show what such an expert would have testified to. In his Motion, Petitioner asserts this Court disposed of this claim on procedural grounds, but that is not accurate. The Report and Recommendations which were ultimately adopted by the District Court plainly state this claim is meritless (Doc. No. 103 at 117).

Petitioner then asserts this Court's conclusion is debatable among reason jurists because:

> There is no Ohio procedural rule that requires a defendant to raise claims that rely in part on evidence outside the record only in post conviction proceeding. In fact, post conviction proceedings are not the proper procedural vehicle for raising claims of ineffective

assistance of appellate counsel. *See, State v. Murnahan,* 63 Ohio
St.3d 60 (1992).

(Motion, Doc. No. 126, at 78.)  The second statement is true: *Murnahan* forbids raising claims of

ineffective assistance of appellate counsel in proceedings under Ohio Revised Code § 2953.21.  But

that hardly implies the truth of the first proposition.  There is no mechanism known to this Court,

and none is cited by Petitioner, by which factual matter can be introduced into the record after

conviction except for proceedings under Ohio Revised Code § 2953.21.[3]


**Claim 17.9**

In this sub-claim, Petitioner noted that, while his appeal was pending, the Ohio General

Assembly adopted life without parole as a possible sentence for aggravated murder, which should

have been applied to his case under the rule of lenity.  He asserted his appellate counsel was

ineffective for failing to raise this claim.  This Court rejected the claim on the merits, holding that

[t]he rule of lenity, however, is not a rule of retroactivity" (Report and Recommendations, Doc. No.

103, at 121).  In his Motion, Petitioner presents no authority for the propositions that (1) the rule of

lenity has ever applied retroactively in Ohio to reduce the sentence in cases pending on direct

appeal, (2) it is ineffective assistance of counsel to make such an argument, or (3) it is an

unreasonable application of clearly established federal law to decide, as the Ohio Supreme Court

did, that it is not ineffective assistance of appellate counsel to fail to raise that argument.

No certificate of appealability should be granted on Clam 17.9.

---

[3]A possible exception would be a motion for new trial relying on newly-discovered
evidence, but then the defendant is required to show that the evidence could not have been
discovered before trial in the exercise of reasonable diligence.

**Claim 17.12**

In this claim, Petitioner alleged appellate counsel were ineffective for not raising as error on appeal trial counsels' ineffectiveness in failing to present all mitigation evidence. This Court rejected this claim on the merits on the same basis as Claim 17.7 (Report and Recommendations, Doc. No. 103, at 117). A certificate of appealability should be denied on the same basis.

**Claim 17.13**

In this claim, Petitioner alleged appellate counsel were ineffective for not raising as error on appeal trial counsels' ineffectiveness for failing to request, and the trial court's failure to appoint a social worker to assist in the mitigation phase of Palmer's trial. This Court rejected this claim on the merits on the same basis as Claim 17.7 (Report and Recommendations, Doc. No. 103, at 117). A certificate of appealability should be denied on the same basis.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Court grant a certificate of appealability on Petitioner's Grounds for Relief 3.5, 3.19, 3.20, 4, and 6. Petitioner's Motion should otherwise be denied.

October 2, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Death Penalty\Palmer v. Bagley\Palmer v Bagley CertAppR&R.wpd