IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


| | | |
|---|---|---|
| **DONALD L. PALMER,** | : | |
| **Petitioner,** | : | **CASE NO. 1:00-cv-882** |
| **v.** | : | **District Judge Thomas M. Rose** |
| **MARGARET BAGLEY, Warden** | : | **Chief Magistrate Judge Michael R. Merz** |
| **Respondent.** | : | |

---

### RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S OCTOBER 2, 2006 REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

---

Respondent Margaret Bagley respectfully opposes Petitioner Donald L. Palmer's

Objections and Appeal of his Certificate of Appealability for the reasons contained in the

attached memorandum.

Respectfully submitted,

**Jim Petro (0022096)**
**Ohio Attorney General**

**MATTHEW C. HELLMAN (0071628)\***
*\*Trial Counsel*
Assistant Attorney General
Email: mhellman@ag.state.oh.us
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)


**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN SUPPORT**

I.    STATEMENT OF THE CASE

In 1989, Petitioner Donald L. Palmer was tried, convicted and sentenced to death for the murders of Charles Spoonhaltz and Steven Vargo in Belmont County, Ohio.

On September 8, 2000, Palmer filed a Petition for a Writ of Habeas Corpus with this Court. Doc. 15.  On December 1, 2000, Respondent filed a Return of Writ. Doc. 21. On February 23, 2001, Palmer filed a Traverse. Doc. 25.

On March 6, 2003, an evidentiary hearing was held. Doc. 68.  On June 20, 2003, Respondent filed a Post-Hearing Brief. Doc. 74.  On June 25, 2003, Palmer filed a Post-Hearing Brief. Doc. 79.

On December 16, 2005, Chief Magistrate Judge Merz issued his Report and Recommendations recommending that Palmer's Petition for Writ of Habeas Corpus be denied. Doc. 103.

On February 28, 2006, Palmer filed his objections. Doc. 110.  On March 13, 2006, Respondent filed a Memorandum in Opposition to Palmer's Objections. Doc. 111. On March 29, 2006, Palmer filed a Reply Memorandum. Doc. 116.  On April 17, 2006, the District Judge issued an order overruling Palmer's objections to the Chief Magistrate Judge's Report and adopting the Magistrate Judge's Report and Recommendations in their entirety. Doc. 117.

On June 23, 2006, the Chief Magistrate Judge ordered Palmer to file a motion for a certificate of appealability. Doc. 123.  On July 15, 2006, Palmer filed his Motion for the Issuance of a Certificate of Appealability. Doc. 126.  Respondent filed a Response in

Opposition to Palmer's Motion for Certificate of Appealability on August 4, 2006. Doc. 127. The Chief Magistrate Judge issued his Report and Recommendations on Certificate of Appealability on October 2, 2006, recommending that the Court grant a certificate of appealability on Palmer's Grounds for Relief 3.5, 3.19, 3.20, 4 and 6. Doc. 128.

On October 16, 2006, Palmer filed his Objections to Report and Recommendations regarding his motion for certificate of appealability and a motion for leave to file excess pages. Docs. 129, 130-1. Palmer's motion for leave to file excess pages was denied without prejudice on October 17, 2006 for failure to comply with S.D. Ohio R. 7.3. On the same day, Palmer filed his amended motion for leave to file excess pages (Doc. 131), which was granted. Respondent now files this opposition.

## II.    APPLICABLE STANDARDS OF REVIEW

In *Barefoot v. Estelle*, 463 U.S. 880 (1983), the Supreme Court of the United States recognized the intent of Congress, in requiring a petitioner to obtain a certificate of probable cause to appeal, "to prevent frivolous appeals from delaying the State's ability to impose sentences, including death sentences." *Id*. at 892. The Supreme Court then described as follows the standards to be applied in determining whether a *habeas corpus* petitioner should be permitted to appeal an unfavorable decision by a district court:

> We agree with the weight of opinion in the Courts of Appeal that a certificate of probable cause requires petitioner to make a "substantial showing of the denial of [a] federal right." *Stewart v. Beta*, 454 F.2d 268, 270, n.2 (CA5 1971, *cert. denied*, 406 U.S. 925, 92 Sect. 1796, 32 Led. 2d 126 (1972). See also *Ramsey v. Hand*, 309 F.2d 947, 948 (CA10 1962). [footnote 4] In a capital case, the nature of the penalty is a proper consideration in determining whether to issue a certificate of probable cause, but the severity of the penalty does not in itself suffice to warrant the automatic issuance of a certificate.

[Footnote 4]  The following cogently sums up the standard:

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits.  He has already failed in that endeavor.  Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"  *Gordon v. Willis*, 516 F.Supp. 911, 913 (ND Ga. 1980) (citing *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (CA2), *cert. denied*, 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed. 2d 56 (1957).

*Id*. at 893-894.

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. Section 2253 to provide, among other things, that a certificate of appealability may issue to permit an appeal by a *habeas corpus* petitioner, upon the petitioner's "substantial showing of the denial of a constitutional right."  The certificate of appealability must indicate which specific issue or issues satisfy the required showing.  *See* Title 28, U.S.C. Section 2253(c).  In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court of the United States held that in amending 28 U.S.C. Section 2253 to require a certificate of appealability as opposed to a certificate of probable cause to appeal, Congress intended to codify the *Barefoot v. Estelle* standard. Thus:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy Section 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows:  When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot*, supra, at 893, and n. 4, 103 S.Ct. 3383, and adopted by Congress in AEDPA. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the courts of appeals may entertain the appeal. Each component of the Section 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (19360) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

*Slack v. McDaniel*, 529 U.S. at 484-85.

### III.    ARGUMENT IN RESPONSE

**The Chief Magistrate Judge correctly determined that a Certificate of Appealability should not issue on Grounds Two, sub-sections of Three, Eight, Nine, Ten, Twelve, Fifteen and Seventeen.**

Palmer objects to the denial of a Certificate of Appealability as to his **Second**, sub-sections of his **Third**, **Eighth**, **Ninth**, **Tenth**, **Twelfth**, **Fifteenth**, and **Seventeenth** Grounds for Relief. However, the Chief Magistrate Judge's denial of a Certificate of Appealability on these grounds does not present issues debatable among jurists of reason;

or issues that a court could resolve in a different manner. *Barefoot v. Estelle*, *supra*, 463 U.S. at 893-894. Moreover, Palmer has failed to demonstrate that the alleged grounds present legal or factual issues worthy of further review on appeal. Thus, based on the Chief Magistrate Judge's Report and Recommendations and the comments below, the Court should overrule Palmer's Objections and adopt the Chief Magistrate Judge's Report and Recommendations.

### A. The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Two since no reasonable jurists would disagree with this Court's determination that there was sufficient evidence to establish aggravated murder.

In his Second Ground, Palmer alleged that there was insufficient evidence to support the finding that Palmer acted with prior calculation and design. Doc. 15, Petition, p. 21; Doc. 25, Traverse, pp. 7-10. In recommending the denial of a Certificate of Appealability, the Chief Magistrate Judge relied on the reasons set forth in the Report and Recommendations in determining that Palmer failed to show that the Ohio Supreme Court's decision was an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 315 (1979), and *In re Winship*, 397 U.S. 358, 364 (1970). Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 4. In his Report and Recommendations, the Chief Magistrate Judge noted that while Palmer cited the correct law, "his argument relies exclusively on [his] version of the events surrounding the murders for factual support." Doc. 103, December 16, 2005 Report and Recommendations, p. 17. The Chief Magistrate Judge then outlined some of the trial testimony that supported the finding that Palmer acted with prior calculation and design and concluded that "[f]aced with the contradictions between Palmer's testimony and the

other evidence presented at trial, the trier of fact apparently determined that Palmer's description of events was less credible than the testimony of the other witnesses." *Id*. at p. 18.

In his objection to the denial of a certificate of appealability, Palmer cites two Ohio Court of Appeals cases and Justice Pfeiffer's dissent to support his argument that the Chief Magistrate Judge erred in recommending against issuing a certificate of appealability with respect to this claim. R. 130-1, Objections to Report and Recommendations, pp. 2-4. However, Palmer's reliance on the above fails to show that the Ohio Supreme Court's resolution of the claim was contrary to or an unreasonable application of federal law, since neither the Ohio Court of Appeals cases, nor Justice Pfeiffer's dissent, are binding upon the Ohio Supreme Court. Palmer also does not allege any specific erroneous findings of fact by the Magistrate Judge. Rather, Palmer continues to advance his version of the events without addressing the contradictory evidence presented at trial. Palmer also confuses the standard for evaluating whether the evidence supporting a state conviction is insufficient to support a finding of guilt beyond a reasonable doubt by using Justice Pfeiffer, through his dissent, as the "thirteenth juror" who disagrees with the finding of the other twelve jurors. Palmer attempts to convince this Court that whether he acted with prior calculation and design is open to reasonable debate. Doc. 130-1, Objections to Report and Recommendations, p. 4. However, the applicable law provides that Palmer is entitled to relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324. Palmer does not argue that no rational trier of fact could have found proof of guilt beyond a reasonable doubt; rather, he

argues that a juror could find, based on Palmer's version of events, that Palmer did not act with prior calculation and design. As Palmer's argument is based on an incorrect application of law, it does not demonstrate grounds for relief.

The Chief Magistrate Judge correctly concluded that the Ohio Supreme Court's determination that the evidence in Palmer's case was more than sufficient to support a finding of prior calculation and design was not contrary to or an unreasonable application of federal law. Although Palmer disagrees with the Magistrate Judge's ultimate holding, he does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings. Thus, the Chief Magistrate Judge correctly concluded that reasonable jurists would not disagree with this Court's determination on the merits of the Second Ground for Relief.

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Second Ground for Relief** lacks merit and should be denied.

> **B.  The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Three [sub-claims 3.2, 3.3, 3.4, 3.9, 3.10, 3.14, and 3.17] since no reasonable jurists would disagree with this Court's determination that the claim lacked merit.**

In his Third Ground, Palmer alleged twenty-one different instances of alleged prosecutorial misconduct at trial. In rejecting this ground for relief, the Court found as follows:

> The Court has evaluated each of Palmer's claims of prosecutorial misconduct and found none of them warrant habeas corpus relief. They fare no better when accumulated. Palmer has not demonstrated that the prosecutors' conduct at trial so prejudiced him that the entire proceeding was rendered fundamentally unfair.

Doc. 103, December 16, 2005 Report and Recommendations, p. 57. The Chief
Magistrate Judge granted a certificate of appealability on sub-claims 3.5, 3.19 and 3.20
(disposed of on procedural grounds). Palmer now objects to the Magistrate Judge's
recommendation against issuing a certificate of appealability on the remaining sub-
sections.

### 1. Sub-claims 3.2, 3.3, 3.4, 3.9 and 3.10 – Other Acts Evidence Introduced at Trial

In these sub-claims, Palmer argued that the prosecutor introduced and used
numerous instances of "other bad acts" evidence for which Palmer was never charged
and which was substantively unrelated to the shootings at issue, and then encouraged the
jurors to use this evidence for improper purposes. Doc. 15, Petition, pp. 6-8. In
recommending the denial of a Certificate of Appealability on sub-claims 3.2, 3.3, 3.4,
3.9, and 3.10, the Chief Magistrate Judge concluded that:

> Far from being prosecutorial misconduct, the introduction of the evidence
> which Petitioner characterizes as "other acts" evidence was completely
> proper. The Ohio Court of Appeals held that the evidence complained
> of was not "other acts" character evidence, but was instead evidence that
> established Palmer's "whereabouts, intentions, or state of mind" during
> the time preceding the murders. *State v. Palmer*, No. 89-B-28, 1996 WL
> 495576 at *6 (Ohio App. 7th Dist. Aug. 29, 1996)(unreported), quoted in
> Report and Recommendations (Doc. No. 103 at 66). In this Motion,
> Petitioner essentially assumes away this decision by the Court of Appeals,
> but the decision that the evidence was admissible is critical to the further
> analysis: if the evidence was admissible, then it cannot have been
> prosecutorial misconduct to attempt to introduce it or to rely on it after it
> was admitted.

Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability,
p. 5.

*Berger v. United States*, 295 U.S. 78 (1935) is the only Supreme Court law cited
by Palmer in support of his argument that the prosecution's use of "other acts" evidence

was so egregious that Palmer's entire trial was rendered unfair.  Doc. 130-1, Objections to October 2, 2006 Report and Recommendations, p. 7.  Palmer relies on *Berger* for the proposition that "[i]t is as much his [the prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."  The Chief Magistrate Judge addressed this argument in his Report and Recommendations, concluding that the Court of Appeals' decision "does not appear to be an unreasonable application of *Berger* nor does it appear that reasonable jurists could find that it was."  Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 6.

### 2.  Sub-claim 3.14 – Prosecution Improperly Argued Petitioner Was Guilty of Three Aggravating Circumstances

In sub-claim 3.14, Palmer argued that the prosecutor improperly argued that all the aggravating factors at trial should be weighed against the mitigators in the penalty phase.  Doc. 15, Petition, p. 23.  In recommending the denial of a Certificate of Appealability on sub-claim 3.14, the Chief Magistrate Judge noted that Palmer argued this sub-claim "merely as a matter of state law", which the Ohio Supreme Court determined was not a violation of Ohio law.  Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 7.  Therefore, the Magistrate Judge concluded that "this Court in a habeas proceeding is not in a position to reverse that finding, especially when it is raised by asserting prosecutorial misconduct."  *Id*.

Palmer attempts to overcome the Magistrate Judge's conclusion by infusing a new argument into his objection: that the conduct of the prosecutor did violate the established federal law of *Woodson v. North Carolina*, 428 U.S. 280 (1976) and *Mills v. Maryland*,

486 U.S. 384 (1988). Palmer asserts that where the aggravating circumstances from all counts are combined and weighed against the mitigating circumstances, a defendant is denied, "that 'consideration of * * * circumstances of the particular offense * * * that is a constitutionally indispendsable part of the process of inflicting the penalty of death.'" *State v. Cooey*, 46 Ohio St.3d 20, paragraph three of the syllabus (1989)(quoting *Woodson*, 428 U.S. at 304).

Although Palmer now cites to federal law in his argument, the above federal law has no application to Palmer's prosecutorial misconduct argument. It is the judge, not the prosecutor, who instructs the jury as to how aggravating circumstances and mitigating factors are properly weighed. The prosecutor's argument to the jury was not an instruction and the prosecutor even indicated to the jury that the judge would instruct them regarding the weighing of aggravating circumstances and mitigating factors. Since no improper instruction was given in Palmer's case, the determination of whether the prosecutor's argument constituted prosecutorial misconduct is merely a matter of state law, as the Magistrate Judge correctly concluded in his Report and Recommendations.

### 3. Sub-claim 3.17 – Prosecution Argued Voluntary Intoxication Was Not a Mitigator in the Penalty Phase

In sub-claim 3.17, Palmer argued that the prosecutor improperly directed the jury to reject the intoxication as a mitigating factor since it had already rejected the defense of voluntary intoxication during the guilt phase. Doc. 15, Petition, pp. 23-24. In recommending the denial of a Certificate of Appealability on sub-claim 3.17, the Chief Magistrate Judge pointed out that this Court rejected this sub-claim on the merits "because there was scant evidence of actual intoxication and Ohio courts generally give

11

little weight to intoxication in mitigation." Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 7.

Palmer relies on *State v. Lawrence*, 44 Ohio St.3d 24 (1989), to support his argument that the prosecutor's argument misstated the law and deprived him of his constitutional rights. The Magistrate Judge addressed this same argument in his Report and Recommendations on the Certificate of Appealability:

> This is not a situation where the prosecutor told the jury that the burden of proof was the same in both stages of the trial or told them that they must not consider intoxication as a mitigating factor because they did not accept it as a defense. It must be remembered that this claim is presented as one of prosecutorial misconduct and it cannot be said that reasonable jurists would believe that this minor misstatement of law by the prosecutor, assuming it was heard in that way by the jury, rendered the whole trial fundamentally unfair.

R. 128, Report and Recommendations, p. 8. Thus, the Magistrate Judge correctly determined that no certificate should be granted on this sub-claim.

Palmer's objections fail to provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting the Third Ground for Relief. Palmer continues to make the same arguments raised in his prior pleadings. These arguments fail to demonstrate how reasonable jurists would disagree with the Court's determination on the merits. *Cf. Bonnell v. Mitchell*, 301 F. Supp. 2d 698, 765 (N.D. Ohio 2004) (where petition is denied, "the issue of sufficiency of the evidence, in light of the **undenied cumulative prosecutorial error**, merits further review" because a reasonable jurist might conclude that there was insufficient evidence to convict Bonnell of aggravated murder ) (emphasis added).

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Third Ground for Relief** should be denied.

**C.**     **The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Eight since no reasonable jurists would disagree with this Court's determination that the trial court's admission of "other acts" evidence was proper.**

In his Eighth Ground, Palmer alleged that the trial court erred in admitting the "other acts" evidence in violation of his constitutional rights.  Doc. 15, Petition, pp. 25-26.  In recommending the denial of a Certificate of Appealability on this claim, the Chief Magistrate Judge concluded that:

> Petitioner's argument for a certificate of appealability on this claim focuses on reminding the Court, by numerous extensive citations, how frequently the common law has rejected the use of character evidence to prove conduct in the criminal case in suit.  That, however, is not the issue.  The court of appeals held that the evidence complained of was not "other acts" character evidence, but was instead evidence that established Palmer's "whereabouts, intentions, or state of mind" during the time preceding the murders.  *State v. Palmer*, No. 89-B-28, 1996 WL 495576 at *6 (Ohio App. 7th Dist. Aug. 29, 1996) (unreported), quoted in Report and Recommendations at 66.  The Petitioner has cited no authority to show that this ruling was somehow an unreasonable application of clearly established federal law.

Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 11.

As with the other objections to the Magistrate Judge's recommendation against granting a certificate of appealability, Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim.  Instead, Palmer once again makes the same arguments that were raised in his previous pleadings.  These arguments fail to demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Eighth Ground for Relief** is without merit and should be denied.

**D.     The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Nine since no reasonable jurists would disagree with this Court's determination that the trial court's failure to give a limiting instruction on the "other acts" evidence did not deprive Palmer of his constitutional rights.**

In his Ninth Ground, Palmer alleged that the trial court's failure to give a limiting instruction on the use of the "other acts" evidence violated his constitutional rights. Doc. 15, Petition, p. 26. In recommending the denial of a Certificate of Appealability on this claim, the Chief Magistrate Judge concluded that:

> Here again Petitioner persists in characterizing the so-called "other acts" evidence as having been offered to show character or propensity. This ignores the actual holding of the court of appeals that this was not evidence of that type. Petitioner also ignores the Court's holding that the evidence of intent to murder Sponholtz and Vargo was great, making any prejudice unlikely.

Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 11.

In his objections to the Magistrate Judge's recommendation against certification on this claim, Palmer does not attack the "substantial" evidence against him but rather continues to argue that improper other act evidence was admitted and that a limiting instruction was required – both arguments which the Magistrate Judge presupposed (for the sake of argument) in finding the claim without merit. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Ninth Ground for Relief** is without merit and should be denied.

**E.    The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Ten since no reasonable jurists would disagree with this Court's determination that the trial court's failure to order the election of counts prior to the sentencing phase did not deprive Palmer of his constitutional rights.**

In his Tenth Ground, Palmer alleged that the trial court's failure to order the State to elect between counts prior to the sentencing phase of his trial violated his constitutional rights.    Doc. 15, Petition, p. 26.    In recommending the denial of a Certificate of Appealability on this claim, the Chief Magistrate Judge concluded that:

> For Supreme Court law [Palmer] relies on *Jurek v. Texas*, 428 U.S. 262 (1976), but that case merely requires that the sentencing procedure be on[e] that "guides and focuses the jury's objective consideration of the particularized circumstances of the individual offense and the individual offender before it can impose a sentence of death." *Id.* at 263, (quoted in Motion, Doc. No. 126, at 43).    *Jurek* in no way commands a procedure such as Petitioner requested at trial.    Nor has Petitioner shown how the procedure actually followed fails to focus on the particular offense as *Jurek* commands.    Here the jury found that the acts committed by Petitioner were proved beyond a reasonable doubt to constitute aggravated murder in two different ways.    *Jurek* does not prohibit the jury from considering both of those grounds of conviction at the sentencing phase.

Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, pp. 11-12.

In his objections, Palmer raises no new legal arguments beyond those made in his prior pleadings.    The federal cases relied upon by Palmer have previously been addressed by the Magistrate Judge and found to be irrelevant to Palmer's claim.    Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Tenth Ground for Relief** is without merit and should be denied.

**F.      The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Twelve since no reasonable jurists would disagree with this Court's determination that the trial court's instruction to the jury during the sentencing phase requiring the jury to be unanimous was not unconstitutional.**

In his Twelfth Ground, Palmer alleged that the trial court erroneously instructed the jury that a sentencing verdict of life imprisonment must be unanimous. Doc. 15, Petition, p. 27. In recommending the denial of a Certificate of Appealability on this claim, the Chief Magistrate Judge concluded that:

> Petitioner does not dispute that that is a correct statement of Ohio law. Instead, in his Motion for Certificate of Appealability he argues that approval of this instruction by the Ohio courts is an unreasonable application of *Mills v. Maryland*, 486 U.S. 367 (1988). In *Mills*, however, the Supreme Court held that a state could not require that a capital sentencing jury be unanimous on the existence of a mitigating factor. However, the instruction at issue here is nothing like that. It quite properly permitted the jurors to consider all the mitigating evidence presented and only required that they find, beyond a reasonable doubt, whether the aggravating circumstances outweighed the mitigating factors. In other words, in contrast to the instruction given in *Mills*, the instruction given here allows each juror to give whatever weight he or she finds appropriate to whatever mitigating factors he or she finds exists. All that is required is that those considerations be cumulated in the ultimate decision of whether, in the unanimous opinion of the jury, the aggravating circumstances outweigh the mitigating factors. The only unanimity the instruction required was unanimity on the ultimate decision, not unanimity on the existence or weight of any particular mitigating factor.

Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, pp. 12-13.

In his objections, Palmer raises no new legal arguments beyond those made in his prior pleadings. The federal law relied upon by Palmer was thoroughly addressed by the Magistrate Judge in his Report and Recommendations and found not to be persuasive with regard to this claim. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or

demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Twelfth Ground for Relief** is without merit and should be denied.

> **G.** **The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Fifteen [sub-claims 15.3, 15.6, 15.8, 15.9, 15.10, 15.11, 15.12, 15.13, 15.14, 15.15, 15.16, 15.17, 15.18, 15.19, 15.20 and 15.22] since no reasonable jurists would disagree with this Court's determination that Palmer's trial counsel were not ineffective.**

In his Fifteenth Ground, Palmer alleged numerous instances of trial counsel's ineffectiveness. Doc. 15, Petition, pp. 28-31. In recommending the denial of a Certificate of Appealability on sub-claims 15.3, 15.6, 15.8, 15.9, 15.10, 15.11, 15.12, 15.13, 15.14, 15.15, 15.16, 15.17, 15.18, 15.19, 15.20 and 15.22, the Chief Magistrate Judge concluded that nine of the sub-claims [15.3, 15.6, 15.11, 15.12, 15.13, 15.16 (limited: failing to object to characterization of jury's verdict as a recommendation), 15.19, 15.20, 15.22] were procedurally defaulted, one of sub-claims [15.10] was abandoned and the remaining sub-claims [15.8, 15.9, 15.14, 15.15, 15.16 (limited: failing to object to unanimity instruction), 15.17, and 15.18] lacked merit. *See*, Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, pp. 13-22. Thus, the Fifteenth Ground did not meet the standard for a Certificate of Appealability since Palmer has failed to show that any of his sub-claims would be debatable among reasonable jurists. *Id*.

Moreover, Palmer raises no new legal arguments beyond those made in his prior pleadings. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how

reasonable jurists would disagree with the Court's determination as to the procedural default rulings or on the merits.

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Fifteenth Ground for Relief** is without merit and should be denied.

> **H.    The Chief Magistrate Judge correctly denied a Certificate of Appealability on Ground Seventeen [sub-claims 17.7, 17.9, 17.12 and 17.13] since no reasonable jurists would disagree with this Court's determination that Palmer's appellate counsel were not ineffective.**

In his Seventeenth Ground, Palmer alleged that his appellate counsel ineffectively represented him in his direct appeal. Doc. 15, Petition, pp. 31-37. In recommending the denial of a Certificate of Appealability on sub-claims 17.7, 17.12 and 17.13, the Chief Magistrate Judge concluded that:

> This Court denied th[ese] sub-claim[s] on the merits as had the Ohio Supreme Court because such a claim necessarily relies upon evidence showing what the expert would have testified to for proof of prejudice. Therefore it could not have been error to have failed to raise this claim on direct appeal as there was no evidence of record to show what such an expert would have testified to.

Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 22. In recommending the denial of a Certificate of Appealability on sub-claim 17.9, the Chief Magistrate Judge concluded that Palmer's appellate counsel were not ineffective for failing to raise the claim that the sentence of life without parole, adopted as law while Palmer's appeal was pending, should apply to his case under the rule of lenity, because "[t]he rule of lenity * * * is not a rule of retroactivity." Doc. 128, October 2, 2006 Report and Recommendations on Certificate of Appealability, p. 23 (citing Doc. 102, December 16, 2005 Report and Recommendations, p. 121).

The Magistrate Judge addressed the merits of these sub-claims and found them meritless because they argued that counsel on direct appeal were defective for reasons that relied upon evidence outside the record – and because evidence outside the record cannot be submitted on direct appeal, there could be no ineffective assistance of appellate counsel for failing to take an action which would have been prohibited.

Beyond this, Palmer raises no new legal arguments beyond those made in his prior pleadings. Palmer does not provide objective grounds for disputing the Magistrate Judge's specific legal and factual findings in rejecting this claim or demonstrate how reasonable jurists would disagree with the Court's determination on the merits.

Accordingly, Palmer's Objection to the denial of a Certificate of Appealability on his **Seventeenth Ground for Relief** is without merit and should be denied.

## IV.    Conclusion and Request for Relief

For all the foregoing reasons, Respondent respectfully requests that the Court overrule Palmer's Objections and adopt the final recommendations of the Magistrate Judge as to the Certificate of Appealability.

Respectfully submitted,

**Jim Petro (0022096)**
**Ohio Attorney General**

s/*Matthew C. Hellman*
**MATTHEW C. HELLMAN (0071628)***
***Trial Counsel*
Assistant Attorney General
Email: mhellman@ag.state.oh.us
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, *Respondent's Memorandum in Opposition to Petitioner's Objections to the Chief Magistrate Judge's October 2, 2006 Report and Recommendations on Certificate of Appealability,* has been forwarded this **6th** day of **November 2006**, via the court's electronic notification system to:

Keith A. Yeazel                           Michael O'Hara
Attorney at Law                         O'Hara, Ruberg, Taylor, Sloan & Sergent
65 South Fifth Street                   209 Suite C Thomas More Park
Columbus, Ohio 43215              Crestview, Kentucky 41017
Email: yeazel@netwalk.com     Email: mohara@ortlaw.com

s/ *Matthew C. Hellman*

**Matthew C. Hellman (0071628)**
Assistant Attorney General